IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, and SYSTEM GENERAL CORPORATION, a Taiwanese corporation,<br><br>    Defendants. | C.A. No. 08-309 |

**POWER INTEGRATIONS, INC.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT; OR, IN THE ALTERNATIVE, MOTION TO DISMISS; OR, MOTION TO STRIKE WILLFULNESS ALLEGATIONS**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247) (marsden@fr.com)
Kyle Wagner Compton (#4693) (kwc@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
Scott Penner
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Dated: July 25, 2008

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   LEGAL STANDARDS ..........................................................................................2

    A.    Motion for a More Definite Statement Under Fed. R. Civ. P. 12(e) ...................................................................................................2

    B.    Pleading Standards Under Fed. R. Civ. P. 8(a)..........................................4

        1.    Notice Pleading Generally ..............................................................4

        2.    Pleading Requirements in Patent Cases ..........................................6

    C.    Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)....................................8

    D.    Motion to Strike Under Fed. R. Civ. P. 12(f) ............................................8

III.  ARGUMENT ..........................................................................................................9

    A.    Power Integrations' Complaint Complies with Notice Pleading Standards, and Fairchild's Motion for a More Definite Statement Must Be Denied. ..........................................................9

    B.    Fairchild Provides No Explanation or Basis for Dismissing the Complaint or Portions Thereof Pursuant to Federal Rule 12(b)(6). ...........................................................................................14

    C.    Fed. R. Civ. P. 12(f) Provides No Basis for Striking Asserted Claims from a Complaint, and Fairchild's Motion to Strike Must Be Denied. ..................................................................................14

IV.   CONCLUSION.....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abbott Laboratories v. Teva Pharmaceuticals USA, Inc.,*
    432 F.Supp.2d 408 (D. Del. 2006)........................................................................8, 15

*Applera Corp. v. Thermo Electron Corp.,*
    2005 WL 524589 (D. Del. Feb. 25, 2005) ........................................................ passim

*Bell Atlantic Corp. v. Twombly,*
    127 S.Ct. 1955 (2007) ........................................................................................ passim

*BIAX Corp. v. Apple Computer, Inc.,*
    C.A. No. 01-601-RRM(GMS)(MPT), slip op. (D. Del. Mar. 14, 2002)..............4, 11

*CBT Flint Partners, LLC v. Goodmail Systems, Inc.,*
    529 F.Supp.2d 1376 (N.D. Ga. 2007) ...................................................................7, 12

*CFMT, Inc. v. YieldUp Int'l Corp.,*
    1996 WL 33140642 (D. Del. Apr. 5, 1996) ...............................................................3

*Conley v. Gibson:,*
    355 U.S. 41 (1957).........................................................................................4, 5, 6, 7

*Erickson v. Pardus,*
    127 S.Ct. 2197 (2007) ..............................................................................................6

*Houlihan v. Sussex Technical School Dist.,*
    461 F.Supp.2d 252 (D. Del. 2006) ...........................................................................3

*Knova Software, Inc. v. Inquira, Inc.,*
    2007 WL 1232186 (D. Del. Apr. 7, 2007) .............................................................8, 14

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,*
    507 U.S. 163 (1993) ..................................................................................................5

*Louisiana Sulphur Carriers, Inc. v. Gulf Resources & Chem. Corp.,*
    53 F.R.D. 458 (D. Del. 1971) ..................................................................................8

*McZeal v. Sprint Nextel Corp.,*
    501 F.3d 1354 (Fed. Cir. 2007).........................................................................7, 8, 10

*Phillips v. County of Allegheny,*
    515 F.3d 224 (3d Cir. 2008).............................................................................6, 8, 9, 14

*Phonometrics, Inc. v. Hospitality Franchise Systems. Inc.*,
203 F.3d 790 (Fed. Cir. 2000)........................................................................6, 7

*Pinker v. Roche Holdings Ltd.*,
292 F.3d 361 (3d Cir. 2002)..............................................................................8

*Plaum v. Jefferson Pilot Fin. Ins. Co.*,
2004 WL 2980415 (E.D. Pa. Dec.22, 2004) .....................................................8

*R2 Tech., Inc. v. Intelligent Sys. Software, Inc.*,
2002 WL 31260049 (D. Del. Oct. 9, 2002) ...............................................7, 9, 11

