IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, and SYSTEM GENERAL CORPORATION, a Taiwanese corporation, <br><br> Defendants. | C.A. No. 08-309 |

**DECLARATION OF KYLE WAGNER COMPTON IN SUPPORT OF POWER INTEGRATIONS, INC.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT; OR, IN THE ALTERNATIVE, MOTION TO DISMISS; OR, MOTION TO STRIKE WILLFULNESS ALLEGATIONS**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247) (marsden@fr.com)
Kyle Wagner Compton (#4693) (kwc@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
Scott Penner
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

Dated: July 25, 2008

I, Kyle Wagner Compton, declare as follows:

1.      I am an attorney at Fish & Richardson P.C., counsel of record in this action for Plaintiff Power Integrations, Inc. ("Power Integrations"). I am a member of the Bar of the State of Delaware and of this Court. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so;

2.      Attached as Exhibit A is a true and correct copy of an unpublished order in *Thomson S.A. v. Time Warner, Inc.*, C.A. No. 94-83-LON, slip op. (D. Del. June 2, 1994);

3.      Attached as Exhibit B is a true and correct copy of an unpublished order in *BIAX Corp. v. Apple Computer, Inc.*, C.A. No. 01-601-RRM(GMS)(MPT), slip op. (D. Del. Mar. 14, 2002);

4.      Attached as Exhibit C is a true and correct copy of an unpublished order in *Scriptgen Pharms., Inc. v. 3-Dimensional Pharms., Inc.*, C.A. No. 98-583-GMS, slip op. (D. Del. Feb. 22, 1999);

5.      Attached as Exhibit D is a true and correct copy of the October 10, 2006 jury verdict form entered as D.I. 415 in *Power Integrations v. Fairchild*, C.A. No. 04-1371-JJF.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of July, 2008, at Wilmington, Delaware.

Kyle Wagner Compton

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008, I electronically filed with the Clerk of Court

DECLARATION OF KYLE WAGNER COMPTON IN SUPPORT OF POWER

INTEGRATIONS, INC.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR A

MORE DEFINITE STATEMENT; OR, IN THE ALTERNATIVE, MOTION TO DISMISS;

OR, MOTION TO STRIKE WILLFULNESS ALLEGATIONS using CM/ECF which will send

electronic notification of such filing(s) to the following counsel.  In addition, the filing will also

be sent via hand delivery:

Steven J. Balick                          Attorney for Defendant
John G. Day                               System General Corporation, Fairchild
Lauren E. Maguire                         Semiconductor International, Inc.,
500 Delaware Avenue, 8th Floor            Fairchild Semiconductor Corporation
Wilmington, DE  19801


I hereby certify that on July 25, 2008, I have mailed by electronic mail and the United

States Postal Service, the document(s) to the following non-registered participants:

G. Hopkins Guy, III                       Attorney for Defendant
Orrick, Herrington & Sutcliffe, LLP      System General Corporation, Fairchild
1000 Marsh Road                           Semiconductor International, Inc.,
Menlo Park, CA  94025                     Fairchild Semiconductor Corporation


_____
Kyle Wagner Compton

80064220.doc

# Exhibit A

6

**WJM COPY**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE          FILED

JUN 3   11 27 AM '94

THOMSON S.A.,                )
                             )
              Plaintiff,     )     Civil Action No. 94-83-LON
                             )
         vs.                 )
                             )
TIME WARNER, INC., et al,    )
                             )
              Defendants.    )     O R D E R

        1.   This is a patent infringement action in which
Plaintiff, Thomson S.A. ("Thomson"), alleges that the Defendants
infringe one or more claims of four specified patents related to
audio compact discs.  Docket Item ("D.I.") 1.  Presently before
the Court are Defendants' motions for a more definite statement
pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.
D.I. 59.  Particularly, Defendants are requesting that the
Plaintiff specify which of the 322 claims of the four patents
involved in the suit are infringed and by which of the
Defendants' products.

