IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 08-309-JJF-LPS |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., FAIRCHILD SEMICONDUCTOR CORPORATION, and SYSTEM GENERAL CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY TO POWER INTEGRATION, INC.'S BRIEF
IN OPPOSITION TO THEIR MOTION FOR A MORE DEFINITE
STATEMENT; OR, IN THE ALTERNATIVE, MOTION TO DISMISS;
OR, MOTION TO STRIKE WILLFULNESS ALLEGATIONS**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Ulysses Hui
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: August 4, 2008

{00233749;v1}

## I.     INTRODUCTION.

Both parties agree that the Court has the discretion to require Power Integrations to provide a more definite statement of its infringement allegations pursuant to Federal Rule of Civil Procedure 12(e). In its Motion, Fairchild identified the unique facts of this case that favor such a statement – namely, the Patent Office's pending reexamination and rejection of two of the asserted patents and the fact that Power Integrations has apparently notified Fairchild's customers (but not Fairchild) of the accused products. Power Integrations' Opposition entirely ignores these facts and argues that the admittedly "minimal disclosures" and "minimal allegations" of Power Integrations' complaint are sufficient for Fairchild to "connect the dots". *See* Opp. at pp. 9, 10, and 12. Such game playing is inappropriate – a complaint that requires Defendants to "connect the dots" is precisely the kind of deficient pleading that the Supreme Court rejected in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

There is simply no good faith reason for Power Integrations to refuse to identify the accused products, asserted claims, or alleged basis of infringement. Power Integrations does not dispute that it has such information and could provide it without prejudice or cost to Power Integrations. Power Integrations simply refuses to do so in order to secure a tactical advantage.

At the same time that Power Integrations refuses to provide the Court or Fairchild with the basis of Power Integrations' infringement allegations, Power Integrations has proposed a breakneck schedule that would prevent Fairchild from obtaining adequate discovery and deny the Court the opportunity to construe the asserted claims (once finally identified by Power Integrations). Power Integrations' motives are clear – it seeks to deny the Court and Fairchild the information necessary to evaluate Power Integrations' allegations.

## II.     ARGUMENT.

### A.     Power Integrations Ignores Critical Facts Unique To This Case.

Power Integrations' answering brief is completely silent as to the key facts. First, Power Integrations ignores the fact that the Patent Office is reexamining – and has currently rejected – claims of the '851 and '876 patents. *See* D.I. 15 at 3, Exs. 1-6. Second, Power Integrations does

not dispute that it has provided much of the information sought by Fairchild – an identification of the accused products – to Fairchild's customers while refusing to provide it to either Fairchild or the Court. *See* D.I. 15 at 5, Ex. 10. These undisputed facts are important since whether Power Integrations is asserting presumptively invalid claims and accusing limited devices impacts Fairchild's ability to respond to the Complaint. *See* Fed. R. Civ. P. 12(e).

### 1.    Defendants' Need for a More Definite Statement of the Asserted Claims is Unrebutted by Power Integrations.

Power Integrations' Opposition completely ignores a critical fact unique to this case – that the U.S. Patent Office is currently reexamining 14 claims of the '851 and '876 patent and has, thus far, rejected each and every one of these claims. Because of the high likelihood that these claims will be invalidated, a stay of this litigation would be warranted if Power Integrations is asserting these claims. To prevent the Court from considering this issue, however, Power Integrations simply refuses to identify the claims that it asserts.

All evidence, however, suggests that Power Integrations is asserting the claims that are currently rejected as invalid by the Patent Office. The two "representative" claims identified by Power Integrations are both subject to reexamination. Further, since Fairchild sought a more definite statement, Power Integrations has provided a draft scheduling order, which argues that "a Markman hearing is not necessary in this case because the Court has already construed the terms of two patents-in-suit...." Ex. A, ¶ 9. This suggests, of course, that Power Integrations is only asserting the claims that have been previously construed (the same claims currently rejected by the Patent Office) but Power Integrations refuses to confirm this.

### 2.    Defendants' Need for a More Definite Statement of the Accused Products is Unrebutted by Power Integrations.

Power Integrations continues to refuse to identify the products that allegedly infringe. In its Opposition, Power Integrations misleadingly suggests that its Complaint limited the potential devices at issue to "pulse width modulation ('PWM') integrated circuits". Opp. at p. 10. This is simply untrue – Power Integrations' Complaint broadly accused unidentified "devices, including [but in no way limited to] PWM integrated circuit devices...." D.I. 1 at ¶¶ 13, 19, and 25. While

Fairchild appreciates Power Integrations' tacit admission that not all of Defendants' devices are accused, this fact makes clear that the Complaint, as drafted, "is so vague or ambiguous that [Fairchild] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

> Defendant cannot realistically be expected to frame a responsive pleading without risk of prejudice in the absence of any indication as to which of its products are accused. Plaintiff cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel regardless of their skill and expertise.

