IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, and SYSTEM GENERAL CORPORATION, a Taiwanese corporation,<br><br>      Defendants. | C.A. No. 08-309 JJF-LPS |

## RULE 16 SCHEDULING ORDER

The parties have satisfied their obligations under Fed. R. Civ. P. 26(f). Where the parties disagree, their respective positions are set forth separately below.

Plaintiff Power Integrations, Inc. ("Power Integrations") believes this case should be relatively straightforward in view of the parties' and their counsel's familiarity with the patents, the technology, and each other from prior litigation involving the same parties, the same counsel, and two of the three patents at issue in this case. Given that the parties have already exchanged the vast majority of discovery needed for this case in the previous actions between Power Integrations and Fairchild and System General, Power Integrations believes this case can be tried following a brief period of fact discovery that addresses any issues that were not addressed in the parties' prior cases.

Defendants believe that it is premature to set discovery deadlines and limits since Power Integrations has refused to identify the asserted claims or accused products and because

Defendants have yet to answer the complaint or file any appropriate counterclaims. Without this information, it is impossible to determine whether there is any overlap in discovery because of the prior litigation. It is, however, clear, that the extent of any such overlap would be minor since (i) the '270 patent has not been previously litigated, (ii) Defendants' counsel did not participate in any of the previous System General litigation (which did not involve any of the patents-in-suit), and (iii) Defendants will likely assert counterclaims at the appropriate time. Thus, Defendants respectfully submit that it is premature to try to set limitations on discovery or an expedited case schedule.

1. **Schedule**.

The parties propose the following alternative case schedules:

| Item | PI proposal | Defendants' proposal |
|---|---|---|
| Initial Disclosures | Sept. 3, 2008 | 2 weeks after PI responds to Counterclaims |
| Close of written discovery | January 30, 2009 | June 26, 2009 |
| Close of Fact Discovery | February 27, 2009 | July 27, 2009 |
| Last day to file motions to Amend Pleadings | February 27, 2009 | May 15, 2009 |
| Last day to serve opening expert reports | March 27, 2009 | December 18, 2009 |
| Last day to serve responsive expert reports | April 17, 2009 | January 18, 2010 |
| Close of expert discovery | May 8, 2009 | February 18, 2010 |
| Last day to file dispositive motions | May 22, 2009 | April 17, 2010 |
| Pretrial Conference | October 2009 | July 2010 |
| Trial | December 2009 | To be set by the Court at the Pre-Trial Conference |

2.     **Pre-Discovery Disclosures**.

Power Integrations: To the extent they have not already done so, the parties should exchange by September 3, 2008, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

Defendants: Defendants have requested that Power Integrations provide basic information about its allegations – including the asserted claims and accused products. Power Integrations has refused. Thus, Defendants moved the Court to order Power Integrations to amend its complaint to include a more definite statement. *See* D.I. #14. That motion is currently pending and a hearing is set for September 12, 2008. Given Power Integrations' refusal to provide a sufficiently definite complaint, Defendants have yet to answer. Thus, Defendants have no "claims or defenses" at issue at this time and, consequently, no disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1. Accordingly, Defendants proposed that the parties stipulate to postpone the exchange of the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1 until 14 days after Plaintiff's deadline to respond to Defendants' answer and/or counterclaims.

3.     **Joinder of Other Parties**.

All motions to join other parties shall be filed on or before October 1, 2008.

4.     **Protective Order**.

The parties have submitted herewith a proposed protective order for adoption in this case that is substantially identical to that entered in the first case between Power Integrations and Fairchild. The parties agree that the protective order entered in this case should include a "claw back" provision to prevent the inadvertent disclosure of documents or other information subject to a claim of privilege, work-product protection, or confidentiality from being deemed a waiver or impairment of any claim of privilege or other protection

5.     **Discovery**.

Power Integrations: Discovery in this case should be relatively straightforward in view of the parties' and their counsel's familiarity with the patents, the technology, and each other from

3

prior litigation. The vast majority of relevant information has already been exchanged during prior litigation between Power Integrations and Fairchild and System General, and the parties should rely on the materials from those cases without re-producing them again with new production numbers in this matter. Power Integrations believes the parties should be able to update their earlier productions without much trouble and that Fairchild should have no trouble producing most of the key documents necessary to prepare this case for trial—including product schematics and updated sales information—by the end of September given that this information is typically stored in electronic format. To that end, after Fairchild served its initial discovery requests, Power Integrations responded with narrowly tailored requests to address this key subset of documents for a specific set of Fairchild products. Power Integrations believes the parties should be able to work out the remainder of the limited discovery in this case in due course with the following limitations.

