IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>       Plaintiff<br><br>    v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, and SYSTEM GENERAL CORPORATION, a Taiwanese corporation,<br><br>       Defendants. | C.A. No. 08-309 JJF-LPS |

**POWER INTEGRATIONS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY ALL PROCEEDINGS**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247) (marsden@fr.com)
Kyle Wagner Compton (#4693) (kwc@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
Scott Penner
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

**ATTORNEYS FOR PLAINTIFF
POWER INTEGRATIONS, INC.**

## TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ..................................................................................................1

II.  STATEMENT OF FACTS ....................................................................................2

III. ARGUMENT.........................................................................................................3

    A.   Staying This Litigation Will Not Simplify Issues or Promote Efficiency........................................................................................................4

    B.   Staying An Entire Litigation Is Not "Routine" .........................................6

    C.   A Stay Will Prejudice Power Integrations and Benefit Fairchild...............7

    D.   This Case Is Not At An Early Stage With Respect To the '876 and '851 ......................................................................................................9

IV.  CONCLUSION.....................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arthrocare Corp. v. Smith & Nephew, Inc.*,
    C.A. No. 01-504-SLR (Nov. 27, 2002) .................................................................................. 4, 7

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988) ......................................................................................... 3, 5, 8

*Genoa Color Techs., Inc. v. Samsung Elecs. Am., Inc.*,
    2008 U.S. Dist. LEXIS 25259 (S.D.N.Y. Mar. 12, 2008) .......................................................... 7

*In re Swanson*,
    540 F.3d 1368 (Fed. Cir. 2008) ............................................................................................ 5, 6

*Innovative Office Prods. v. SpaceCo, Inc.*,
    2008 U.S. Dist. LEXIS 67500 (E.D.P.A. Aug. 29, 2008) ......................................................... 7

*St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*,
    2003 U.S. Dist. LEXIS 27397 (D. Del. Jan. 30, 2003) (Farnan, J.) ...................................... 4, 6

*Voith Paper GmbH & Co. KG v. Johnsonfoils, Inc.*,
    2008 U.S. Dist. LEXIS 28983 (D. Del. Mar. 31, 2008) (Farnan, J.) ........................................ 7

*Widevine Techs., Inc. v. Verimatrix, Inc.*,
    2008 U.S. Dist. LEXIS 74160 (E.D. Tex. Sept. 25, 2008) ....................................................... 7

## I.     INTRODUCTION

Despite the facts that one of the three patents-in-suit is not even in re-exam, and that the other two were previously found by a Delaware jury to not be invalid in view of the same prior art now being considered in the Patent Office, Defendants Fairchild Semiconductor Corp., Fairchild Semiconductor International, Inc., and System General Corp. (collectively, "Fairchild") seek to stay all proceedings in this litigation based on interim actions in PTO reexamination proceedings that Fairchild first initiated only after losing a jury trial on infringement, willfulness, and damages.  Power Integrations opposes any stay under these circumstances.

Fairchild's motion completely ignores Power Integrations' asserted '270 patent, which is not the subject of any reexamination proceedings, is not related to the other two patents, and therefore undercuts Fairchild's argument for a stay.  Instead, Fairchild argues that there is "no dispute" that the reexamination will have a "significant—perhaps, determinative—effect on this case."  This allegation, however, is strongly disputed—Power Integrations believes that the reexamination will have no impact on this case.[1]  This is especially true in light of Fairchild's previous failed attempt to invalidate the asserted patents in this Court on the basis of the same prior art it submitted to the PTO in the reexam proceedings.  Fairchild also contends that courts "routinely issue stays" pending reexamination, but in doing so Fairchild ignores voluminous case law from this and other districts denying such stays because reexaminations often have no impact on concurrent district court litigation.  Finally, Fairchild argues that a stay of the entire case is

---

[1] As an important and timely data point, Power Integrations has recently received office actions in re-examinations related to the prior ITC proceeding against System General.  In these office actions, the Patent Office has now confirmed the validity of all of the six claims that were the subject of the ITC hearing ('398 patent claims 1, 3, 5-6 and '908 patent claims 26-27), yet all of these claims were initially rejected in prior office actions.  *See* Exhs. A-E attached to the concurrently-filed Declaration of Kyle Wagner Compton ("Compton Decl.").  After Power Integrations responded, the PTO examiner agreed with the majority of Power Integrations' arguments – which is exactly what Power Integrations expects will occur in the pending re-examinations of the '851 and '876 patents.

