```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE


POWER INTEGRATIONS,     )
INC., a Delaware        )
corporation,            )
                        )
        Plaintiff,      )
                        ) C.A. No. 08-309 JJF-LPS
v.                      )
                        )
FAIRCHILD SEMICONDUCTOR )
INTERNATIONAL, INC., a  )
Delaware corporation,   )
FAIRCHILD SEMICONDUCTOR )
CORPORATION, a Delaware )
Corporation, and SYSTEM )
GENERAL CORPORATION, a  )
Taiwanese corporation,  )
                        )
        Defendant.      )




              Friday, October 3, 2008
              12:30 p.m.
              Courtroom 2A


              844 King Street
              Wilmington, Delaware


BEFORE:  THE HONORABLE LEONARD P. STARK
         United States District Court Magistrate


APPEARANCES:

         FISH & RICHARDSON
         BY:  KYLE WAGNER COMPTON, ESQ.
         BY:  FRANK SCHERKENBACH, ESQ.
         BY:  HOWARD G. POLLACK, ESQ.
         BY:  MICHAEL R. HEADLEY, ESQ.

                          Counsel for the Plaintiff
```

```
 1   APPEARANCES CONTINUED:

 2
          ASHBY & GEDDES
 3        BY:  JOHN G. DAY, ESQ.

 4             -and-

 5        ORRICK, HERRINGTON & SUTCLIFFE, LLP
          BY:  ULYSSES S.T. HUI, ESQ.
 6
                         Counsel for the Defendants
 7                       Fairchild and System General

 8
          ASHBY & GEDDES
 9        BY:  STEVEN BALICK, ESQ.

10             -and-

11        FINNEGAN, HENDERSON, FARABOW
          GARRETT & DUNNER, L.L.P.
12        BY:  E. ROBERT YOCHES, ESQ.
          BY:  ERIK R. PUKNYS, ESQ.
13        BY:  WEIGUO CHEN, ESQ.

14                       Counsel for the Defendant BCD

15

16

17

18

19

20

21

22

23

24
```

1  THE COURT: All right. Let's
2  turn, I assume, briefly to the Fairchild matter
3  there, which we just have a status conference as
4  well.
5  And I think my sort of general
6  question is I'd like to have an understanding as
7  to how this case fits together with the case in
8  which you had the trial, and what, if any,
9  relationship there is, and what the parties
10 propose I do in terms of handling it. And I'll
11 hear first from Power.
12 MR. SCHERKENBACH: Okay. Thank
13 you, Your Honor.
14 I mean, we brought the case
15 because there are new products, different
16 products, or at least as marketed and sold by
17 Fairchild and SG. They have different numbers.
18 They're being represented to be different
19 products.
20 Whether, in fact, they turn out to
21 be able to use different circuitry, we don't
22 know. But one thing's for sure, we can't count
23 on them being within the scope of the prior
24 case, because they're being represented to be

1    different and have different numbers.
2              So, fundamentally, that's why we
3    brought the case.  There is sort of a footnote
4    to that.  Between the time that we finished
5    discovery essentially in the first case and the
6    time of the trial, time passed, and we actually
7    asked Judge Farnan to give us an accounting for
8    that period.  That request is out there.
9              He may grant it.  He may deny it.
10             If he denies that, there is a
11   possibility that we would have to address that
12   period, even for the old products, in the new
13   case.  So, as a practical matter, that's why we
14   brought this other case.
15             THE COURT:  And we have a fully
16   briefed motion to dismiss or for --
17             MR. SCHERKENBACH:  Correct.
18             THE COURT:  I believe Fairchild
19   filed a motion to stay these proceedings.
20             MR. SCHERKENBACH:  Yes.
21             THE COURT:  Are you planning to
22   respond and oppose?
23             MR. SCHERKENBACH:  Absolutely.  I
24   assume you don't want to hear from me today on

```
 1    that.
 2              THE COURT:  No.
 3              MR. SCHERKENBACH:  We'll oppose
 4    the motion to stay based on re-exam, as you may
 5    imagine.
 6              THE COURT:  And would your request
 7    be that I, withstanding those motions, go ahead
 8    and have the scheduling conference and set up a
 9    scheduling order and all that?
10              MR. SCHERKENBACH:  Absolutely.  In
11    fact, I was sort of hoping today, but I think
12    that absolutely should happen.  There's no
13    reason to avoid putting a schedule in place in
14    the case.
15              THE COURT:  Okay.  Let me hear
16    from Mr. Hui.  Is that right?
17              MR. HUI:  Yes.  Thank you, Your
18    Honor.
19              THE COURT:  Okay.
20              MR. HUI:  The first thing is I
21    don't want to interfere with the other case, but
22    I just want to make sure that you're not
23    inferring from my silence that, you know, I
24    accept all the representations that were made
```

