IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-309-JJF-LPS |
| | ) | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | **JURY TRIAL DEMANDED** |

**DEFENDANTS FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., FAIRCHILD SEMICONDUCTOR CORPORATION AND SYSTEM GENERAL CORPORATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corporation (collectively "Defendants") answer the Complaint of Plaintiff Power Integrations, Inc. ("PI") as follows:

Defendants deny each and every allegation contained in the Complaint, except as hereinafter specifically admitted or explained. To the extent that the headings, or any other non-numbered statements in PI's Complaint contain any allegations, Defendants deny each and every allegation therein.

## THE PARTIES

1. In response to paragraph 1 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the allegations set forth therein and therefore deny each and every allegation contained in paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

5. Paragraph 5 does not contain any factual allegations.

{00251054;v1}

## JURISDICTION AND VENUE

6. In response to paragraph 6 of the Complaint, Defendants deny that they have infringed or now infringe any patent properly asserted against Defendants in the Complaint. Defendants admit that the Complaint purports to state a cause of action under the patent laws of the United States, Title 35 U.S.C. § 1 *et seq.* Defendants admit that the Complaint purports to state a cause of action over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. In response to paragraph 7 of the Complaint, Defendants do not dispute that this Court has personal jurisdiction over Defendants.

8. In response to paragraph 8 of the Complaint, Defendants admit, for the purpose of this action only, that venue is proper in this judicial district.

## GENERAL ALLEGATIONS

9. In response to paragraph 9 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the allegations set forth therein and therefore deny each and every allegation contained in paragraph 9.

10. In response to paragraph 10 of the Complaint, Defendants admit to manufacturing outside of the United States pulse width modulation controller integrated circuit devices. Defendants deny any and all remaining allegations of paragraph 10.

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF U.S. PATENT NO. 6,107,851

11. In response to paragraph 11 of the Complaint, Defendants reallege its answers as set forth in paragraphs 1-10 above as though fully set forth in this paragraph.

12. In response to paragraph 12 of the Complaint, Defendants admit that the title page of United States Patent No. 6,107,851 ("the '851 patent") states on its face that the patent was issued on August 22, 2000. Defendants admit that on its face the '851 patent is entitled "Offline Converter with Integrated Softstart and Frequency Jitter." Defendants admit that on its face the '851 patent lists "Power Integrations, Inc." as the assignee. Defendants admit that a copy of the

'851 patent was attached to PI's original Complaint as Exhibit A. Defendants deny any and all remaining allegations of paragraph 12.

13. In response to paragraph 13 of the Complaint, Defendants deny any and all allegations contained therein.

14. In response to paragraph 14 of the Complaint, Defendants deny any and all allegations contained therein.

15. In response to paragraph 15 of the Complaint, Defendants deny any and all allegations contained therein.

16. In response to paragraph 16 of the Complaint, Defendants deny any and all allegations contained therein.

## SECOND CAUSE OF ACTION

### INFRINGEMENT OF U.S. PATENT NO. 6,249,876

17. In response to paragraph 17 of the Complaint, Defendants reallege its answers as set forth in paragraphs 1-10 above as though fully set forth in this paragraph.

18. In response to paragraph 18 of the Complaint, Defendants admit that the title page of United States Patent No. 6,249,876 ("the '876 patent") states on its face that the patent was issued on June 19, 2001. Defendants admit that on its face the '876 patent is entitled "Frequency Jittering Control for Varying the Switching Frequency of a Power Supply." Defendants admit that on its face the '876 patent lists "Power Integrations, Inc." as the assignee. Defendants admit that a copy of the '876 patent was attached to PI's original Complaint as Exhibit B. Defendants deny any and all remaining allegations of paragraph 18.

19. In response to paragraph 19 of the Complaint, Defendants deny any and all allegations contained therein.

20. In response to paragraph 20 of the Complaint, Defendants deny any and all allegations contained therein.

21. In response to paragraph 21 of the Complaint, Defendants deny any and all allegations contained therein.

22. In response to paragraph 22 of the Complaint, Defendants deny any and all allegations contained therein.

## THIRD CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 7,110,270

23. In response to paragraph 23 of the Complaint, Defendants reallege its answers as set forth in paragraphs 1-10 above as though fully set forth in this paragraph.