*Scriptgen Pharms., Inc. v. 3-Dimensional Pharms., Inc.*,
C.A. No. 98-583-GMS, slip op. (D. Del. Feb. 22, 1999).............................7, 11

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506 (2002)..........................................................................................5

*Symbol Techs., Inc. v. Hand Held Prods., Inc.*,
2003 WL 22750145 (D. Del. Nov. 14, 2003) ...........................................3, 5, 9, 11

*Taltwell, LLC v. Zonet USA Corp.*,
2007 WL 4562874 (E.D. Va. Dec. 20, 2007) ....................................................7

*Thomson S.A. v. Time Warner, Inc.*,
C.A. No. 94-83-LON, slip op. (D. Del. June 2, 1994).............................. passim

*U.S. v. Board of Harbor Commissioners*,
73 F.R.D. 460 (D. Del. 1977) ......................................................................3, 13

*Wheeler v. U.S. Postal Service*,
120 F.R.D. 487 (M.D. Pa. 1987).................................................................4, 11


**OTHER AUTHORITIES**

2 James Wm. Moore et al., *Moore's Federal Practice* § 12.36[3] (3d ed. 1997)............................3

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004) ...........................................................................................................8

Fed. R. Civ. P. 8 .......................................................................................... passim

Fed. R. Civ. P. 9(b) ...........................................................................................5

Fed. R. Civ. P. 12(b)(6).................................................................................1, 8, 14

Fed. R. Civ. P. 12(e) ..................................................................................... passim

Fed. R. Civ. P. 12(f) .................................................................................................1, 8, 14, 15

Fed. R. Civ. P. 84 ...............................................................................................................7

## I.    INTRODUCTION

In their Motion for a More Definite Statement; or in the Alternative, Motion to Dismiss; or Motion to Strike Willfulness Allegations [D.I. 14], defendants Fairchild Semiconductor, Inc., Fairchild Semiconductor Corp., and Fairchild's wholly owned subsidiary System General Corp. ("System General" or "SG") (collectively "Fairchild") — all adjudged infringers of Power Integrations, Inc.'s ("Power Integrations") patents — do not deny their past and continuing infringement. Nor do they address the fact that Fairchild bought System General after the Delaware Jury verdict finding Fairchild to be a willful infringer. Instead, Fairchild continues its willful infringement of Power Integrations' frequency jitter patents, but now with products labeled as "SG" parts.

Fairchild persist with its strategy of delaying the day of reckoning while continuing to profit from its infringement by now advancing a hypertechnical and unsupported motion that seeks to require Power Integrations to amend its complaint to tell Fairchild what it already knows — what constitutes infringement of the jitter patents — and to provide information not required under the liberal notice pleading standard of Fed. R. Civ. P. 8. In the alternative, Fairchild requests, without providing any substantive support, that Power Integrations' complaint be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), or that Power Integrations' allegations of willful infringement be stricken pursuant to Fed. R. Civ. P. 12(f). [D.I. 14.]

Notwithstanding the sweeping relief demanded in its Motion, Fairchild's Memorandum in support sets forth no legal standard and provides no analysis to justify its request for relief under Rules 12(b)(6) or 12(f). Accordingly, the Court should summarily deny Fairchild's requests for both dismissal and to strike portions of Power Integrations' complaint.

Fairchild's Memorandum addresses only its request for a more definite statement under Fed. R. Civ. P. 12(e), arguing that Power Integrations' complaint fails to comply with the

pleading standards articulated with regard to antitrust claims in the recent decision in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). Even assuming *Twombly* changed the relevant pleading standard – and it did not – Fairchild cites no authority applying the alleged enhanced standard to a patent infringement action like this one. In fact, Fairchild ignores Third Circuit case law holding that *Twombly* has **not** changed notice pleading requirements generally, and Federal Circuit case law holding that *Twombly* has **not** changed notice pleading requirements for patent infringement cases. Because Power Integrations' complaint fully complies with the pleadings standards consistently required by this Court, as recently reiterated and reaffirmed by the Federal Circuit, the Court should deny Fairchild's request for a more definite statement and permit the parties to move forward with the substance of this case.