        2.   Federal Rule of Civil Procedure 12(e) provides, in
part:  "If a pleading to which a responsive pleading is permitted
is so vague or ambiguous that a party cannot reasonably be
required to frame a responsive pleading, the party may move for a
more definite statement before interposing a responsive
pleading."  Fed. R. Civ. P. 12(e).  Essentially, Defendants argue
that without specifying which patent claims are allegedly
infringed and the products which allegedly infringe them, the
complaint is so vague and ambiguous that it does not provide fair

notice of Plaintiff's claims and cannot be responded to in its present form.

3.    Whether to grant or deny a motion for a more definite statement is within the discretion of the district court.  2A James W. Moore et al., <u>Moore's Federal Practice</u>, § 12.18[1] (1994) ("the granting of a motion for a more definite statement is within the district court's discretion") (footnote omitted); Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 1377 (1990).  Courts, however, have generally looked upon such motions with disfavor.  <u>Schaedler v. Reading Eagle Publications, Inc.</u>, 370 F.2d 795, 798 (3d Cir. 1967) (motion for more definite statement should be granted only in "rare" case); <u>see also</u> <u>Wilson v. United States</u>, 585 F. Supp. 202, 205 (M.D. Pa. 1984); 2A <u>Moore's Federal Practice</u>, § 12.18[1] ("the granting of a motion for a more definite statement is . . . not favored") (footnotes omitted); <u>Federal Practice and Procedure</u>, § 1377 (motions for more definite statement under Rule 12(e) are disfavored and are granted infrequently).  Moreover, Rule 12(e) "is plainly designed to strike at unintelligibility rather than want of detail.  If the pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted."  2A <u>Moore's Federal Practice</u>, § 12.18[1] (1994) (footnotes omitted); <u>see also</u> <u>United States v. Board of Harbor Comm'rs</u>, 73 F.R.D. 460, 462 (D. Del. 1977).

2

3.    Rule 8 of the Federal Rules of Civil Procedure requires that, in addition to a statement of jurisdiction and a demand for relief, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed R. Civ. P. 8.  This requirement does not change in a patent infringement action.  Federal Practice and Procedure § 1251 ("In drafting the complaint in an infringement action, plaintiff must identify the patent that has been infringed and indicate in what manner the patent has been encroached upon; however, no special level of particularity of the statement is required.") (footnotes omitted).

4.    It is clear that the complaint in this case complies with the mandates of Rule 8.  In addition to a statement of jurisdiction and a demand for relief, the complaint plainly states a cause of action for patent infringement, showing that it is entitled to relief.  Specifically, the complaint puts Defendants on notice that they are being sued in a patent infringement action involving four specific patents.  Moreover, the complaint clearly alleges which patents each Defendant is accused of infringing and specifies by what conduct each Defendant has allegedly infringed each patent, i.e. by making and selling infringing products, by selling infringing products or by inducing others to infringe.  See D.I. 1.  Thus, the Court finds that the complaint meets the requirements of Rule 8. Accordingly, the complaint is not so vague or ambiguous so as to

prevent the Defendants from reasonably framing a responsive pleading under Rule 12(e).

5. Courts have also consistently denied motions for a more definite statement where the information sought by the motion could easily be obtained through discovery. In re Gas Reclamation, Inc., 659 F. Supp. 493, 521 (S.D.N.Y. 1987); 2A Moore's Federal Practice, § 12.18[1]; Federal Practice and Procedure, § 1377. In the present case, the information sought by the Defendants can easily be obtained through discovery.

6. Finally, the Court notes that other courts have been reluctant to grant motions for a more definite statement in patent cases, such as the one at hand. See, e.g., Lert v. A.C. Nielsen Co., 1993 U.S. Dist. LEXIS 4235 (N.D. Ill. Mar. 31, 1993); Intel Corp. v. Hyundai Elecs. America, Inc., 1987 U.S. Dist. LEXIS 14727 Nov. 23, 1987); Wright & Miller, Federal Practice and Procedure, § 1377 at 611-14 (1990) ("[I]n a patent infringement action, it should not be necessary to specify the claims of originality on which plaintiff intends to rely at trial, or to give details of the respects in which defendant has infringed the patent.").