*eSoft, Inc. v. Astaro Corp.*, 2006 WL 2164454 at *2 (D. Colo. July 31, 2006).

Given the unique facts of this case, it is necessary for Power Integrations to identify which "PWM integrated circuits" allegedly infringe. This is because Power Integrations has previously asserted two of the patents-at-issue against a number of Fairchild products. Without knowing whether Power Integrations (i) is merely asserting the same claims against the same products, (ii) is asserting the same claims against different products, or (iii) asserting different claims against the different products, Fairchild cannot reasonably respond to the complaint.

Another fact entirely ignored by Power Integrations is that in its letters to Defendants' customers Power Integrations identified by part number 21 specific SG products that it claims infringe. *See* D.I. 15 at 5; Ex. 10. Apparently, Power Integrations knows precisely what products it intends to accuse and has no qualms about distributing this information to further Power Integrations' business goals but Power Integrations refuses to provide it to either Fairchild or the Court. Instead, Power Integrations taunts Fairchild to "connect the dots." Opp. at 12.

"Defendant should not have to guess which of its products infringe nor guess how its products might fall within plaintiff's interpretation of the claims of the patent." *See Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, 2006 WL 3469599 at *2 (E.D. Wis. Nov. 29, 2006). For example, in *Static Control Components, Inc. v. Future Graphics, LLC*, the court ordered a more definite statement where the plaintiff provided considerably more information than found in Power Integrations' complaint. 2008 WL 160827 at *1, 4 (M.D.N.C. Jan. 15, 2008) ("While the Complaint in this case identifies some chips by item number and attempts to use the term 'universal chips' as a limiting parameter, the allegation… is simply insufficient to allow

[defendant] to formulate a response to the Complaint.").  Power Integrations should be ordered to identify the specific accused products.

### 3. Defendants' Need for a More Definite Statement of the Allegedly Infringing Actions is Unrebutted by Power Integrations.

Power Integrations' Complaint is silent as to the allegedly infringing activities.  Instead of identifying which of the three defendants is accused of infringing each patent or providing notice as to how such infringement supposedly occurs, Power Integrations parrots the patent statute and states that unspecified of the "defendants have been and are now infringing, inducing infringement, and contributing to the infringement" of the asserted patents "by making, using, selling, offering to sell, and/or importing devices...."  *See* D.I. 1 (Complaint) at ¶ 19.  Given the facts of this case, these allegations are insufficient to permit Defendants to reasonably prepare a response.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

At a minimum, Power Integrations should identify which of the three Defendants are accused of infringing each patent.  Moreover, since Power Integrations knows that most if not all of Defendants' activities occur outside the United States, Power Integrations should provide notice of what allegedly infringing activities it believes have occurred *within the United States* (and, thus, are even potentially subject to U.S. patent law).  *See Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 WL 2346152 at *5-6 (S.D.N.Y. Oct. 19, 2004) (granting motion for more definite statement where complaint merely stated that defendant "makes, sells, or offers products for sale... that infringe Agilent's patents").

The cases cited by Power Integrations confirm that Power Integrations' complaint is insufficiently definite.  Indeed, Power Integrations admits that its Complaint must both "describe in general terms, the means by which the defendant allegedly infringes" and "point[] to the specific part of the patent law invoked."  Rather than identify the alleged acts of infringement, however, Power Integrations merely quotes the patent statute and claims that unspecified of the

Defendants infringe by "making, using, selling, offering to sell, ***and/or*** importing devices". *Compare* D.I. 1 (Complaint) at ¶ 19 with 35 U.S.C. § 271.  By using the ambiguous language "and/or" rather than identifying the alleged acts of infringement, Power Integrations' complaint fails even to meet the basic notice requirements of Rule 8, let alone the additional requirements of Rule 12(e).  In other words, Power Integrations' complaint does not specify in any way, shape, or form how it believes the Defendants infringe, beyond the bare fact that Power Integrations argues that such infringement has occurred.[1]  Even Power Integrations' Opposition recognizes that this is insufficient.

The vagueness of Power Integrations' complaint is compounded by the fact that Power Integrations apparently accuses unspecified "third-parties" of infringing the asserted patents.  *See* D.I. 1 (Complaint) at ¶ 19.  Once again, Power Integrations' opposition fails to address this unique fact or explain how Fairchild could reasonably respond to the complaint when Power Integrations will not even articulate who allegedly infringes the asserted patents.