      Defendants: While the scope of the case has yet to be determined with respect to the asserted claims, the accused products, and any defenses and counterclaims, it is clear that discovery will not be nearly as limited as Power Integrations suggests or speculates. First, counsel for Defendants were not involved in the previous System General litigation and lack access to much of the materials from those cases. Thus, Defendants are unable to speculate as to the degree of additional discovery that will be necessary. Second, the '270 patent has not been previously litigated and there will likely be substantial discovery related to whether it is valid, enforceable, and infringed. Third, the Patent Office's on-going reexamination of the '851 and '876 patents and Power Integrations' refusal to identify the accused products or asserted claims makes it likely there will be significant issues related to these patents, as well. Fourth, while Defendants' investigation is ongoing, it is likely that they will assert counterclaims, which will require additional discovery. Finally, it is unreasonable for Power Integrations to demand the production of "key documents" "including product schematics and updated sales information" "by the end of September" when Power Integrations refuses to identify the accused devices or

asserted claims. Indeed, this request contradicts Power Integrations' simultaneous contention that Defendants' need only "update their earlier productions."

      (a)      Power Integrations: Exchange and completion of contention interrogatories, identification of fact witnesses, and document production shall be commenced so as to be completed by January 30, 2009.

      Defendants: Defendants expect that the exchange and completion of contention interrogatories, identification of fact witnesses, and document production shall be completed by June 26, 2009. However, Defendants reserve the right to seek additional time for discovery once the scope of the claims, counterclaims and defenses is known.

      (b)      Power Integrations: Maximum of 25 interrogatories, including contention interrogatories, for each side.

      Defendants: Maximum of 60 interrogatories, including contention interrogatories, for each side should be sufficient. Defendants reserve the right to seek additional discovery once the scope of claims, counterclaims and defenses is known.

      (c)      Maximum of 100 requests for admission by each side. Defendants reserve the right to seek additional discovery once the scope of claims, counterclaims and defenses is known.

      (d)      Power Integrations: Maximum of 12 depositions at seven hours each for a total of 84 hours by each side, excluding expert depositions. Each 30(b)(6) deposition shall be regarded as one deposition regardless of the number of topics or witnesses involved, but shall be limited to seven hours per 30(b)(6) deposition.

      Defendants: A maximum of 150 hours of depositions per side, excluding expert deposition, should be sufficient. Defendants reserve the right to seek additional discovery once the scope of claims, counterclaims and defenses is known.

      This order shall not preclude the parties from altering the provisions of paragraphs 5(a)-(d) by agreement.

(e) Power Integrations: All fact discovery shall be completed by February 27, 2009.

Defendants: Defendants expect that all fact discovery shall be completed by July 27, 2009. However, Defendants reserve the right to seek additional time for discovery once the scope of the claims, counterclaims and defenses is known.

(f) Power Integrations: Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party bearing the burden of proof by March 27, 2009; rebuttal expert reports are due by April 17, 2009. Expert discovery, including depositions of experts, shall be completed by May 8, 2009.

Defendants: Defendants expect that reports from retained experts required by Fed. R. Civ. P. 26(a)(2) shall be due from the party bearing the burden of proof by December 18, 2009; rebuttal expert reports are due by January 18, 2010. Expert discovery, including depositions of experts, shall be completed by February 18, 2010. However, Defendants reserve the right to seek additional time for discovery once the scope of the claims, counterclaims and defenses is known.

The parties agree that no further expert reports will be permitted unless allowed by the rules of this Court or otherwise agreed in writing by the parties or ordered by the Court.

6. **E-discovery and Electronic Document Retention.**

(a) The parties recognize that the burden of suspending normal policies regarding electronic backup systems for disaster recovery outweighs the potential relevance of documents that might only be captured by some interim backup on an unknown date. Therefore, the parties agree that they can continue to utilize their standard disaster recovery systems, and specifically agree that each party may continue to recycle backup tapes per their standard disaster recovery systems protocol; provided however, that each party shall retain throughout the litigation one set of backup tapes from its disaster recovery systems, as follows: Power Integrations shall retain one set of backup tapes from a standard backup performed during the

month of May 2008; Defendants shall retain one set of backup tapes from a standard backup performed during the month of September 2008.

      (b)    **Electronic File Searching**.

The parties agree that each party may use reasonable keyword searching to identify electronic documents reasonably likely to have discoverable information regarding the subject matter of this lawsuit.