"particularly appropriate" because this case is at a seemingly early stage. Fairchild can only make this argument by ignoring the long history of litigation between the parties, and by ignoring the fact that this case has progressed slowly only as a result of Fairchild's delay and obstruction.

When viewed in light of the history of litigation between these parties, including Fairchild's most recent dilatory filing of an unwarranted motion for a more definite statement and its refusal to produce any discovery (including the trivial effort to produce the critically important schematics for the accused products), Fairchild's motion to stay presents nothing more than another in a long line of tactics by Fairchild seeking to delay the day of reckoning for its years of willful infringement. Because additional delay would further prejudice Power Integrations, Fairchild's Motion to Stay All Proceedings should be denied.[2]

## II. STATEMENT OF FACTS

On October 20, 2004, Plaintiff Power Integrations, Inc. ("Power Integrations") filed suit against Fairchild Semiconductor Corp. and Fairchild Semiconductor International, Inc. in this District alleging infringement of four United States patents, including U.S. Pat. No. 6,107,851 ("the '851 patent") and U.S. Pat. No. 6,249,876 ("the '876 patent"). After Fairchild requested bifurcation, the parties proceeded to try infringement, willfulness, and damages in October of 2006, and a Jury determined that Fairchild willfully infringed all four asserted patents, including claim 1 of the '876 patent, and awarded Power Integrations $34 million in damages. In

---

[2] Fairchild's motion could also be denied solely on the basis of Fairchild's inadequate meet and confer. Fairchild called Power Integrations just before noon Pacific on October 1, 2008, demanding that Power Integrations agree to stay these proceedings in their entirety or face a motion to stay. *See* Headley Decl. ¶ 2. When Power Integrations declined to agree to an immediate stay, Fairchild filed its motion at 1:30 PDT. This sequence of events suggests that Fairchild had already written its motion and called not to meet and confer in any substantive manner in a good faith effort to narrow the issues but to "check the box" with respect to the meet and confer obligation under the Local Rules.

November of 2006, following that verdict, Fairchild filed reexamination requests for the '876 and '851 patents. Thereafter, during the validity trial held in September of 2007, another jury determined that Power Integrations' asserted patents were valid. Following a bench trial on Fairchild's defense of inequitable conduct, the Court rejected Fairchild's challenge to the enforceability of the patents-in-suit, including the '876 and '851 patents asserted in this case.

On May 9, 2005, Power Integrations filed an action in the International Trade Commission ("ITC") against System General Corp. ("SG"). On May 16, 2006, the Administrative Law Judge ("ALJ") found that SG infringed two Power Integrations patents, found those patents valid and enforceable, and recommended an exclusion order. The ITC decided not to review the ALJ's initial determination on infringement and validity issues and, on August 11, 2006, issued a limited exclusion order. On December 6, 2006, SG appealed the ITC's decision to the United States Court of Appeals for the Federal Circuit. On November 19, 2007, the Federal Circuit affirmed the ITC's decision.

In 2007, before the validity trial in the first case, Fairchild purchased SG. Despite having received multiple adverse decisions, Fairchild continues to sell products that infringe Power Integrations' patents. Consequently, on May 23, 2008, Power Integrations brought this suit, asserting claim 1 of the '876 patent, claims 11 and 16-18 of the '851 patent, and claims 6-9 of U.S. Pat. No. 7,110,270 ("the '270 patent"). Fairchild has yet to answer Power Integrations' complaint. After it asked for and received an extension of time to respond, Fairchild filed a motion for a more definite statement, followed by this motion to stay all proceedings. [D.I. 14; D.I. 28]