1    and about what Fairchild did.
2              THE COURT:  I won't infer one way
3    or another, but it's -- for your purposes, it's
4    a whole different case.  And you weren't here
5    for the earlier part.
6              MR. HUI:  That's right.  Thank
7    you.
8              Now, we do believe it would be
9    most efficient to table substantive discussion
10   of discovery schedule deadlines and limits,
11   because a full scope of our case is not known
12   yet.  As you know, we have not answered yet.  We
13   have not asserted our counterclaims.
14             As we state in our portion of the
15   Rule 16 statement, we said we're investigating
16   our own claims of patent infringement against
17   Power Integrations.  And when we've completed
18   that investigation -- and we may be filing those
19   claims on our own.  So we really only have about
20   half of the case in front of us at this time and
21   not the full case.
22             So they've proposed not only a
23   very aggressive schedule, but very limited
24   amount of discovery.  I believe those proposals

```
 1      were simply made in a vacuum.
 2                  And we don't yet know the full
 3      scope of the case, but we will.  So why -- I
 4      don't see why we should be going through that
 5      process now just to undo it and redo it later.
 6                  THE COURT:  Okay.  So your
 7      preference would be that I handle the -- I guess
 8      your first preference would be that I just stay
 9      the whole case.
10                  But short of that, I should
11      resolve the motion for stay and your motion to
12      dismiss.
13                  MR. HUI:  We believe, yeah,
14      resolution of both of those motions would
15      facilitate a picture of what the scope of the
16      case is going to be.  First, let me make sure
17      very briefly about the motion for indefinite
18      statement.
19                  Since the time that we filed that,
20      we have been able seek sort of a limited
21      discovery of Power Integrations that seeks some
22      of the same information.  And they have had time
23      to respond.
24                  Now, they have not provided that
```

```
 1    basic information.  So one of the arguments they
 2    made on their motion of indefinite statement is,
 3    hey, we'll get that information in discovery.
 4    Now, we're in discovery and we haven't gotten
 5    that information.
 6                Rather than going through and
 7    protecting the motion to compel process to
 8    essentially do the same arguments and that are
 9    already in front of the Court, you know, we
10    think if the Court addresses the motion for
11    indefinite statement, which is squarely before
12    it, it should take that into account.  And we
13    have a detailed meet and confer letter and it's
14    attached as an exhibit to our motion to stay
15    regarding the insufficiencies of their discovery
16    responses.
17                But I will note just one glaring
18    example is we still don't know which claims are
19    being asserted against which particular product.
20    And that's a big problem for us to frame a
21    responsive pleading.  We were not clear about
22    what the scope of their complaint was given the
23    prior litigation, their estoppel issues or
24    preclusion issues or even waiver issues that we
```

```
 1        should be aware of.  And we need a little more
 2        information to assess that.
 3                    On the motion to stay, we do
 4        believe that because of the advanced state of
 5        the re-examinations, the Court can really
 6        benefit from staying the case pending the
 7        outcome of those re-exams.
 8                    I just want to address one thing
 9        on that front.  Based on what I heard today, in
10        our motion to stay brief, and I'm not going to
11        argue it, but there are a number of reasons why
12        courts stay cases in similar circumstances.
13                    The one factor I'll mention is to
14        defer to particular or respectfully particular
15        expertise of the Patent Office.  And I think
16        it's almost ironic because they had to defer to
17        that particular expertise to get their patent
18        granted.
19                    So to the extent you need to defer
20        to an agency decision, the initial office
21        actions are much different than the grant of the
22        request.  Initially, at this point, the examiner
23        has taken a look, considered the prior art that
24        we've submitted, newly submitted prior art on
```