24. In response to paragraph 24 of the Complaint, Defendants admit that the title page of United States Patent No. 7,110,270 ("the '270 patent") states on its face that the patent was issued on September 19, 2006. Defendants admit that on its face the '270 patent is entitled "Method and Apparatus for Maintaining a Constant Load Current with Line Voltage in a Switch Mode Power Supply." Defendants admit that on its face the '270 patent lists "Power Integrations, Inc." as the assignee. Defendants admit that a copy of the '270 patent was attached to PI's original Complaint as Exhibit C. Defendants deny any and all remaining allegations of paragraph 24.

25. In response to paragraph 25 of the Complaint, Defendants deny any and all allegations contained therein.

26. In response to paragraph 26 of the Complaint, Defendants deny any and all allegations contained therein.

27. In response to paragraph 27 of the Complaint, Defendants deny any and all allegations contained therein.

## AFFIRMATIVE AND OTHER DEFENSES

Further Answering the Complaint, Defendants assert the following defenses. Defendants reserve the right to amend their answer with additional defenses as further information is obtained.

### First Defense: Noninfringement of the Asserted Patents

28. Defendants have not infringed and do not infringe, directly or indirectly, willfully or otherwise, any valid claim of the '851 Patent, the '876 Patent, or the '270 Patent, and are not liable for infringement thereof.

29. No product made by Defendants or process used by Defendants infringes the '851 Patent, the '876 Patent, or the '270 Patent because PI's Complaint fails to state a claim that meets the requirements of 35 U.S.C. § 271.

### Second Defense: Invalidity of the Asserted Patents

30. The '851 Patent, the '876 Patent, and the '270 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C, including without limitation 35 U.S.C §§ 102, 103, 112, 121, and/or under the doctrine of obviousness-type double patenting.

### Third Defense: Unavailability of Relief

31. PI has failed to plead and meet the requirements of 35 U.S.C. § 271(b) and (c) and is not entitled to any alleged damages from Defendants.

### Fourth Defense: Unavailability of Relief (Marking and Notice)

32. PI has failed to plead and meet the requirements of 35 U.S.C. § 287 on marking and notice, and has otherwise failed to show that it is entitled to any damages prior to the filing date of the Complaint.

### Fifth Defense: Limitation on Damages (Past Damages)

33. PI's claim for relief and prayer for damages are limited by 35 U.S.C. § 286.

### Sixth Defense: Limitation on Damages (Increased Damages and Attorney Fees)

34. PI has failed to plead and meet the requirements of 35 U.S.C. § 284 and 285 for increased damages and attorney fees and is not entitled to any such increased damages or attorney fees.

### Seventh Defense: Prosecution History Estoppel

35. PI is precluded under the doctrine of prosecution history estoppel from asserting any construction of any of the claims of the patents-in-suit to cover any accused product or

activity by Defendants based on arguments made by PI during the prosecution and reexamination of the '851 Patent, the '876 Patent, the '270 Patent and/or any related patents, including, but not limited to, U.S. Patent No. 6,229,366 and/or U.S. Patent No. 6,781,357.

### Eighth Defense:  Estoppel

36. PI's claims for relief are barred and unenforceable, in whole or in part, under the doctrine of estoppel.

### Ninth Defense:  Laches

37. PI's claims for relief are barred and unenforceable, in whole or in part, under the doctrine of laches.

### Tenth Defense:  Waiver

38. PI's claims for relief are barred and unenforceable, in whole or in part, under the doctrine of waiver.

### Eleventh Defense:  Res Judicata

39. PI's claims are barred and unenforceable, in whole or in part, under the doctrine of res judicata.

### Twelth Defense:  Unclean hands

40. PI's claims for relief are barred and unenforceable, in whole or in part, due to unclean hands.

### COUNTERCLAIMS

### THE PARTIES

1. Fairchild Semiconductor Corporation is a corporation duly incorporated under the laws of the State of Delaware, with its headquarters located at 82 Running Hill Road, South Portland, Maine, 04106.

2. System General Corporation ("SG") is a corporation duly incorporated under the laws of Taiwan, with its headquarters located at 5F, No. 9, Alley 6, Lane 45 Bao Shing Road, Shin Dian, Taipei, Taiwan.

3. SG is a wholly owned subsidiary of Fairchild Semiconductor Corporation.

4. Upon information and belief, defendant Power Integrations, Inc. ("Power Integrations") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San Jose, California, 95138.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

6. Upon information and belief, this Court has personal jurisdiction over Power Integrations because Power Integrations has purposely availed itself of the privilege of conducting activities within this State and District.

7. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400 because Power Integrations is subject to personal jurisdiction in this judicial District.