## II.      LEGAL STANDARDS

### A.      Motion for a More Definite Statement Under Fed. R. Civ. P. 12(e)

The Federal Rules of Civil Procedure require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Courts have interpreted this rule to mean that the motion should only be granted where the pleading is unintelligible or the issues cannot be determined." *Applera Corp. v. Thermo Electron Corp.*, 2005 WL 524589, at *1 (D. Del. Feb. 25, 2005) (citations omitted). *See also* Ex. A,[1] *Thomson S.A. v. Time Warner, Inc.*, C.A. No. 94-83-LON, slip op. at 2 (D. Del. June 2, 1994) ("Rule 12(e) is plainly designed to strike at unintelligibility rather than want of detail. If the pleading meets the requirements of

---

[1]    Unless otherwise specified, all cited exhibits are attached to the concurrently-filed Declaration of Kyle Wagner Compton.

Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted.") (citations omitted).  Consequently, "Rule 12(e) motions are typically disfavored," and relief is only granted in "rare case[s]." *Houlihan v. Sussex Technical School Dist.*, 461 F.Supp.2d 252, 262 (D. Del. 2006) (citations omitted).

Motions for a more definite statement are viewed with particular disfavor "where the information sought by the motion could easily be obtained by discovery." *Applera*, 2005 WL 524589 at *1 (citations omitted).[2]  In addition, this Court has observed in at least one opinion that "courts have been reluctant to grant motions for a more definite statement in patent cases." Ex. A, *Thomson*, C.A. No. 94-83-LON, slip op. at 4.

When considering a motion under Rule 12(e), a defendant's actual knowledge of the bases for asserted claims is taken into account.  "Given the courts' reluctance to allow Rule 12(e) motions as a substitute for discovery, the motion is even less well received when the movant simply seeks particularization of facts already known to it. . . . If the movant's existing knowledge enables it to file a responsive pleading, the court will often deny the motion even if the pleading arguably fits the 'vague and ambiguous' Rule 12(e) standard." 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.36[3] (3d ed. 1997). *See also Applera*, 2005 WL 524589,

---

[2]   *See also Houlihan*, 461 F.Supp.2d at 262 (denying motion for more definite statement noting that "[t]o the extent that further development of Plaintiff's allegations is required, the Court concludes that such additional details are the appropriate subject of discovery"); *Symbol Techs., Inc. v. Hand Held Prods., Inc.*, 2003 WL 22750145, at *3 (D. Del. Nov. 14, 2003) (denying motion for more definite statement noting that "[t]he purpose, however, of Rule 12(e) is not to make it easier for the moving party to prepare its case. . . . Consequently, the court finds that traditional mechanisms of discovery are the proper tools to refine the scope of this litigation"); *CFMT, Inc. v. YieldUp Int'l Corp.*, 1996 WL 33140642, at *2 (D. Del. Apr. 5, 1996) (denying motion for more definite statement noting "[i]t is well recognized that where a party is able to discharge his pleading obligations under the Federal Rules of Civil Procedure, a Rule 12(e) motion made to obtain a *better* affirmative pleading, thus enabling the moving party to provide a more enlightened or accurate response, will be denied, particularly if the matter sought is a proper subject for discovery") (emphasis in original); *U.S. v. Board of Harbor Commissioners*, 73 F.R.D. 460, 462 (D. Del. 1977) (denying motion for more definite statement noting that "[d]efendants' motion for a more definite statement is really an effort to 'flesh out' the [plaintiff's] case; as such it is a misuse of Rule 12(e)").

at *1 n.3 (denying motion for more definite statement in part because defendant's knowledge of

prior litigation "will inevitably inform the claims and defenses in the present case"); Ex. B, *BIAX*

*Corp. v. Apple Computer, Inc.*, C.A. No. 01-601-RRM(GMS)(MPT), slip op. (D. Del. Mar. 14,

2002) (denying motion for more definite statement where plaintiff informally specified its

complaint was limited to a general class of products); *Wheeler v. U.S. Postal Service*, 120 F.R.D.

487, 488 (M.D. Pa. 1987) (denying motion for more definite statement in part because "the

information sought by the defendant concerning the extent and nature of the plaintiffs' . . . claims

is within the defendant's knowledge").