NOW, THEREFORE, IT IS ORDERED that:

1. Defendants' motions for a more definite statement are DENIED.

2. Defendants are to answer Plaintiff's complaint within twenty days from the date of this order.

3.  A Rule 16 scheduling conference is scheduled for June 30, 1994, at 11:00 a.m..

6/2/94

Joseph J. Longobardi, D.J.

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

BIAX CORPORATION, a Colorado
corporation,

               Plaintiff,

       v.

APPLE COMPUTER, INC., et al.,

            Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

C. A. No. 01-601-RRM(GMS)(MPT)

## ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

<u>Background</u>

Defendants International Business Machines ("IBM") and Motorola Inc.

("Motorola") move for a more definite statement pursuant to Rule 12(e) of the Federal

Rules of Civil Procedure. Defendants argue that  BIAX's complaint in the present action

is insufficient because it does not specify which of the defendants' products infringe the

patents in suit. They request a more definite statement to enable them to formulate a

response to the complaint and to "define the permissible scope of discovery."

According to defendants, the complaint "alleges infringement...by a wholly

unspecified set of 'computers, processors and other products' made, used, sold or

offered for sale by IBM and Motorola." *D.I. 17 at 2.*  Additionally, defendants note that

when BIAX was informally asked to specify its claims, BIAX stated that infringing

products included, but were not limited to "Power PC products." Finally, defendants

assert that BIAX has no good faith basis for its infringement arguments and is

attempting to avoid its obligation to conduct a pre-complaint investigation.

In response, BIAX states that its complaint is sufficient and gives notice of its claims to the defendants. It notes that although it was not required to under 12(e), it has specified that IBM and Motorola products containing Power PC processors or multiple condition code registers infringe the patents in suit. BIAX argues that defendants have ample information to formulate a complaint. Further it asserts that the purpose of defendants' motion is to limit discovery, which is inconsistent with the broad discovery system set forth in Rule 26 of the Federal Rules of Civil Procedure. Additionally, it states that its complaint "identifies two patents that claim <u>specific</u> technology related to multiple condition code registers...[which] is easily recognized by the defendants." *D.I. 20 at 6.* In response to defendants' arguments, BIAX maintains it has a good faith basis for its suit, and that it has conducted an extensive pre-complaint investigation which revealed that defendants' Power PC processors and multiple condition code registers infringe its patents.

Moreover, BIAX argues that its complaint is sufficient under Rule 84 because it tracks the sample complaint set forth in Form 16, attached to the Federal Rules. In response to this argument, defendants assert that unlike the sample complaint, BIAX's complaint fails to identify a particular product. BIAX contends that its complaint specifies computers and processors, which is in line with the product description in the sample complaint: "electric motors." *D.I. 20 at 5.*

<u>Discussion</u>

Rule 12(e) requires a more definite statement when "a pleading...is so vague or ambiguous that a party cannot reasonable be required to frame a responsive pleading." The language of the rule has been strictly construed and is generally granted only when

the complaint is unintelligible. *IKO Monroe, Inc. v. Royal & Sun Alliance Insurance Co. of Canada, Inc. 2001 U.S. Dist. LEXIS 20327 (D. Del. 2001).*

To support their arguments, defendants look to *In re Papst Licensing GmbH Patent Litig.*, 2001WL 179926 (E.D. La. 2001). *Papst* was also a patent infringement case involving IBM as the defendant. Like BIAX, Papst did not specify IBM's infringing products by name or model number. Instead, Papst claimed that IBM "made, used, sold, or offered to sell to customers in the United States...products that embody the elements of at least one claims." *Id. at 1.* The court granted IBM's motion for a more definite statement finding that Papst should specify the infringing IBM products.