### 4.    Defendants' Need for a More Definite Statement of Its Allegedly Willful Infringement is Unrebutted by Power Integrations.

Power Integrations' vague allegations that Defendants "willfully" infringed the '851 and '876 patents highlight the need for a more definite complaint.  The sum total of Power Integrations' willfulness allegations is that "Defendants' acts of infringement have been, and continue to be, willful so as to warrant the enhancement of damages awarded as a result of their infringement."  D.I. 1 (Complaint) at ¶¶ 15 and 21.  Power Integrations fails to identify which of the three Defendants are allegedly willful, fails to identify what claims have been infringed, and fails to identify what willful "acts of infringement" have allegedly occurred.

Given the facts of this case, Power Integrations' complaint is particularly indefinite.  To prove willful infringement, Power Integrations must show that "the infringer acted despite an

---

[1]    In its Opposition, Power Integrations argued that it need only satisfy the level of detail set forth in Form 16 (now, Form 18) of the Federal Rules of Civil Procedure.  *See* Opp. p. 7.  Even were this the law, Power Integrations' complaint fails because, unlike that form, Power Integrations does not identify how the infringement allegedly occurred.  Specifically, Form 18 gives as an example a complaint that states that the defendant is "making, selling and using" the accused product.  Power Integrations' complaint is indefinite since it does not so limit its allegations.

objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Since the Patent Office is reexamining and has currently rejected many of the claims from the '851 and '876 patents, it is impossible, as a matter of law, for any of the Defendants to have willfully infringed these claims since there can be no objective recklessness. *See Abbott Labs. v. Sandoz, Inc.*, 532 F. Supp.2d 996, 999 (N.D. Ill. 2007) ("In the area of patent infringement, a showing of objective reasonableness ... negates the existence of recklessness..."); *Black & Decker, Inc. v. Bosch Tool Corp.*, 260 Fed.Appx. 284, 2008 WL 60501 at *7 (Fed. Cir. 2008) ("both legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent").

Because, in this case, unlike the cases relied upon by Power Integrations, the Patent Office has rejected claims of two of the patents-in-suit, Power Integrations' non-specific averment that "one or more claims" of these patents are willfully infringed and its subsequent identification of only a single "representative claim" (which has been rejected in the Patent Office's ongoing reexamination of the '851 and '876 patents) for each patent are insufficient to put Defendants either on fair notice of the grounds on which such claims rest or to reasonably require Defendants to frame a responsive pleading. Accordingly, Power Integrations should be ordered to provide a more definite statement that provides the allegedly willful infringement by each Defendant, as well as an identification of the asserted claims.

**B.    Whether Power Integrations' Complaint Satisfies Rule 8(a) Is Irrelevant.**

Power Integrations' Opposition largely ignored the unique facts that make a more definite statement appropriate in this case. Instead, Power Integrations argued that it met the "minimal" pleading requirement of Federal Rule 8(a). Even were this true (it is not), it does not excuse Power Integrations' failure to meet its obligations under Federal Rule 12(e).

**1.    Power Integrations' Complaint Must Satisfy *Both* Rules 8(a) and 12(e).**

In their Motion, Defendants sought a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (and to strike allegations for which no such statement could be provided).

Power Integrations' answering brief largely ignores Rule 12(e) and, instead, focuses almost exclusively on its supposed compliance with the pleading standard of Rule 8(a). A complaint must satisfy **both** Rule 8(a) and Rule 12(e). That is why there are two separate Rules. To suggest, as Power Integrations does, that a complaint that meets threshold requirements of Rule 8(a) necessarily satisfied Rule 12(e) would render Rule 12(e) superfluous.

The Third Circuit has explicitly held that a complaint may comply with the notice pleading standard of the Federal Rules yet still be insufficient to reasonably require a defendant to frame a responsive pleading. *Thomas*, 463 F.3d at 300-301. Where, as here, the Complaint's compliance with Rule 8(a) was a "close call," the Court of Appeals for the Third Circuit "highlight[ed] the particular usefulness of the Rule 12(e) motion for a more definite statement." *Thomas* at 301-302 (remanding with instructions to treat defendant's motion to dismiss as a consolidated motion to dismiss and motion for a more definite statement). Thus, even if Power Integrations' complaint complied with Rule 8(a), such compliance would not be a safe harbor from scrutiny under Rule 12(e).

### 2.    Power Integrations' Complaint Fails to Comply with Rule 8(a).

While not necessary to the pending Motion concerning Rule 12(e), it is worth noting that Power Integrations' Complaint does not even meet the notice requirements of Rule 8(a). *See Ondeo Nalco Co. v. EKA Chem., Inc.*, 2002 WL 1458853 at *1 (D. Del. 2002) (Robinson, J.) (holding that the non-exclusive averment that "products, including the 8692 product," infringe, failed to comply with Rule 8(a), beyond the identification of the sole named 8692 product).