Power Integrations believes that the volume of updated production in this case should be manageable without protracted electronic discovery work given the parties' experience with these patents and the technology at issue from their earlier cases.

Defendants expect that there will be voluminous electronic discovery related to the claims, counterclaims, and defenses and propose that the parties meet and confer to seek to agree upon a mutually agreeable date on which to exchange keywords after Power Integrations responds to any answer and/or counterclaims raised by Defendants.

      (c)    **Form of Production of Electronic Documents**.

The parties anticipate producing most documents in an electronic format such as TIFF files—specifically a form that preserves the page breaks between documents and otherwise allows to documents to be identified. If the parties produce documents as TIFF files, they will also provide load files. The parties further agree that the electronically produced files do not need to be OCR'd prior to production. The parties also anticipate producing certain documents in their native format and will meet and confer regarding such production as necessary and appropriate.

    7.    **Amendment of the Pleadings**.

Power Integrations: All motions to amend the pleadings shall be filed on or before February 27, 2009.

Defendants: All motions to amend the pleadings shall be filed on or before May 15, 2009.

8. **Discovery Matters**.

Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

9. **Case Dispositive Motions**.

Power Integrations: Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before May 22, 2008.

Defendants: Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before April 17, 2010.

Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The parties shall follow the court's procedures for summary judgment motions in patent cases, which is available on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm.

10. **Service**. Fed. R. Civ. Proc. 6(e) applies and provides for three additional days for responding to documents filed electronically, whether or not e-mailed and/or hand-delivered as well. In no event, however, shall this provision alter specific response dates as set forth elsewhere in this Scheduling Order (e.g. ¶¶ 1, 5).

11.     **Markman**.

Power Integrations:  Power Integrations believes that a Markman hearing is not necessary in this case because the Court has already construed the terms of two of the patents-in-suit (the '876 and '851 patents) during previous litigation, and the third patent (the '270 patent) is straightforward and amenable to a plain meaning reading.  To the extent the Court believes a Markman hearing is necessary on the '270 patent, Power Integrations' believes the Court and the parties can address any disputes in the context of summary judgment briefing.  Moreover, although Defendants suggest a Markman hearing may be necessary to address any patents asserted as part of their counterclaims, Defendants have refused to identify any specific patents to permit Power Integrations to evaluate them (for potential claim construction issues or otherwise).  As such, Defendants' chimerical counterclaim patents should have no bearing on the case schedule.

Defendants: As Defendants do not yet know what claims are asserted, Defendants cannot evaluate Plaintiff's position at this time.  However, Defendants believe that a Markman hearing will be necessary at least because claim terms of the '270 patent have not been construed by the Court and because of the ongoing prosecution history of the '876 and '851 patents through reexamination proceedings.  Additionally, a Markman may be necessary to construe any patents asserted as part of Defendants' counterclaim(s).  Accordingly, Defendants propose that the Court schedule a Markman hearing in September 2009, so that the parties may address the Court's claim construction in their expert reports.

12.     **Pretrial Conference and Trial**.  The Court will schedule a Pretrial Conference and Trial after reviewing the parties' proposed scheduling order.

Power Integrations: Power Integrations proposes that the Court schedule a pretrial conference for October 2009, with trial set for December 2009.

Defendants:  Defendants propose that the Court schedule a pretrial conference for July 2010 and set a trial date at that point, if appropriate.

| FISH & RICHARDSON P.C. | ASHBY & GEDDES |
|---|---|
| */s/ William J. Marsden, Jr.* <br> William J. Marsden, Jr., (I.D. #2247) <br> Kyle Wagner Compton (I.D. #4693) <br> 919 N. Market Street, Suite 1100 <br> P.O. Box 1114 <br> Wilmington, DE  19899-1114 <br> Telephone: (302) 652-5070 <br> marsden@fr.com <br> coletti@fr.com <br><br> Attorneys for Plaintiff <br> POWER INTEGRATIONS, INC. | */s/ John G. Day* <br> Steven J. Balick (I.D. #2114) <br> John G. Day (I.D. #2403) <br> Lauren E. Maguire (I.D. #4261) <br> 500 Delaware Avenue, 8th Floor <br> P.O. Box 1150 <br> Wilmington, DE 19899 <br> Telephone: 302-654-1888 <br> sbalick@ashby-geddes.com <br> lmaguire@ashby-geddes.com <br> jday@ashby-geddes.com <br><br> Attorneys for Defendants FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., FAIRCHILD SEMICONDUCTOR CORPORATION, and  SYSTEM GENERAL CORPORATION, |

_____ 
DATE

_____ 
UNITED STATES DISTRICT JUDGE