## III.  ARGUMENT

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*,

849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted).  Within this discretion, "[c]ourts clearly have the authority to order their cases to trial."  [*See* Compton Decl., Ex. F, Order from *Arthrocare Corp. v. Smith & Nephew, Inc.*, C.A. No. 01-504-SLR (Nov. 27, 2002) (denying motion to stay pending reexamination)].  Courts in this District generally cite three factors that guide the exercise of discretion when deciding whether a stay is appropriate: 1) whether the granting of a stay would cause the non-moving party [the patentee] to suffer undue prejudice from any delay, or allow the moving party [the alleged infringer] to gain a clear tactical advantage over the non-moving party; 2) whether a stay will simplify the issues for trial; and 3) whether discovery is complete and a trial date has been set.  *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, 2003 U.S. Dist. LEXIS 27397 at *3 (D. Del. Jan. 30, 2003) (Farnan, J.).  These factors and others are addressed below in detail in a slightly different order.

> **A.      Staying This Litigation Will Not Simplify Issues or Promote Efficiency**

Fairchild first argues that this litigation should be stayed to "conserve the resources of the parties and the court, thereby promoting efficiency."  [D.I. 28 at 3.]  But Fairchild does not mention that the '270 patent is not currently subject to reexamination.  Of all the issues that Fairchild claims are "undisputed," the only truly undisputed fact is that nothing in the pending reexaminations will impact the '270 patent in any way.  For this reason alone, Fairchild's motion to stay "all proceedings" should be denied.

Furthermore, there is no reason to partially stay proceedings on the '876 and '851 patents, because the parties have already litigated these two patents.  Fairchild has already challenged the validity of both patents in this Court, and consequently there should be little (if any) discovery needed with respect to the prior art.  The infringement issues are also straightforward and—depending on the outcome of the post-trial briefing in the prior litigation, and depending on the similarity in the actual circuit design between those products already found to infringe and those

"new" products Fairchild has since introduced with the same functionality—may well involve designs that have already been found to infringe. Issue preclusion thus may prevent Fairchild from re-litigating many of the infringement issues. This Court has also construed claim terms for both patents. Power Integrations does not propose any additional terms to construe, and Fairchild has not explained why another *Markman* hearing would be necessary or useful. It would be most efficient for the Court to simply resolve the preclusive impact of the prior litigation, a determination on which the pending reexamination can have no effect. *See In re Swanson*, 540 F.3d 1368, 1379 n.5 (Fed. Cir. 2008) ("[A]n attempt to reopen a final federal court judgment of infringement on the basis of a reexamination finding of invalidity might raise constitutional problems.").

Fairchild argues that the Court should not resolve the preclusion dispute because "the most likely outcome of the reexaminations is that the Patent Office will invalidate many of the asserted claims." [D.I. 28 at 5.] This statement is belied by the facts. According to the most recent Patent Office statistics, requests for *ex parte* reexamination have been granted 92% of the time since the procedure was first made available in 1981 [Compton Decl., Ex. G at 1], but only 11% of reexaminations result in all claims being cancelled. [*Id*. At 2] This means that there would only be a 1.21% chance (11% x 11%) that all claims from both patents will be invalidated— even if the parties had not already litigated the validity of the claims on the basis of the same prior art—making complete invalidation in this case *highly* unlikely. Furthermore, the Federal Circuit has noted that "duplication of effort does not occur [between district courts and the PTO] because the PTO and the courts employ different standards of proof when considering validity, and the courts … may also consider challenges to validity on other grounds." *Ethicon*, 849 F.2d at 1427. In other words, even if this Court were to partially stay the

5

case, and even if all claims in reexamination were invalidated (which is extremely unlikely), this Court would still have to address the claims of the '851 patent that are not subject to reexamination, and the '270 patent in its entirety, once the reexaminations are complete—hardly an "efficient" outcome for the parties or the Court.