1  the merits, and then he issued the initial
2  rejection.
3              That's exactly the same process by
4  which they got their patents in the first place.
5              THE COURT: Okay. Thank you.
6              Mr. Scherkenbach, you want to
7  respond briefly?
8              MR. SCHERKENBACH: I do want to
9  address some things briefly, Your Honor. I
10 mean, I'm glad counsel used the word ironic,
11 because there's lots of things that are ironic
12 about Fairchild's behavior.
13             I mean, it's all about delay.
14 This is all about, with all due respect, this is
15 ridiculous. This case was filed in May.
16             Okay. They have been dragging
17 their feet on every single issue. They have
18 produced no discovery.
19             They have blown off entirely their
20 Rule 26 initial disclosure obligations. They
21 have -- they say they're investigating
22 counterclaims. We filed in May. Okay.
23             If they have counterclaims to
24 bring, they should have brought them. That is

```
 1        not a reason for this Court to hold up our
 2        claims against them.  It's another reason to
 3        delay.
 4                    Why have they waited around to
 5        file a motion based on re-exam.  We'll stay with
 6        the merits on this and there's not much there.
 7                    But why was it filed Wednesday
 8        before this -- before this conference with no
 9        meet and confer?  By the way, which is one of
10        the things you're going to hear.
11                    It's very clear what's going on
12        here.  They don't want to engage -- they don't
13        want a decision.  They don't want a schedule.
14        They just want to keep infringing.
15                    And we want a schedule.  We can
16        debate the length of the schedule.
17                    The differences are laid out in
18        the proposal that you have.  We can debate how
19        much discovery we should get.  We can debate
20        whether to have a Markman hearing.
21                    But the idea that because they
22        filed a motion for more definite statement,
23        which itself, by the way, is silly.  And I have
24        a few comments to make on that.  That basically
```

1     ices our case.
2               They have taken the position that
3     because they filed that motion, they do not have
4     to play ball.  And they have not played ball.
5               And on that motion just -- I know
6     you don't want to hear argument on it, and I
7     don't really want to argue it.  But if you take
8     a look at the complaints in this case versus the
9     complaints in the Fairchild case, they're
10    substantively the same in terms of the level of
11    detail.
12              THE COURT:  Okay.  That's more
13    than enough argument on that.
14              MR. SCHERKENBACH:  All right.
15              THE COURT:  Mr. Hui, I see you're
16    still on your feet.  I don't want to get into
17    back and forth on this.
18              MR. HUI:  I just wanted to say one
19    thing.  I won't come to the podium.
20              We had a meet and confer on the
21    motion to stay.  I spoke with Michael Headley
22    about it.
23              THE COURT:  Okay.  There's no need
24    to respond.

```
1                    MR. HEADLEY:  Okay.
2                    THE COURT:  I'm not going to do
3       anything to Fairchild today.  Finish out the
4       briefing on the motion to stay, and then I will
5       figure out what to do in that case as soon as I
6       can.
7                    MR. HUI:  Thank you.
8                    THE COURT:  And with respect to
9       the BCD case, I'll take the preliminary
10      injunction motion under advisement, and we'll
11      get a rule out to you as soon as we can.
12                   I thank everyone for very helpful
13      and informative argument and wish you all a very
14      nice weekend.
15                   (Everyone said, Thank you, Your
16      Honor.)
17                   THE CLERK:  All rise.
18                   (Hearing concluded at 12:42 p.m.)
19
20
21
22
23
24
```

```
1    State of Delaware )
                       )
2    New Castle County )

3

4

5                    CERTIFICATE OF REPORTER

6

7           I, Heather M. Triozzi, Registered

8    Professional Reporter, Certified Shorthand Reporter,

9    and Notary Public, do hereby certify that the

10   foregoing record, Pages 1 to 14 inclusive, is a true

11   and accurate transcript of my stenographic notes

12   taken on October 3, 2008, in the above-captioned

13   matter.

14

15          IN WITNESS WHEREOF, I have hereunto set my

16   hand and seal this 8th day of October, 2008, at

17   Wilmington.

18

19

20                   _____

21                   Heather M. Triozzi, RPR, CSR
                     Cert. No. 184-PS
22

23

24
```