## GENERAL ALLEGATIONS

8. Upon information and belief, Power Integrations manufactures, or has manufactured for it, pulse width modulation ("PWM") controller integrated circuit devices (*e.g.*, devices intended for use in power conversion applications such as LCD monitor power supplies, off-line power supplies or battery chargers for portable electronics), and directly, and through its affiliates, make, use, import, sell, and offer to sell the same throughout the United States, including Delaware. Power Integrations also supports and encourages others to import, use, offer for sale, and sell throughout the United States, including Delaware, products incorporating Defendant's integrated circuit devices.

## FIRST COUNTERCLAIM
## INFRINGEMENT OF U.S. PATENT NO. 7,259,972

9. The allegations of paragraphs 1-8 are incorporated as though fully set forth herein.

10. SG is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 7,259,972, entitled "Primary-Side-Control

Power Converter Having Switching Controller Using Frequency Hopping and Voltage And Current Control Loops" (the '972 patent"), which was duly and legally issued on August 21, 2007. A true and correct copy of the '972 patent is attached hereto as Exhibit A.

11. On information and belief, Power Integrations has been and is now infringing, inducing infringement, and contributing to the infringement of the '972 patent in this District and elsewhere by making, using, selling, or offering to sell in the United States and/or importing into the United States devices, including PWM integrated circuit devices, covered by one or more claims of the '972 patents, and/or contributing to or inducing the same by third parties, all to the injury of Counterclaim-Plaintiffs.

12. Power Integrations' acts of infringement have injured and damaged Counterclaim-Plaintiffs.

13. Power Integrations' infringement has caused irreparable injury to Counterclaim-Plaintiffs and will continue to cause irreparable injury until Power Integrations is enjoined from further infringement by this Court.

## SECOND COUNTERCLAIM

### INFRINGEMENT OF U.S. PATENT NO. 7,352,595

14. The allegations of paragraphs 1-8 of these Counterclaims are incorporated as though fully set forth herein.

15. SG is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 7,352,595 entitled "Primary-Side Controlled Switching Regulator" (the '595 patent"), which was duly and legally issued on April 1, 2008. A true and correct copy of the '595 patent is attached hereto as Exhibit B.

16. On information and belief, Power Integrations has been and is now infringing, inducing infringement, and contributing to the infringement of the '595 patent in this District and elsewhere by making, using, selling, or offering to sell in the United States and/or importing into the United States devices, including PWM integrated circuit devices, covered by one or more

claims of the '595 patents, and/or contributing to or inducing the same by third parties, all to the injury of Counterclaim-Plaintiffs.

17. Power Integrations' acts of infringement have injured and damaged Counterclaim-Plaintiffs.

18. Power Integrations' infringement has caused irreparable injury to Counterclaim-Plaintiffs and will continue to cause irreparable injury until Power Integrations is enjoined from further infringement by this Court.

## THIRD COUNTERCLAIM
## INFRINGEMENT OF U.S. PATENT NO. 7,061,780

19. The allegations of paragraphs 1-8 of these Counterclaims are incorporated as though fully set forth herein.

20. SG is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 7,061,780, entitled "Switching Control Circuit with Variable Switching Frequency for Primary-Side-Controlled Power Converters" (the '780 patent"), which was duly and legally issued on June 13, 2006. A true and correct copy of the '780 patent is attached hereto as Exhibit C.

21. On information and belief, Power Integrations has been and is now infringing, inducing infringement, and contributing to the infringement of the '780 patent in this District and elsewhere by making, using, selling, or offering to sell in the United States and/or importing into the United States devices, including PWM integrated circuit devices, covered by one or more claims of the '780 patents, and/or contributing to or inducing the same by third parties, all to the injury of Counterclaim-Plaintiffs.

22. Power Integrations' acts of infringement have injured and damaged Counterclaim-Plaintiffs.

23. Power Integrations' infringement has caused irreparable injury to Counterclaim-Plaintiffs and will continue to cause irreparable injury until Power Integrations is enjoined from further infringement by this Court.

## FOURTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

24. The allegations of paragraphs 1-8 of these Counterclaims are incorporated as though fully set forth herein.

25. Power Integrations purports to be the owner of the '851, '876, and '270 Patents.

26. Power Integrations alleges that Defendants have infringed the '851 Patent, the '876 Patent, and the '270 Patent.

27. Defendants do not manufacture within the United States any products accused of infringing the '851 Patent.

28. Defendants do not manufacture within the United States any products accused of infringing the '876 Patent.

29. Defendants do not manufacture within the United States any products accused of infringing the '270 Patent.

30. Power Integrations has not accused the following Fairchild devices of infringing claims of the '851 Patent, the '876 Patent, or the '270 Patent:

| FAN7602B | FSQ0165R | FSQ0265R | FSQ0365R |
| FSQ0465R | FSQ0565R | FSQ0765R | FSQ100 |
| FSQ110 | FSQ311 | FSQ321 | FSQ510 |
| FSQ31111 | FSQ0170RNA | FSQ0270RNA | FSQ0370RNA |
| FSDM311A | FSDM0465 | FSDM0565 | FSDM07652 |

31. No activity by Defendants comes within the requirements of 35 U.S.C. § 271 with respect to the '851 Patent, the '876 Patent, or the '270 Patent, and Defendants are not liable for infringement of the '851 Patent, the '876 Patent, or the '270 Patent under 35 U.S.C. § 271.

32. Defendants' activities that are outside of the United States do not come within the requirements of 35 U.S.C. § 271 with respect to the '851 Patent, the '876 Patent, or the '270 Patent, and do not constitute infringement.

33. An actual controversy, within the meaning of 28 U.S.C. § 2201 and 2202, exists between Defendants, on the one hand, and Power Integrations, on the other hand, with respect to the infringement or noninfringement of the '851 Patent, the '876 Patent, and/or the '270 Patent.

## FIFTH COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '851 PATENT

34. The allegations of paragraphs 1-8 of these Counterclaims are incorporated as though fully set forth herein.

35. The '851 Patent, and each claim thereof, is invalid for failing to comply with the provisions of the Patent Laws, including one or more of 35 U.S.C. §§ 102, 103, 112, and 121.

36. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Defendants, on the one hand, and PI, on the other hand, with respect to whether the claims of the '851 Patent are valid or invalid.

## SIXTH COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '876 PATENT

37. The allegations of paragraphs 1-8 of these Counterclaims are incorporated as though fully set forth herein.

38. The '876 Patent, and each claim thereof, is invalid for failing to comply with the provisions of the Patent Laws, including one or more of 35 U.S.C. §§ 102, 103, 112, and 121.

39. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Defendants, on the one hand, and PI, on the other hand, with respect to whether the claims of the '876 Patent are valid or invalid.

## SEVENTH COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '270 PATENT

40. The allegations of paragraphs 1-8 of these Counterclaims are incorporated as though fully set forth herein.

41. The '270 Patent, and each claim thereof, is invalid for failing to comply with the provisions of the Patent Laws, including one or more of 35 U.S.C. §§ 102, 103, 112, and 121.

42. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Defendants, on the one hand, and PI, on the other hand, with respect to whether the claims of the '270 Patent are valid or invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. The Court enters judgment against PI, and dismiss with prejudice, any and all claims of PI's Complaint for Patent Infringement; and order that Plaintiff take nothing as a result of the Complaint;

2. The Court enters judgment declaring that Defendants have not infringed, contributed to infringement of, or induced infringement of the '851 Patent, the '876 Patent, or the '270 Patent;

3. The Court enters judgment declaring that the '851 Patent, the '876 Patent, and the '270 Patent are invalid;

4. The Court enters judgment that Power Integrations infringes the '972 patent;

5. The Court enters judgment that Power Integrations infringes the '595 patent;

6. The Court enters judgment that Power Integrations infringes the '780 patent;

7. The Court enters a permanent injunction preventing Power Integrations and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, offering to sell, or selling in the United States or importing into the United States any devices that infringe any claims of the '972, '595, or '780 patents, or contributing to or inducing the same by others;

8. The Court enters a judgment against Power Integrations for money damages sufficient to compensate Defendants for Power Integrations' infringement of the '972, '595, and '780 patents in an amount to be determined at trial;

9. The Court orders an accounting for infringing sales not presented at trial and awards additional damages for any such infringing sales;

10. The Court awards to Defendants its reasonable costs and attorneys' fees against Power Integrations pursuant to the provisions of 35 U.S.C. § 285;

11. The Court awards to Defendants pre-judgment interest and costs of this action;

12. The Court grants to Defendants such other and further relief as may be deemed just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38.1 of the Local Rules of the United States District Court for the District of Delaware, Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corporation hereby demand a trial by jury on this action.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Defendants
Fairchild Semiconductor International,
Inc., Fairchild Semiconductor
Corporation and System General Corp.*

*Of Counsel:*

G. Hopkins Guy, III
Bas de Blank
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: November 7, 2008