**B.    Pleading Standards Under Fed. R. Civ. P. 8(a)**

**1.    Notice Pleading Generally**

The Supreme Court has interpreted Fed. R. Civ. P. 8(a) as setting forth a liberal "notice

pleading" standard that does not require recitation of specific facts.  Perhaps the most famous

statement of this standard appears in *Conley v. Gibson*:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in
> detail the facts upon which he bases his claim.  To the contrary, all the Rules
> require is 'a short and plain statement of the claim' that will give the defendant
> fair notice of what the plaintiff's claim is and the grounds upon which it rests.
> The illustrative forms appended to the Rules plainly demonstrate this.  Such
> simplified 'notice pleading' is made possible by the liberal opportunity for
> discovery and the other pretrial procedures established by the Rules

355 U.S. 41, 47-48 (1957) (quoting Fed. R. Civ. P. 8(2)(a)).  Federal Courts, including this

Court, have frequently cited the *Conley* Court's statement as setting forth the requirements of

notice pleading under Rule 8.[3]  The *Conley* standard has been reinforced by subsequent Supreme

Court opinions rejecting the imposition of heightened pleading standards.[4]

More recently, the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955

(2007), revisited the Federal Rules' notice pleading standards under Rule 8(a)(2).  The *Twombly*

Court again reiterated and reaffirmed the standard articulated in *Conley. Id.* at 1964.[5]  Although

the *Twombly* Court agreed that a complaint does not require detailed factual allegations, it

rejected the notion that the Federal Rules dispensed with the pleading of facts altogether. *Id.* at

1965 n.3.  Clarifying, the Court held that "[f]actual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all the allegations in the complaint are

true (even if doubtful in fact.)" *Id.* at 1965 (internal citations omitted).

Speaking in terms of a "plausibility standard," the *Twombly* Court held that a complaint

requires "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

However, the Court also emphasized that its opinion did not alter the notice pleading standard by

requiring heightened fact pleading of specifics. *Id.*  Like the *Conley* Court, the *Twombly* Court

---

[3]   *See, e.g., Symbol*, 2003 WL 22750145, at *3 ("It is established law that liberal pleading requirements are designed to put the parties on notice generally as to the nature of the cause of action. . . . it is through the discovery process that parties refine and focus their claims." (citing *Conley*)).

[4]   *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.  Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake.  This Court, however, has declined to extend such exceptions to other contexts."); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) ("[I]t is impossible to square the 'heightened pleading standard' applied by the Fifth Circuit in this case with the liberal system of 'notice pleading' set up by the Federal Rules.  Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief.").

[5]   The *Twombly* Court also revisited the applicable standard for deciding a motion to dismiss for insufficiency of pleadings, rejecting the literal reading of a rule articulated in *Conley* that a complaint should not be dismissed unless a plaintiff can prove "no set of facts" in support of his claim.  127 S.Ct. at 1968-1970.  Discussion of this aspect of the *Twombly* opinion is unnecessary for purposes of this Motion.

referred to the form complaints appended to the Federal Rules with approval as illustrative of adequate notice pleading. *Id.* at 1970 n.10.

Following *Twombly*, Courts have reiterated that the liberal notice pleading standard articulated in *Conley* remains applicable. Two weeks after issuing its opinion in *Twombly*, the Supreme Court cited *Conley* for the traditional proposition that "[s]pecific facts are not necessary [to satisfy Rule 8]"; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197 at 2200 (2007) (quoting *Twombly's* quotation from *Conley*) (omission in original). Subsequently, the Third Circuit has held that "the notice pleading standard of Rule 8(a)(2) remains intact," interpreting *Twombly's* formulation of the notice pleading standard as requiring only "a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 233-34 (3d Cir. 2008) (internal quotations and citations omitted).

## 2.    Pleading Requirements in Patent Cases

The Federal Circuit has held that basic notice pleading standards apply to complaints for patent infringement. *Phonometrics, Inc. v. Hospitality Franchise Systems. Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). The *Phonometrics* Court enumerated what is needed to meet the standard: "[the] complaint alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked." *Id.*[6]

---

[6]    This Court has applied essentially the same standard. *See, e.g.,* Ex. A, *Thomson*, C.A. No. 94-83-LON, slip op. at 3.