Although *Papst* is on point, it is distinguishable from the present case. In *Papst* over 500 patent claims and twenty patents were at issue. Like BIAX, Papst argued that because its complaint followed the sample complaint in Form 16, it was sufficient. The court stated "the number of patents and products in the case before me are *far greater* than those contemplated in the sample complaint, which would justify a request for greater specificity." *Id.* (emphasis added).

While it is true that when there are multiple patents or patent claims the plaintiff has a greater responsibility to set forth its claims clearly so that the defendant will have notice of each claim asserted against it, this case does not present such an issue. In the present case there are fifty-five claims and two patents. Again, in *Papst*, there were over 500 patent claims and twenty patents. The court finds that the number of patents and claims raised in the *Papst* case far outweighs the number of claims raised in the present case, as there were nine times as many patent claims at issue in *Papst*. Accordingly, the greater specificity called for in *Papst* is not warranted here.

Since the court finds that *Papst* is distinguishable from the facts of this case, the heightened notice responsibility is inapplicable.  As a result, the court should grant defendants' motion only if the complaint is so ambiguous that the defendants could not reasonably be expected to formulate an answer to the complaint.

The complaint states that IBM and Motorola infringe its patents by "making, using, selling and offering to sell computers, processors and other products that are covered by one or more of the claims" present in the two patents.  *D.I. 7 at 4,5.*  In a teleconference with the court on March 4, 2002, Biax indicated that its complaint was limited to power PC products and multiple condition code registers.  Under the 12(e) standard, the allegations against IBM and Motorola are sufficient because they give the defendants notice of BIAX's claims.  Also, the allegations are not so vague as to prevent the defendants from formulating responsive pleadings.  This finding is consistent with the ruling of the court at the teleconference: "[W]hat Mr. Meli [representing Biax] has represented is that the complaint is limited to, or the intent of the complaint is limited to...power PC products, and those products that have the architecture of multiple condition code register[s] and that's the way I'm viewing it so that the parties can move along with that in mind in doing your initial disclosures and meeting your obligations under Rule 26."  *Tr. of Teleconference, p.16 lines 22-24, p. 17 lines 1-7 (March 4, 2002).*  Therefore, **IT IS HEREBY ORDERED** that:

Defendants' Motion for a More Definite Statement pursuant to Rule 12(e) is denied.

UNITED STATES MAGISTRATE JUDGE

Dated: March 14, 2002

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SCRIPTGEN PHARMACEUTICALS,  )
INC.,                       )
                            )
            Plaintiff,      )
                            )
      v.                    )      Civil Action No. 98-583-GMS
                            )
3-DIMENSIONAL               )
PHARMACEUTICALS, INC.,      )
                            )
            Defendant.      )

## O R D E R

On October 13, 1998, Scriptgen Pharmaceuticals, Inc. ("Scriptgen") filed a two-count

Complaint with this Court. In it, Scriptgen alleges that 3-Dimensional Pharmaceuticals, Inc.

("3-DP") infringes on one or more claims of U.S. Patent Nos. 5,585,277 and 5,679,582.

These patents relate to the screening methods used for identifying ligands that bind to target

proteins. According to Scriptgen, this technology plays a crucial role in the discovery of new

drugs by the pharmaceutical industry.

On November 2, 1998, 3-DP moved for a more definitive statement (D.I. 5) pursuant

to Rule 12(e) of the Federal Rules of Civil Procedure. In essence, 3-DP asks Scriptgen to

specifically identify which of the sixty-four claims of the two patents in suit it seeks to

assert. According to 3-DP, these claims are "lengthy and include numerous elements." As

a result, 3-DP argues, it cannot be reasonably expected to "frame . . . a responsive pleading

to [such] an unparticularized complaint." Thus, in order to reduce both the cost and delay of this litigation by narrowing the issues at an early stage of the process, 3-DP asks Scriptgen to identify the specific claims which it seeks to assert.