Power Integrations' argument that its Complaint complies with Rule 8(a) relies largely upon its reading of the Supreme Court's statement, in *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957), that "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." D.I. 16 at 4. The particular language that Power Integrations relies on, however, obscures the fact that there is a floor, even under the Rule 8(a) standard, beneath which pleadings should not fall. In *Bell Atlantic*, the Supreme Court clarified

its earlier statement in *Conley*, and explicitly addressed the "threshold requirement" under Rule 8(a)(2).[2]  127 S.Ct. at 1966.

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out ***in detail*** the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47… (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief.

*Bell Atlantic* at 1965, n.3.  The Supreme Court further explained that:

> Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at 1965, n.3; *quoting* Fed. R. Civ. P. 8(a)(2).  Thus, *Conley* is not authority for the proposition that Power Integrations need not allege facts sufficient to show the grounds on which its claims rest.[3]  It is the grounds on which Power Integrations' claims of infringement – both direct and indirect – and willful infringement rest that are made unduly mysterious by its refusal to identify the asserted claims and the accused products.

### C.    There Is No Prejudice For Power Integrations To Provide A More Definite Statement.

In its Motion, Fairchild pointed out that there was no prejudice to require Power Integrations to provide a more definite statement.  Indeed, Power Integrations must already have the necessary information (the identification of the asserted claims, accused products, and allegedly infringing acts) in order for Power Integrations to have had a good faith basis to file

---

[2]    Power Integrations' attempts to limit *Bell Atlantic* to the pleading of antitrust claims (Opp. at 1-2) are unfounded.  The Supreme Court clearly stated that it was applying the "general standards" of Rule 8(a)(2) to the facts before it.  *Bell Atlantic* at 1965.  Thus, its holding with respect to the Rule 8(a)(2) standard applies generally.  *See also id.* at 1966 ("practical significance of the Rule 8 entitlement requirement" was also at issue in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), a securities litigation).

[3]    Power Integrations' reliance on *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) is also inapposite.  *McZeal* did not, and could not, abrogate *Bell Atlantic*.  To the contrary, *McZeal* follows *Bell Atlantic*.  *McZeal* at 1357 ("a defendant seeking to respond to plaintiffs' conclusory allegations… would have little idea where to begin"), *quoting Bell Atlantic* at 1371, n. 10.  Indeed, the complaint at issue in *McZeal* provided far more detail than Power Integrations' complaint, here, for example by identifying that the "[Motorola i930] manufactured and distributed by the defendants, which claims to be an 'International Walkie Talkie Machine' and which purports to provide 'INTERNATIONAL WALKIE TALKIE®' service or global wireless Voice Over Internet Protocol (VoIP) communications" infringes the patent.  *McZeal* at 1357.  Power Integrations' implicit suggestion that Defendants are somehow arguing for "enhanced pleading standards" (Opp. at 7) is simply wrong.  Defendants argue for application of the Rule 8(a) standard, which – as clarified by *Bell Atlantic* – has not changed under either *Conley* or *Bell Atlantic*.  *See Bell Atlantic* at 1965, n. 3, *supra*.

suit. "Assuming plaintiff has properly investigated his claim before filing suit, there is no reason not to inform the defendant precisely which products are at issue." *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, 2006 WL 3469599 at *2 (E.D. Wis. Nov. 29, 2006). This is confirmed by Power Integrations' letter to Fairchild's customers (in which Power Integrations identified the accused products) and to Fairchild (in which Power Integrations identified "representative" claims and stated that Fairchild would only learn of the other claims "in due course"). *See* D.I. 15, Ex. 9.

Power Integrations does not deny that it could easily provide a more definite statement. Instead, Power Integrations argues that it "is under no obligation" to do so. Opp. at p. 13. Power Integrations is mistaken. By withholding an identification of the asserted claims, accused products, and allegedly infringing acts, Power Integrations' complaint is so vague and ambiguous that Fairchild cannot reasonably prepare a response. Thus, a more definite statement is necessary. Fed. R. Civ. P. 12(e).