Fairchild argues that even if the patents do survive reexamination, Power Integrations may make arguments or amendments during reexamination that will somehow impact this litigation. This is also extremely unlikely for at least three reasons. First, Fairchild asserted the same prior art in the reexaminations that it already raised—and lost on—in the prior district court litigation. Power Integrations will make the same arguments to the PTO that it made to the jury and to this Court, thereby minimizing the risk of any alleged "inconsistency." Second, as noted above, Fairchild should be precluded from re-arguing many of the infringement and validity issues, regardless of the outcome of the reexam. *See In re Swanson*, 540 F.3d 1368 at n.5. Finally, even if there were minor changes to the claims, there is no telling how these changes will impact this litigation, if at all. There is always uncertainty in any litigation, and this Court could hardly stay proceedings every time it faces some uncertainty. This is especially true where—as here—more than half of the asserted claims are not even subject to reexamination. Thus, Fairchild's motion to stay should be denied.

### B.     Staying An Entire Litigation Is Not "Routine"

In claiming that courts "routinely" stay litigation pending the outcome of reexamination, Fairchild ignores voluminous case law (including cases from this District) that take exactly the opposite approach. For example, in *St. Clair*, the Court denied a motion to stay pending reexamination because that case, "like many, [was] about the injunction." 2003 U.S. Dist. LEXIS 27397 at *4. The Court recognized that monetary damages are often inadequate where the parties both manufacture products and compete for the same business. *Id*. This is precisely

6

the situation here, and the jury in the first Fairchild trial concluded that Power Integrations had in fact suffered both lost profits and price erosion due to Fairchild's competing infringing sales. Similarly, in *Arthrocare*, the Court declined to enter a stay where "only one of the three patents [was] undergoing reexamination, where the patents at issue relate[d] to an evolving and highly competitive market, and where the reexamination proceedings [had] not been conducted with what the court would consider 'special dispatch.'" [Compton Decl., Ex. F (Order at 2).] Each of these factors is present in this litigation—only four of nine asserted claims are in reexamination, the parties are direct competitors in a highly competitive industry, and the reexaminations have gone on for two years with only one office action issued to date. A stay will do nothing to help resolve this four-year-old dispute.[3]

### C. A Stay Will Prejudice Power Integrations and Benefit Fairchild

There are several reasons why a stay will unfairly prejudice Power Integrations, while simultaneously—and tactically—benefiting Fairchild. First, as noted above, the '270 patent is not undergoing reexamination. Fairchild presents absolutely no reason why the Court should stay the enforcement of this patent, or why Power Integrations should bear the burden of such a stay. For this reason alone, Fairchild's motion to stay "all proceedings" should be denied.

---

[3] The cases declining to stay litigations pending reexamination are too voluminous to list in their entirety. Power Integrations refers the Court to the following recent decisions: *Voith Paper GmbH & Co. KG v. Johnsonfoils, Inc.*, 2008 U.S. Dist. LEXIS 28983, at *4-5 (D. Del. Mar. 31, 2008) (Farnan, J.) (noting that "it is unlikely the pending reexamination proceedings will do much to simplify the issues that need to be tried in this case"); *Widevine Techs., Inc. v. Verimatrix, Inc.*, 2008 U.S. Dist. LEXIS 74160 (E.D. Tex. Sept. 25, 2008) (declining to stay pending reexamination where the parties were direct competitors, and where one of the two patents was not involved in a reexamination); *Innovative Office Prods. v. SpaceCo, Inc.*, 2008 U.S. Dist. LEXIS 67500, at *12 (E.D.P.A. Aug. 29, 2008) (denying stay because plaintiff was "suffering irreparable harm and prompt adjudication of this dispute is in the best interest of both parties and justice"); *Genoa Color Techs., Inc. v. Samsung Elecs. Am., Inc.*, 2008 U.S. Dist. LEXIS 25259, at *3-4 (S.D.N.Y. Mar. 12, 2008) (declining to stay because "the dual track of litigation in Court and reexamination in the USPTO does not present an undue burden on anyone").