The Federal Circuit revisited the pleading requirements for patent infringement complaints in light of *Twombly* in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Citing the approval of the Federal Rules' form complaints expressed in both *Twombly* and *Conley*, the *McZeal* court held that a complaint, to satisfy the notice pleading standard of Rule 8, requires no more specificity than Form 16,[7] the form complaint for patent infringement. *Id.* at 1356-57.[8] Reaffirming the pleading standard of *Phonometrics*, the court found that the patent infringement complaint at issue satisfied Rule 8 because it: 1) asserted ownership of the patent; 2) named the defendants; 3) cited the asserted patent as allegedly infringed; 4) described, in general terms, the means by which the defendant allegedly infringes; and 5) pointed to the specific parts of the patent law invoked. *Id.* at 1357.

For the reasons articulated in *McZeal*, district courts have declined to impose enhanced pleading standards upon complaints for patent infringement. *See Taltwell, LLC v. Zonet USA Corp.*, 2007 WL 4562874, at *14 (E.D. Va. Dec. 20, 2007) (finding complaint sufficient applying the five *McZeal* factors); *CBT Flint Partners, LLC v. Goodmail Systems, Inc.*, 529 F.Supp.2d 1376, 1380 (N.D. Ga. 2007) (finding complaint sufficient because it was not appreciably different from Form 16, citing language of Fed. R. Civ. P. 84 that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate").

---

[7]    Following amendments effective December 1, 2007, the form patent infringement complaint has been renumbered Form 18.
[8]    This Court has also cited the Federal Rules' form patent infringement complaint with approval. *See R2 Tech., Inc. v. Intelligent Sys. Software, Inc.*, 2002 WL 31260049, at *3 (D. Del. Oct. 9, 2002); Ex. C, *Scriptgen Pharms., Inc. v. 3-Dimensional Pharms., Inc.*, C.A. No. 98-583-GMS, slip op. at 3 (D. Del. Feb. 22, 1999).

### C.    Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) is a "purely procedural question not pertaining to patent law," governed by the law of the regional circuit. *McZeal*, 501 F.3d at 1355-56 (applying regional circuit law in reviewing dismissal of a patent infringement complaint for failure to comply with pleading requirements of Rule 8). When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). The burden of showing that a party has failed to state a claim upon which relief may be granted rests on the movant. *Knova Software, Inc. v. Inquira, Inc.*, 2007 WL 1232186, at *1 (D. Del. Apr. 7, 2007).

### D.    Motion to Strike Under Fed. R. Civ. P. 12(f)

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike under Rule 12(f) "is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at 391 (3d ed. 2004). Rule 12(f) motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties or if the allegations confuse the issues. . . . It is thus a drastic remedy to be resorted to only when required for the interests of justice." *Abbott Laboratories v. Teva Pharmaceuticals USA, Inc.*, 432 F.Supp.2d 408, 432 n.21 (D. Del. 2006) (quoting *Plaum v. Jefferson Pilot Fin. Ins. Co.*, 2004 WL 2980415, at *2 (E.D. Pa. Dec.22, 2004). *See also Louisiana Sulphur Carriers, Inc. v. Gulf Resources & Chem. Corp.*, 53 F.R.D. 458, 460 (D. Del. 1971) ("[Motions to strike are] not favored because of their dilatory character

and tendency to create piecemeal litigation, [and] are often denied even when technically correct and well-founded.").

## III.    ARGUMENT

### A.    Power Integrations' Complaint Complies with Notice Pleading Standards, and Fairchild's Motion for a More Definite Statement Must Be Denied.

In moving for a more definite statement under Fed. R. Civ. P. 12(e), Fairchild argues that "Power Integrations must amend its complaint and identify (i) the accused products, (ii) the asserted claims, (iii) the allegedly infringing activities of each Defendant, and (iv) the basis for its allegations that this infringement was willful." [D.I. 15 at 5-6.] *Twombly*, however, prescribes no categorical pleading requirements whatsoever, and it certainly does not specify that a complaint for patent infringement must disclose the information Fairchild demands. Indeed, Fairchild cites no authority for imposing such requirements.

Pre-*Twombly* decisions from this Court and others have held that complaints for patent infringement need only comply with the notice pleading standard of Rule 8, and have explicitly found that minimal disclosures lacking the detail Fairchild demands comply with that standard. In *Thomson S.A. v. Time Warner Inc.*, defendants moved for a more definite statement pursuant to Rule 12(e), requesting that the plaintiff "specify which of the 322 claims of the four patents involved in the suit are infringed and by which of the Defendants' products." Ex. A, C.A. No. 94-83-LON, slip op. at 1. The Court denied the defendants' motion, holding that the plaintiff's complaint was sufficient under the notice pleading requirements of Rule 8. *See also Applera Corp.*. at *1; *Symbol Techs.*, 2003 WL 22750145 at *3; *R2 Tech.*, 2002 WL 31260049 at *2-3.