Because the Court does not believe that the Complaint is "so vague or ambiguous" that 3-DP could not be "reasonably . . . required to frame a responsive pleading" to it, *see* Fed. R. Civ. P. 12(e) (1998), the Court will deny 3-DP's motion.

The decision of whether to grant or deny 3-DP's motion rests within the sound discretion of the district court. *See 5A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure* § 1377, at 600-01 & n.3 (2d ed. 1990) (hereinafter, *Wright & Miller*). Most courts generally view motions for a more definitive statement with disfavor. *See Frazier v. Southeastern Pennsylvania Transp. Auth.*, 868 F. Supp. 757, 763 (E.D. Pa. 1994); *Geir v. Educational Serv. Unit No. 16*, 144 F.R.D. 680, 685 (D. Neb. 1992). The courts take this stance because the Federal Rules require that a pleading contain only a "short and plain statement of the claim showing that the p[arty] is entitled to relief." *See* Fed. R. Civ. P. 8 (1998). As a result, a party may only move for a more definitive statement in an effort to remedy an unintelligible pleading. *See In re Health Mgm't, Inc. Sec. Litig.*, 970 F. Supp. 192, 207 (E.D.N.Y. 1997). The motion is *not* a meant to serve as an alternate vehicle for obtaining discovery. *See Betancourt v. Marine Cargo Mgm't, Inc.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996); *Amoco Chemical Co. v. Tex Tin Corp.*, 925 F. Supp. 1192, 1211-12 (S.D. Tex. 1996); *Moore v. Fidelity Fin. Servs., Inc.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994).

The Rule 8 standard does not change in an action for patent infringement. *See 5 Wright & Miller* § 1251, at 329-30 ("[T]he complaint in a patent infringement action . . . must identify the patent that has been infringed and indicate in what manner the patent has been encroached upon; however, no special level of particularity . . . is required.") (footnotes omitted); *see also* Fed. R. Civ. P. 84 (1998); Appendix of Forms, Form 16 (Complaint for Infringement of Patent).

After reviewing Scriptgen's Complaint, the Court finds that it conforms to federal procedural requirements. In addition to setting forth an allegation of jurisdiction and identifying the patents in suit, the Complaint plainly and succinctly states that 3-DP is being sued for its alleged "deliberate and willful" infringement of the two patents because the company purportedly make, uses, sells, or offers for sale infringing products. As a result, the Court cannot say that the Complaint is so vague or ambiguous that it prevents 3-DP from reasonably framing a responsive an answer.

While the Court understands and endorses 3-DP's desire to narrow the issues of this litigation as early on in the process as possible, the Court believes that this goal is best achieved through the use of discovery. *See Thomson S.A. v. Time Warner, Inc.*, No. 94-83, slip op. at 4 (D. Del. June 2, 1994) (Longobardi, C.J.) (reaching the same conclusion in a case involving four patents which contained a total of 322 claims). For these reasons,

IT IS HEREBY ORDERED that:

1.   Defendant's Motion for a More Definitive Statement (D.I 5) is DENIED; and

- 3 -

2.     Defendant shall answer Plaintiff's complaint within thirty (30) days of the date
of this Order.

Dated: _2/22/99_

_____
UNITED STATES DISTRICT JUDGE

# Exhibit D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Filed in open Court
10/10/06 dll.

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, and FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 04-1371 JJF |

## SPECIAL VERDICT FORM

We, the jury, unanimously find as follows:

## INFRINGEMENT OF POWER INTEGRATIONS' '876 PATENT

### Infringement of the '876 Patent

1.    Do you find by a preponderance of the evidence that Fairchild has literally infringed the following claims of the '876 Patent? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 1:    YES    x        NO   _____

2.    If you answered "NO" as to any claim(s) in question 1, do you find by a preponderance of the evidence that Fairchild nevertheless infringes the claim(s) under the doctrine of equivalents? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 1:    YES   _____    NO   _____