It is no excuse to argue – as Power Integrations does – that such information will be eventually made available through discovery. D.I. 15, Ex. 9. A plaintiff cannot "make up" for inadequate pleading through discovery provides a defendant the functional equivalent of the required "short and plain statement of the claim." *Eisenach v. Miller-Dwan Med. Ctr.*, 162 F.R.D. 346, 348-49 (D. Minn. 1995). "Unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

Power Integrations' refusal to provide the Court or Fairchild with a more definite complaint is simply a misguided litigation tactic designed to deny Fairchild the ability to respond to Power Integrations' allegations. At the same time that Power Integrations refuses to identify the asserted claims and accused products, Power Integrations is also seeking to rush this case forward. *See* Ex. A. For example, in its draft scheduling order, Power Integrations argues that Fairchild must produce all "key documents" (including schematics of the accused products) by the end of the month ***despite the fact that Power Integrations refuses to identify those products***.

Ex. B, ¶ 4.  When Fairchild objected that it was premature to discuss a schedule, Power

Integrations threatened to submit its schedule unilaterally.  Ex. A.  If Power Integrations were

truly interested in advancing this case, it would provide Fairchild and the Court with the

information necessary for Fairchild to respond to the complaint and for the Court to schedule this

matter.  *See* Ex. C.

**CONCLUSION**

For the reasons set forth above, and in Defendants' opening brief, Defendants respectfully

request the Court to grant this motion and order plaintiff Power Integrations to amend its

Complaint to make a more definite statement, including a specific identification of each accused

product, asserted claim, allegedly infringing act, and why that infringement is considered to be

"willful."  Defendants respectfully request that the Court dismiss or strike those allegations for

which Power Integrations cannot provide a more definite statement.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for Defendants*

*Of Counsel:*

G. Hopkins Guy, III
Vickie L. Feeman
Bas de Blank
Ulysses Hui
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Dated:  August 4, 2008

# EXHIBIT A

**de Blank, Bas**

| | |
|---|---|
| **From:** | Michael Headley [Headley@fr com] |
| **Sent:** | Sunday, August 03, 2008 4:49 PM |
| **To:** | de Blank, Bas; Feeman, Vickie; Guy, Hopkins |
| **Cc:** | JDay· FSC_SG_POWI OHS ALL· Howard Pollack; William Marsden |
| **Subject.** | RE  PI-FCS II  draft Rule 16/Case Management Statement |
| **Attachments:** | Rule 16 scheduling order DRAFT2.doc |

Bas

I hope this finds you well.  I have not heard anything further from anyone on your team regarding the draft CMC statement I circulated, but I've made one additional edit and attached that updated draft for your reference.  We would still like to get something on file by end of the week to make sure the Court has all of the parties submissions at hand following the completion of briefing on Fairchild's pending motion, so please provide comments/edits early this week so that we can integrate them for filing with the Court.

Thanks

Michael

---

**From:** Michael Headley
**Sent:** Tuesday, July 29, 2008 5:40 PM
**To:** de Blank, Bas
**Cc:** Feeman, Vickie; 'Guy, Hopkins'; JDay; FSC_SG_POWI OHS ALL; Howard Pollack; William Marsden
**Subject:** RE  PI-FCS II: draft Rule 16/Case Management Statement

Bas

I appreciate your scheduling constraints, but I also expect that another of the seven attorneys from your firm who have entered an appearance for Fairchild in this case to date can meet and confer in your absence   Please let me know who that will be.  Again, we see no basis for delaying this matter given that it is related to the earlier case between the parties and has been assigned to Magistrate Judge Stark, who is also handling another related case.

If Fairchild will not make someone else available to meet and confer in your absence, we intend to request that the Court address case management issues shortly after Fairchild files its reply brief to put all of the parties' issues in front of the Court at the same time.

I look forward to your response.

Sincerely,
Michael

---

**From:** de Blank, Bas [mailto:basdeblank@orrick.com]
**Sent:** Tuesday, July 29, 2008 4:08 PM
**To:** Michael Headley, Howard Pollack; William Marsden
**Cc:** JDay; FSC_SG_POWI OHS ALL
**Subject:** RE: PI-FCS II: draft Rule 16/Case Management Statement

Michael,

I have confirmed with our local counsel that the practice in Delaware is to not submit a scheduling proposal until the Court directs you to do so (typically in an Order scheduling the Rule 16 conference) or as otherwise required by the Federal Rules. I would suggest you confirm this with Mr Marsden. If you or he believes that the Court wishes otherwise in this case, please let me know the basis for your belief.

As you know, I have been out of the office until this morning Further, I am scheduled for surgery on Thursday. I will send you our comments on your draft as soon as I am able. We will fully comply with the Court's orders and the Federal Rules, including, of course, the requirement that we meet and confer to discuss the scheduling order. This will be done by August 20, 2008 as set forth in the Federal Rules. We cannot, however, agree to the arbitrary deadline you seek to impose.