7

Second, with regard to the '876 and '851 patents, Power Integrations has waited for over four years to obtain damages and an injunction for Fairchild's infringement. Because Fairchild continues to infringe, money damages are an inadequate remedy. Delaying the decision on injunctive relief prejudices Power Integrations, and allows Fairchild to continue to win design-ins for and to sell its infringing parts. Any alleged "prejudice" to Fairchild from going forward is undermined by the fact that Fairchild was already found to infringe both the '876 and '851 patents. On the other hand, staying this proceeding will lead to additional lost profits and further loss of market share for Power Integrations.

Third, there is no guarantee that the reexamination will end any time soon. Fairchild admits that the reexamination proceedings have been pending for almost two years and that only one office action has issued. [D.I. 28 at 7.] This is hardly the "special dispatch" promised by the patent statute. Also, because Power Integrations can and will appeal any adverse decision to the Board of Patent Appeals and Interferences ("BPAI") and then to the Federal Circuit, the reexaminations will take years to resolve. This delay prejudices Power Integrations while simultaneously rewarding Fairchild for filing reexaminations *after* being found to infringe by a jury in this Court.

Fourth, the only party that is "burdened" by proceeding simultaneously in two fora is Power Integrations. The reexaminations are *ex parte*, which means Fairchild cannot participate. As the Federal Circuit has noted, there is no "duplication of effort" between such proceedings, especially where (as here) there are claims and patents not involved in the reexamination. *Ethicon*, 849 F.2d at 1427. Because delay significantly harms Power Integrations while at the same time unfairly benefiting Fairchild, an adjudged willful infringer, the Court should deny Fairchild's Motion to Stay.

### D.     This Case Is Not At An Early Stage With Respect To the '876 and '851

Fairchild argues that this case is in early stages, and that Power Integrations is "racing" to the Court in an attempt to beat the Patent Office to a decision.  In reality, Power Integrations asserted the '876 and '851 patents four years ago, and Fairchild only filed reexamination requests after infringement was proven in a jury trial.  Indeed, Power Integrations only brought a second suit because Fairchild purchased *another* infringer and continued to sell infringing parts in the face of multiple adverse decisions.  Apparently, only a court-ordered injunction will stop Fairchild's continued and willful infringement, but Power Integrations cannot obtain that remedy if this case is stayed indefinitely.  In the prior cases, the parties exchanged extensive discovery, Fairchild fully developed the prior art, the Court construed the claims, witnesses were deposed, summary judgment and post-trial motions were filed, and at least one judgment has already issued.  Fairchild ignores this long history of litigation, but this is yet another reason why Fairchild's dilatory tactics should be stopped, and its motion to stay should be denied.

## IV.    CONCLUSION

Because one of the three asserted patents (and five of the nine asserted claims) in this litigation are not undergoing reexamination, because issue preclusion narrows and limits the remaining issues for the '876 and '851 patents, and because Fairchild continues to willfully infringe Power Integrations' patent rights, causing continuing irreparable harm, Power Integrations will be prejudiced by further delay.  Therefore, the Court should deny Fairchild's Motion to Stay All Proceedings.

Dated: October 16, 2008   FISH & RICHARDSON P.C.


By: */s/ Kyle Wagner Compton*
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
Email: marsden@fr.com; kwc@fr.com

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack
Michael R. Headley
Scott Penner
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

**ATTORNEYS FOR PLAINTIFF**
**POWER INTEGRATIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2008, I electronically filed with the Clerk of Court POWER INTEGRATIONS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS using CM/ECF, which will send electronic notification of such filing(s) to the following counsel.

| | |
|---|---|
| **VIA HAND AND ELECTRONIC MAIL**<br>Steven J. Balick<br>John G. Day<br>Lauren E. Maguire<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE  19801 | Attorney for Defendant<br>System General Corporation, Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation |

I hereby certify that on October 16, 2008, I have mailed by Federal Express and Electronic Mail, the document(s) to the following non-registered participants:

| | |
|---|---|
| G. Hopkins Guy, III<br>Orrick, Herrington & Sutcliffe, LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025 | Attorney for Defendant<br>System General Corporation, Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation |

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Kyle Wagner Compton*
　　　　　　　　　　　　　　　　　　　　　　　　　Kyle Wagner Compton

50612524.doc