As noted above, following *Twombly*, the Third Circuit has reaffirmed that "the notice pleading standard of Rule 8(a)(2) remains intact." *Phillips*, 515 F.3d at 233. The Federal Circuit has similarly reaffirmed that the notice pleading standard of Rule 8(a)(2) remains intact with

respect to complaints for patent infringement, and that minimal allegations are sufficient to comply with that standard. *McZeal*, 501 F.3d at 1356-57. In short, *Twombly* has not altered the basic notice pleading standard for patent infringement.

Power Integrations' complaint contains all of the elements this Court and the Federal Circuit have repeatedly found sufficient under Rule 8. Like the complaints challenged (and found sufficient) in the cases outlined above, Power Integrations' complaint includes a statement of jurisdiction [D.I. 1 at ¶¶ 6-8] and a demand for relief [*id.* at 5]; it asserts that Power Integrations owns the patents-in-suit [*id.* at ¶¶ 12, 18, & 24]; it puts the defendants on notice that they are being sued in a patent infringement action involving three specific patents [*id.* at ¶¶ 11-27]; it specifies which parts of the patent law are implicated and by what conduct the defendants have allegedly infringed each patent, i.e. by making, using, offering to sell, selling, and importing infringing products, and by contributing to and inducing others to infringe. [*Id.* at ¶¶ 10, 13, 19, & 25.] Power Integrations' complaint also goes further – which Fairchild's motion ignores entirely in suggesting that any of thousands of Fairchild products might be at issue – and identifies the specific subset of products at issue in this case as pulse width modulation ("PWM") integrated circuit devices. [*Id.* at ¶ 10, 13, 19, and 25.] Accordingly, Power Integrations' complaint meets the notice pleading requirements of Rule 8.

In addition to its unsupported assertion that *Twombly* requires greater disclosure, Fairchild attempts to support its Rule 12(e) motion by citing a mish-mash of case law from other jurisdictions. Fairchild cites three half-century-old district court cases to assert that past "general practice" required enhanced pleading in patent cases, and speculating that, in light of *Twombly*, such enhanced disclosure "appears proper." [D.I. 15 at 10.] Fairchild's position is without merit, because the relevant, binding authority is contrary to the relief Fairchild seeks.

Fairchild was forced to resort to other district court cases because this Court has repeatedly considered and rejected requests like Fairchild's for additional disclosure in patent complaints. *See Applera*, 2005 WL 524589; *Symbol Techs.*, 2003 WL 22750145; *R2 Tech.*, 2002 WL 31260049 at *2-3; Ex. B, *BIAX*, C.A. No. 01-601-RRM(GMS)(MPT); Ex. C, *Scriptgen*, C.A. No. 98-583-GMS; Ex. A, *Thomson*, C.A. No. 94-83-LON. This Court's opinions in *Applera, R2 Tech.*, and *Thomson* are particularly instructive because they are directly analogous to this case, in terms of both the defendants' requested disclosure and the sufficiency of the allegations of the plaintiffs' complaints. The Court should similarly deny Fairchild's request for a more definite statement.

The Court should also deny Fairchild's motion because Fairchild already possesses much of the information that it argues must be disclosed in Power Integrations' complaint. *See Applera*, 2005 WL 524589, at *1 n.3 (denying motion for more definite statement in part because defendant's knowledge of prior litigation "will inevitably inform the claims and defenses in the present case"); Ex. B, *BIAX*, C.A. No. 01-601-RRM(GMS)(MPT) (denying motion for more definite statement where plaintiff informally specified its complaint was limited to a general class of products); *Wheeler*, 120 F.R.D. at 488 (denying motion for more definite statement in part because "the information sought by the defendant concerning the extent and nature of the plaintiffs' . . . claims is within the defendant's knowledge").