### Willful Infringement of the '876 Patent

3.    If you answered "YES" as to any claims for any of questions 1-2, do you find by clear and convincing evidence that Fairchild's infringement of the claim(s) was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES    X        NO   _____

2

**INFRINGEMENT OF POWER INTEGRATIONS' '851 PATENT**
**Infringement of the '851 Patent**

4.    Do you find by a preponderance of the evidence that Fairchild has literally infringed the following claims of the '851 Patent? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 1:    YES    X    NO    _____

Claim 4:    YES    X    NO    _____

5.    If you answered "NO" as to any claim(s) in question 4, do you find by a preponderance of the evidence that Fairchild nevertheless infringes the claim(s) under the doctrine of equivalents? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 1:    YES    _____    NO    _____

Claim 4:    YES    _____    NO    _____

**Willful Infringement of the '851 Patent**

6.    If you answered "YES" as to any claims for any of questions 4-5, do you find by clear and convincing evidence that Fairchild's infringement of the claim(s) was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES    X    NO    _____

## INFRINGEMENT OF POWER INTEGRATIONS' '366 PATENT

### Infringement of the '366 Patent

7.    Do you find by a preponderance of the evidence that Fairchild has literally infringed the following claims of the '366 Patent? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 9:    YES    _×_    NO    _____

Claim 14:    YES    _×_    NO    _____

8.    If you answered "NO" as to any claim(s) in question 7, do you find by a preponderance of the evidence that Fairchild nevertheless infringes the claim(s) under the doctrine of equivalents? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 9:    YES    _____    NO    _____

Claim 14:    YES    _____    NO    _____

### Willful Infringement of the '366 Patent

9.    If you answered "YES" as to any claims for any of questions 7-8, do you find by clear and convincing evidence that Fairchild's infringement of the claim(s) was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES    _×_    NO    _____

4

## INFRINGEMENT OF POWER INTEGRATIONS' '075 PATENT

### Infringement of the '075 Patent

10.     Do you find by a preponderance of the evidence that Fairchild has literally infringed the following claims of the '075 Patent? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

Claim 1:      YES ___X___      NO _____

Claim 5:      YES ___X___      NO _____

### Willful Infringement of the '075 Patent

11.     If you answered "YES" as to any claims for question 10, do you find by clear and convincing evidence that Fairchild's infringement of the claim(s) was willful? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

YES ___X___      NO _____

**DAMAGES DUE TO POWER INTEGRATIONS**

**Damages for Infringement of the'876, '851,'366, and/or '075 Patents**

  12. If you have found that Fairchild has infringed at least one asserted claim from any of the '876, '851, '366, and/or '075 Patents, do you find by a preponderance of the evidence that Power Integrations suffered actual damages as a result of Fairchild's infringement? (A "YES" answer to this question is a finding for Power Integrations. A "NO" answer is a finding for Fairchild.)

       YES __X__  NO _____

  13. If you answered "YES" to question 12, state the type and amount of damages you find Power Integrations to have proven by a preponderance of the evidence:

(A) Lost Profits from Lost Sales ('876 and/or '851 patent only):

  $ 14,981,828 _____

(B) Past Lost Profits from Price Erosion:___$ 1,952,893_____

(C) Future Lost Profits from Price Erosion: $ 13,018,379_____

(D1) Reasonable Royalty (in addition to Lost Profits from Lost Sales):

  __$ 4,028,681_____(or)

(D2) Reasonable Royalty (if no Lost Profits from Lost Sales):

  _____

     **TOTAL DAMAGES** $ 33,981,781_____

6

3.    If you answered "YES" to question 12, please state the applicable royalty rates that should apply to each patent you found Fairchild infringed:

'876 Patent _____15%_____          '851 Patent _____15%_____

'366 Patent _____15%_____          '075 Patent _____15%_____

You must each sign this Verdict Form:    Dated: 10.10.06 _____

_____ (foreperson)    _____

_____                 _____

_____                 _____

_____                 _____

7