Obviously I cannot stop you from carrying through on your threat to file a separate proposed schedule I would hope, however, that you will not misrepresent that Fairchild "is not willing to meet and confer" since you know this to be patently false.

Bas de Blank
**Orrick, Herrington & Sutcliffe, LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7343
Fax: (650) 614-7401
bdeblank@orrick com

**From:** Michael Headley [mailto:Headley@fr com]
**Sent:** Tuesday, July 29, 2008 1:23 PM
**To:** de Blank, Bas
**Cc:** Feeman, Vickie; JDay; FSC_SG_POWI OHS ALL; Howard Pollack; William Marsden
**Subject:** RE: PI-FCS II: draft Rule 16/Case Management Statement

Bas,

Thank you for your e-mail. Regardless of the last day to meet and confer, we see no reason to delay our submission of a proposed schedule to the Court and would prefer to do so at roughly the same time Fairchild files its reply brief on the pending motion so that all of the submissions are before the Court at the same time. To that end, please provide your comments and/or your proposed edits to our draft scheduling order by the end of the week so that we can get something on file with the Court early next week.

If we do not receive any comments from you by Monday, August 4, we will presume that Fairchild is not willing to meet and confer to move this matter forward and will submit our separate proposed schedule to the Court.

Thanks.

Michael

**From:** de Blank, Bas [mailto:basdeblank@orrick.com]
**Sent:** Tuesday, July 29, 2008 12:42 PM
**To:** Michael Headley; Howard Pollack; William Marsden
**Cc:** JDay; FSC_SG_POWI OHS ALL
**Subject:** RE: PI-FCS II: draft Rule 16/Case Management Statement

Michael,

I am sorry, I have been out of the office I just received the draft statement and will provide you with comments. My understanding, however is that pursuant to Rule 26(f), "the parties must confer as soon as practicable--and in any event 21 days before a scheduling conference is to be held or a scheduling order is due

8/4/20 8
0

under Rule 16(b)" (*i.e* , "within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared"). Because Fairchild was served on May 23rd, and we appeared on June 12th, the earliest a scheduling order will be due under Rule 16(b) is Wednesday September 10th. Given that date, we will be in compliance with Rule 26(f) so long as we meet and confer on a proposed schedule no later than Wednesday August 20th    If I have mistaken the dates such that the filing is due sooner, please let me know.

Bas de Blank
**Orrick, Herrington & Sutcliffe, LLP**
1000 Marsh Road
Menlo Park, CA  94025
Tel:  (650) 614-7343
Fax: (650) 614-7401
bdeblank@orrick.com

**From:** Michael Headley [mailto:Headley@fr.com]
**Sent:** Tuesday, July 22, 2008 4:26 PM
**To:** de Blank, Bas; Feeman, Vickie
**Cc:** Guy, Hopkins; JDay; Howard Pollack; William Marsden
**Subject:** RE: PI-FCS II: draft Rule 16/Case Management Statement

Bas & Vickie,

I've attached a draft Rule 16/Case Management Statement with a proposed schedule for the new Fairchild case -- please provide any edits or comments by the close of business on Monday, July 28 so that we can update the draft accordingly and get it on file with the Court.

Thanks.

Michael

Michael R. Headley
Fish & Richardson P.C.
500 Arguello St.  Suite 500
Redwood City  CA 94063-1526
(650) 839-5139 (direct)
(650) 839-5071 (fax)
**********************************************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting  marketing or recommending to another party any transaction or matter addressed herein.

**********************************************************************************************************
"EMF <orrick com>" made the following annotations
---------------------------------------------------------------------
=====-============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not

8 4/2008
/

intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

============-=============================--==-===============

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINAT_ON, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit http://www.orrick.com/
=====================================================
=======-===--==========================================-==========--=============

"EMF <orrick.com>" made the following annotations.
------------------------------------------------  -----------------
================================================--

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

=========================--============================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit http://www.orrick.com/
=====-=-=========================-=======================-=
===--==========================================================================-====

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC., a
Delaware corporation,

          Plaintiff,

   v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., a Delaware
corporation, FAIRCHILD
SEMICONDUCTOR CORPORATION, a
Delaware corporation, and SYSTEM
GENERAL CORPORATION, a Taiwanese
corporation,

          Defendants

C.A. No. 08-309 JJF-LPS

## PROPOSED  RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS SO ORDERED that.

1.    **Pre-Discovery Disclosures**. To the extent they have not already done so, the parties will exchange by August 1, 2008, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2.    **Joinder of Other Parties**. All motions to join other parties shall be filed on or before October 1, 2008.