Fairchild complains that it cannot possibly frame a response because it would be required to analyze "literally thousands of different products" that it sells before it could respond to Power Integrations' complaint [D.I. 15 at 8], yet Fairchild acknowledges that Power Integrations has already identified the specific classes of products — those utilizing "frequency jitter" and/or an output power limit feature using a variable current limit signal (sometimes referred to as a

"Vlimit ramp") — accused of infringement. [D.I. 15 at 1, 4 and Ex. 9 thereto.]  In view of

Fairchild's admissions and the explicit statements in the complaint that this case is directed to

PWM ICs, [D.I. 1 at ¶¶ 10, 13, 19, and 25], Fairchild's present objections are unfounded, and the

Court should order Fairchild to respond immediately to permit the parties to move this case

forward.  As the court in *CBT Flint Partners* noted, "[a]lthough the Defendant contends that it

has no idea how to formulate a responsive pleading, a 'denial' is a good place to start." 529 F.

Supp.2d at 1380.[9]

Fairchild also complains that "it is unreasonable" that it might be required to analyze

patent claims "that Power Integrations has no basis or intention to assert" [D.I. 15 at 11], yet it

acknowledges that Power Integrations has already identified representative claims.  [D.I. 15 at 4

and Ex. 9 thereto.]  Fairchild also complains that it has no idea of the basis for Power

Integrations' allegations of willful infringement of two of the three patents-in-suit [D.I. 15 at 13],

despite jury verdicts finding Fairchild a willful infringer of the very same patents.  [Ex. D, *Power

Integrations v. Fairchild*, C.A. No. 04-1371-JJF, D.I. 415 (infringement verdict).]

Notwithstanding its protestations to the contrary, Fairchild can easily connect those dots.

Fairchild also argues that a more definite statement is appropriate here because the parties

have previously litigated infringement and validity of the same patents [D.I. 15 at 14], but this

Court has previously rejected that same argument, acknowledging the practical reality that the

experiences of past litigation, in addition to the allegations of the complaint itself, inform a

defendant's understanding of asserted claims. *Applera*, 2005 WL 524589, at *1 n.3 (disagreeing

with the argument that prior litigation involving the same patent "makes it all the more important

for the plaintiffs to identify which of [the defendant's] products or processes allegedly infringe"

---

[9]    Of course, given that Fairchild is an adjudicated willful infringer, its inability in good faith to deny certain conduct may be, in part, the motivation for its present motion.

because "the prior litigation will inevitably inform the claims and defenses in the present case"). The same reasoning applies fully here; the Court should not permit Fairchild to feign ignorance of the facts that (1) the validity of two of Power Integrations' asserted patents has been affirmed at trial and (2) Fairchild has previously been adjudged a willful infringer of those same patents.

In closing, Fairchild argues that the Court should provide the relief requested because "there is no burden or prejudice for Power Integrations to provide information." [D.I. 15 at 14-15.] Even if true, Fairchild's argument is irrelevant. Power Integrations' complaint is not deficient, and Power Integrations is under no obligation to provide additional disclosure in its complaint. The parties are well familiar with the means of investigating the details of each others' theories through the discovery process under the framework this Court provides, and irrespective of whether gratuitous disclosure in a complaint would burden or prejudice Power Integrations, Fairchild should not be permitted to seek to "flesh out" Power Integrations' case through improper and dilatory use of Rule 12(e). *Harbor Commissioners*, 73 F.R.D. at 462. The information Fairchild seeks is properly the subject of discovery and, as Power Integrations has already assured Fairchild in its June 30, 2008 letter, "will be identified in due course."[10] [D.I. 15 at 4 and Ex. 9 thereto.] Because there is no legal basis for the relief Fairchild requests, Fairchild's motion for a more definite statement should be denied.

---

[10]    When Fairchild demanded what amounts to full discovery into and explication of Power Integrations' claims in advance of filing its answer, Power Integrations responded and explained why it would not name products in the complaint—because, during the first case, Fairchild attempted to hide its infringing activity and made the outrageous claim that it was entitled to do so because parts with a certain suffix (that in no way related to the relevant circuitry) "were not accused". The Court ultimately rejected this assertion, but Power Integrations had to expend significant resources to overcome Fairchild's intransigence on this point. The Court and Power Integrations should not be subjected to that sort of gamesmanship again in this case, and Power Integrations reiterates that any Fairchild or SG PWM ICs with frequency jitter circuitry or which use a "variable current limit signal" are at issue, regardless of the name(s) or suffix(es) Fairchild affixes to the parts in its apparently never-ending game of hide the ball.