3.    **Protective Order**  Power Integrations has submitted herewith a proposed protective order for adoption in this case that is substantially identical to that entered in the first case between Power Integrations and Fairchild. The parties agree that the protective order entered in this case should include a "claw back" provision to prevent the inadvertent disclosure of documents or other information subject to a claim of privilege, work-product protection, or confidentiality from being deemed a waiver or impairment of any claim of privilege or other pr tection
 o

4.    **Discovery**    Discovery in this case should be relatively straightforward in view of the parties' and their counsel's familiarity with the patents, the technology, and each other from prior litigation involving the same parties, the same counsel, and two of the three patents at issue in this case   Power Integrations believes that Fairchild should be able to produce most of the key documents necessary to pr pare this case for trial—including product schematics and updated sales information—by the end of the month given that this information is typically stored in electronic format, and the parties should be able to work out the remainder of their discovery exchanges in due course with the following limitations

(a)    Exchange and completion of contention interrogatories, identification of fact witnesses, and document production shall be commenced so as to be completed by January 30, 2009

(b)    Maximum of 35 interrogatories, including contention interrogatories, for each side.

(c)    Maximum of 100 requests for admission by each side.

(d)    Maximum of 12 depositions at seven hours each for a total of 84 hours by each side, excluding expert depositions.  Each 30(b)(6) deposition shall be regarded as one deposition regardless of the number of topics or witnesses involved, but shall be limited to seven hours per 30(b)(6) deposition.  This order shall not preclude the parties from altering the provisions of paragraphs 5(a)-(d) by agreement.

(e)    All fact discovery shall be completed by February 27, 2009

(f)    Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party bearing the burden of proof by March 27, 2009; rebuttal expert reports are due by April 17, 2009.  Expert discovery, including depositions of experts, shall be completed by May 8, 2009.  No further expert reports will be permitted unless allowed by the rules of this Court or otherwise agreed in writing by the parties or ordered by the Court.

5.    **E-discovery and Electronic Document Retention.**

(a)    The parties recognize that the burden of suspending normal policies regarding electronic backup systems for disaster recovery outweighs the potential relevance of documents that might only be captured by some interim backup on an unknown date. Therefore, the parties agree that they can continue to utilize their standard disaster recovery systems, and specifically agree that each party may continue to recycle backup tapes per their standard disaster recovery systems protocol; provided however, that each party shall retain throughout the litigation one set of backup tapes from its disaster recovery systems from a standard backup performed during the month of September 2008.

(b)    **Electronic File Searching**. The parties agree that each party may use reasonable keyword searching to identify electronic documents reasonably likely to have discoverable information regarding the subject matter of this lawsuit.

(c)    **Form of Production of Electronic Documents**. The parties anticipate producing most documents in an electronic format such as PDF or TIFF files—specifically a form that preserves the page breaks between documents and otherwise allows to documents to be identified. The parties further agree that the electronically produced files do not need to be OCR'd prior to production. The parties also anticipate producing certain documents in their native format and will meet and confer regarding such production as necessary and appropriate.

6.    **Non-Case Dispositive Motions**

(a)    Any non-dispositive motion, along with an Opening Brief limited to no more than 10 pages, shall be filed with a Notice of Motion and shall contain the statement required by D Del. LR 7.1.1. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The hearing date selected shall allow time for filing of the motion, allow for briefing in accordance with the Federal and Local Rules, and shall permit all briefing to be filed no later than 12:00 noon the Friday before the motion day on which it is to be heard. Available motion dates will be posted on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm.

(b)     At the motion hearing, each side will be allocated ten (10) minutes to argue and respond to questions from the Court.

(c)     Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by e-mail at: jjf_civil@ded.uscourts.gov.

7.     **Amendment of the Pleadings**  All motions to amend the pleadings shall be filed on or before February 27, 2008.

8.     **Case Dispositive Motions**.  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before May 22, 2008.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.  The parties shall follow the court's procedures for summary judgment motions in patent cases, which is available on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm.

9.     **Markman**.  Power Integrations believes that a Markman hearing is not necessary in this case because the Court has already construed the terms of two of the patents-in-suit (the '876 and '851 patents) during previous litigation, and the third patent (the '270 patent) is straightforward and amenable to a plain meaning reading.  To the extent the Court believes a Markman hearing is necessary on the '270 patent, Power Integrations' believes the Court and the parties can address any disputes in the context of summary judgment briefing.

10.     **Applications by Motion**

(a)     Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing.  The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)     No facsimile transmissions will be accepted.

(c)     No telephone calls shall be made to Chambers.

(d)     Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

11.    **Pretrial Conference and Trial**    The Court will schedule a Pretrial Conference and Trial after reviewing the parties' proposed scheduling order.  Power Integrations proposes that the Court schedule a pretrial conference for October 2009, with trial set for December 2009.