**B.    Fairchild Provides No Explanation or Basis for Dismissing the Complaint or Portions Thereof Pursuant to Federal Rule 12(b)(6).**

In its Motion, Fairchild moves the court "pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing the Complaint in its entirety as insufficient to state a claim upon which relief can be granted." [D.I. 14.]  However, the sum of Fairchild's analysis of Rule 12(b)(6) in its Memorandum is a single sentence: "the Court should dismiss Power Integrations' allegations of willful infringement pursuant to Federal Rule of Civil Procedure 12(b)(6)." [D.I. 15 at 14.]  The Court should give Fairchild's Rule 12(b)(6) request the corresponding amount of attention it deserves.

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233.  The burden of demonstrating that a party has failed to state a claim upon which relief may be granted rests on the movant. *Knova*, 2007 WL 1232186, at *1.  As noted above, Fairchild has already been found by a jury to have willfully infringed two of Power Integrations' three asserted patents-in-suit.  Construing the facts in Power Integrations' favor, Power Integrations' entitlement to relief is apparent, and Fairchild's request that Power Integrations' willfulness allegations be dismissed should be denied.  Further, because Fairchild has not set forth any basis for dismissing Power Integrations' complaint in its entirety, Fairchild has failed to carry its burden, and its request should be denied on that basis as well.

**C.    Fed. R. Civ. P. 12(f) Provides No Basis for Striking Asserted Claims from a Complaint, and Fairchild's Motion to Strike Must Be Denied.**

In its Motion, Fairchild also moves the court "to strike the allegations of willful infringement from the Complaint, pursuant to Fed. R. Civ. P. 12(f) as insufficient as a matter of law." [D.I. 14.]  As with the requested relief under Rule 12(b)(6), though, the sole reference to

striking matter in Fairchild's Memorandum is a single sentence, and one unrelated to willful infringement at that: "since there is no claim of the requisite knowledge, the Court should strike the allegations of indirect infringement." [D.I. 15 at 12.]

Fed. R. Civ. P. 12(f) permits a court to strike "an insufficient defense" or "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. By its terms, Rule 12(f) provides no basis for striking asserted claims from a complaint, and Fairchild has not argued that any of the matter in Power Integrations' complaint is "redundant, immaterial, impertinent, or scandalous." Indeed, Fairchild has provided no analysis of, nor any basis for, the application of Rule 12(f) here. Given that Rule 12(f), on its face, is inapposite, and that motions to strike are a disfavored, drastic remedy, *see, e.g., Abbott Labs*, 432 F. Supp. 2d at 432 n.21, the Court should deny Fairchild's motion to strike.

## IV.    CONCLUSION

The Court should deny Fairchild's motion in its entirety and direct Fairchild to immediately answer Power Integrations' complaint for patent infringement so that the parties can move this case toward resolution.

Dated:  July 25, 2008          FISH & RICHARDSON P.C.

By: _____

William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607
Email:  marsden@fr.com
       kwc@fr.com

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
Scott Penner
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

**ATTORNEYS FOR PLAINTIFF**
**POWER INTEGRATIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008, I electronically filed with the Clerk of Court

POWER INTEGRATIONS, INC.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION

FOR A MORE DEFINITE STATEMENT; OR, IN THE ALTERNATIVE, MOTION TO

DISMISS; OR, MOTION TO STRIKE WILLFULNESS ALLEGATIONS using CM/ECF

which will send electronic notification of such filing(s) to the following counsel.  In addition, the

filing will also be sent via hand delivery:

Steven J. Balick                         Attorney for Defendant
John G. Day                              System General Corporation, Fairchild
Lauren E. Maguire                        Semiconductor International, Inc.,
500 Delaware Avenue, 8th Floor           Fairchild Semiconductor Corporation
Wilmington, DE  19801


I hereby certify that on July 25, 2008, I have mailed by electronic mail and the United

States Postal Service, the document(s) to the following non-registered participants:

G. Hopkins Guy, III                      Attorney for Defendant
Orrick, Herrington & Sutcliffe, LLP      System General Corporation, Fairchild
1000 Marsh Road                          Semiconductor International, Inc.,
Menlo Park, CA  94025                    Fairchild Semiconductor Corporation


_____
Kyle Wagner Compton

50499629.doc