DATE _____                    UNITED STATES DISTRICT JUDGE

# EXHIBIT C



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

August 4, 2008

Diana Rutowski
(650) 614-7685
drutowski@orrick.com

**VIA EMAIL**

Michael R. Headley
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

   Re: Power Integrations v. Fairchild Semiconductor et al.

Dear Michael:

   I write regarding Power Integration's revised proposed draft Rule 16 statement, which you circulated Sunday, August 3, 2008. Filing a proposed statement this week, as you suggest, would be premature and would constitute a failure on Power Integrations' part to meet and confer in good faith as required by the Rules. Under the Federal Rules, the deadline to meet and confer pursuant to Rule 26(f) is not until August 20, 2008, and the deadline to submit a Rule 16 statement will be 14 days after the Rule 26(f) conference occurs. The Court has not ordered otherwise. We will, of course, meet and confer with you as the deadlines approach and file the statement as required, but we do not agree with your accelerated timeline. Please let us know when you are available for a Rule 26(f) conference between August 18 and 20.

   Power Integrations' effort to move the case forward on an accelerated schedule is inconsistent with its continued refusal to identify the claims and products at issue. Because the case remains indefinite as to what claims and products are at issue, it is not possible for defendants to evaluate the scope of discovery and an appropriate schedule at this time. We again renew our request that Power Integrations identify what claims and products will be at issue so that we may have a productive meet and confer regarding scheduling. Nevertheless, we will begin the meet and confer process by providing the following initial comments, which are by no means exhaustive, regarding the draft you circulated yesterday:

   First, Power Integrations proposes a deadline of August 1, 2008 for initial disclosures. Obviously, this deadline has passed without an exchange. While the deadline set by the Rules is 14 days after the Rule 26(f) conference occurs, we believe that this deadline should be postponed in light of the uncertainty surrounding the scope of the claims and counterclaims at issue. The disclosures under Rule 26(a) relate to claims and defenses, without knowledge of which the parties cannot respond in full. Thus, it would conserve resources if the parties agree to postpone initial disclosures until after defendants' motion for a more definite statement has been decided and until after defendants answer the complaint.



**ORRICK**

Michael Headley
August 4, 2008
Page 2

Second, Power Integrations' proposed draft states that a proposed protective order will be "submitted herewith," yet defendants have not yet received a draft protective order from Power Integrations. If Power Integrations has a proposed protective order, please send us a copy so that we can review and meet and confer regarding the protective order before filing the Rule 16 statement.

Third, the draft proposes limits on discovery, discovery deadlines, deadlines for case dispositive motions, and a trial date. Without knowing the scope of the claims and defenses that will be at issue, defendants cannot agree to the proposed discovery limits and case schedule. We look forward to Power Integrations' identification of the claims and products at issue so that we may have a meaningful meet and confer regarding the scope of discovery.

Fourth, the draft states that Power Integrations believes that no Markman is necessary. We assume from Power Integrations' statement that the Court has already construed the terms of the '876 and '851 patents that Power Integrations intends to assert only claims that were also asserted in the previous litigation. Please confirm in writing that this is the case

If Power Integrations intends to assert claims of the '876 and '851 that were not at issue in previous litigation, then obviously a Markman will likely be necessary. Moreover, even to the extent that Power Integrations intends to assert claims that were previously at issue, in light of the ongoing prosecution history through reexamination proceedings, defendants believe that a Markman hearing to construe claims of these two patents may be necessary. The necessity of a Markman depends, of course, on the identification of the asserted claims.

With respect to the '270 patent, without knowing what claims Power Integrations intends to assert, defendants cannot evaluate Power Integrations belief that the '270 patent "is straightforward and amenable to a plain meaning reading." We understand from this statement that Power Integrations' position is that the plain meaning should prevail and that Power Integrations will not propose any claim constructions for terms of the '270 patent. So that defendants can evaluate and meet and confer on this issue, please identify the claims that Power Integrations intends to assert. Without this information, defendants cannot agree that a Markman is not necessary or that the parties can address disputes in the context of summary judgment.

Finally, the proposed schedule does not appear to take into account any counterclaims by defendants. While we are determining what claims, if any, to assert, we wanted to raise this issue since it will obviously affect the proposed schedule.



ORRICK

Michael Headley
August 4, 2008
Page 3

     We look forward to your response and to scheduling a Rule 26(f) conference with you between August 18 and 20.  Please let me know what dates and times are convenient.

                          Sincerely,

                          Diana Rutowski

DMR:ek

cc:    William J. Marsden, Jr.
       Howard G. Pollack