IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, and SYSTEM GENERAL CORPORATION, a Taiwanese corporation,<br><br>　　　　　Defendants. | C.A. No. 08-309 JJF-LPS<br><br>**JURY TRIAL REQUESTED FOR PLAINTIFF'S COUNTERCLAIMS ON REPLY** |

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS AND
PLAINTIFF'S COUNTERCLAIMS ON REPLY**

Plaintiff and Counter-defendant Power Integrations, Inc. ("Power Integrations") answers and counterclaims to the allegations set forth in the Counterclaims of Defendants and Counterclaimants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corporation (collectively "Defendants") (D.I. 49).  Except as expressly admitted below, Power Integrations denies each and every allegation in Defendants' Counterclaims.  To the extent any heading or non-numbered statements in Defendants' counterclaims contains an allegation, Power Integrations denies each and every allegation therein.

Specifically, Power Integrations answers as follows:

**ANSWER TO DEFENDANTS' COUNTERCLAIMS**

**THE PARTIES**

1.　　　　Upon information and belief, Power Integrations admits the allegations of Paragraph 1 of the Counterclaims.

2.      Upon information and belief, Power Integrations admits the allegations of Paragraph 2 of the Counterclaims.

3.      Upon information and belief, Power Integrations admits the allegations of Paragraph 3 of the Counterclaims.

4.      Admitted.

## ANSWER ON JURISDICTION AND VENUE

5.      Power Integrations admits that the Counterclaims purport to bring an action under Title 35 U.S.C. § 1 *et seq* but Power Integrations expressly denies any liability thereunder. Power Integrations also admits that the Counterclaims purport to state a cause of action over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      Power Integrations admits that this Court has personal jurisdiction over Power Integrations.

7.      Power Integrations admits that, for the purpose of this action only, venue is proper in this district.

## ANSWER TO GENERAL ALLEGATIONS

8.      Power Integrations admits that it has manufactured, for it, pulse width modulation ("PWM") controller integrated circuit devices.  Power Integrations admits that these PWM controller integrated circuit devices are imported, used, sold, and offered for sale throughout the United States including Delaware.  Power Integrations admits that it supports and encourages its customers to use Power Integrations' devices by incorporating them in other products made by those customers and, on information and belief, that some of those customers' products are imported, used, sold, and offered for sale throughout the United States, including Delaware. Power Integrations denies all other allegations of Paragraph 8.

## ANSWER TO FIRST COUNTERCLAIM
### Infringement of U.S. Patent No. 7,259,972

9.      Power Integrations realleges its answers as set forth in paragraphs 1-8 above as though fully set forth in this Paragraph.

10.     Power Integrations admits that on its face United States Patent No. 7,259,972 is entitled "Primary-Side-Control Power Converter Having [A] Switching Controller Using Frequency Hopping and Voltage and Current Control Loops."[1]  Power Integrations also admits that, on its face, the '972 patent was issued on August 21, 2007 and was assigned to System General Corporation.  Power Integrations further admits that Exhibit A purports to be the '972 patent.  Power Integrations denies that the '972 patent was duly and legally issued.  Power Integrations is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies the same.

11.     To the extent that "Counterclaim-Plaintiffs"[2] refers only to System General Corp. ("SG"), Power Integrations denies the allegations of Paragraph 11.  To the extent that the term "Counterclaim-Plaintiffs" includes either Fairchild Semiconductor International, Inc. or Fairchild Semiconductor Corporation (collectively "Fairchild"), Power Integrations also further denies the allegations of Paragraph 11 because Fairchild lacks standing.

12.     Power Integrations denies the allegations of Paragraph 12.  Power Integrations also denies the allegations of Paragraph 12 further specifically with respect to Fairchild because Fairchild lacks standing.

13.     Power Integrations denies the allegations of Paragraph 13.  Power Integrations also denies the allegations of Paragraph 13 further specifically with respect to Fairchild because Fairchild lacks standing.

### ANSWER TO SECOND COUNTERCLAIM
### Infringement of U.S. Patent No. 7,352,595

14.     Power Integrations realleges its answers as set forth in paragraphs 1-8 above as though fully set forth in this Paragraph.

---

[1]  Power Integrations notes, however, that the allegations contained in Defendants' Counterclaim paragraph 9 incorrectly list the full title of the '972 patent by failing to leave out the article "a" which is bracketed in Power Integrations' Answer.

[2]  Power Integrations notes that Defendants failed to define the term "Counterclaim-Plaintiffs" in their complaint and thus the term is ambiguous and vague at best.  Power Integrations will respond as if Counterclaim-Plaintiffs refers to all Defendants and not just SG, although SG is the only party with apparent standing to complain of infringement.

15.     Power Integrations admits that on its face United States Patent No. 7,352,595 is entitled "Primary-Side Controlled Switching Regulator."  Power Integrations also admits that on its face, the '595 patent was issued on April 1, 2008 and was assigned to System General Corporation.  Power Integrations further admits that Exhibit B purports to be the '595 patent. Power Integrations denies that the '595 patent was duly and legally issued.  Power Integrations is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies the same.

16.     Power Integrations denies the allegations of Paragraph 16.  Power Integrations also denies the allegations of Paragraph 16 further specifically with respect to Fairchild because Fairchild lacks standing.

17.     Power Integrations denies the allegations of Paragraph 17.  Power Integrations also denies the allegations of Paragraph 17 further specifically with respect to Fairchild because Fairchild lacks standing.

18.     Power Integrations denies the allegations of Paragraph 18.  Power Integrations also denies the allegations of Paragraph 18 further specifically  with respect to Fairchild because Fairchild lacks standing.

## ANSWER TO THIRD COUNTERCLAIM
### Infringement of U.S. Patent No. 7,061,780

19.     Power Integrations realleges its answers as set forth in paragraphs 1-8 above as though fully set forth in this Paragraph.

20.     Power Integrations admits that on its face United States Patent No. 7,061,780 is entitled "Switching Control Circuit with Variable Switching Frequency for Primary-Side-Controlled Power Converters."  Power Integrations also admits that on its face, the '780 patent was issued on June 13, 2006 and was assigned to System General Corporation.  Power Integrations further admits that Exhibit C purports to be the '780 patent.  Power Integrations denies that the '780 patent was duly and legally issued.  Power Integrations is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies the same.

21.    Power Integrations denies the allegations of Paragraph 21.  Power Integrations also denies the allegations of Paragraph 21 further specifically with respect to Fairchild because Fairchild lacks standing.

22.    Power Integrations denies the allegations of Paragraph 22.  Power Integrations also denies the allegations of Paragraph 22 further specifically with respect to Fairchild because Fairchild lacks standing.

23.    Power Integrations denies the allegations of Paragraph 23.  Power Integrations also denies the allegations of Paragraph 23 further specifically with respect to Fairchild because Fairchild lacks standing.

**ANSWER TO FOURTH COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement**

24.    Power Integrations realleges its answers as set forth in paragraphs 1-8 above as though fully set forth in this Paragraph.

25.    Admitted.

26.    Admitted.

27.    Power Integrations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

28.    Power Integrations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

29.    Power Integrations is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

30.    Power Integrations has alleged in its complaint that Fairchild and SG are infringing Power Integrations' patents-in-suit by making, using, selling, and/or offering to sell in the U.S., or importing into the U.S., integrated circuit controller products that are covered by one or more claims of the Power Integrations patents, and by contributing to and inducing others to

do the same.  As part of discovery in this matter, Power Integrations has generally identified all Fairchild and SG controller products currently known to it which include the patented frequency jitter and output power limit features as infringing devices and, further, has provided a non-limited list of specific part numbers believed by Power Integrations at the time of its discovery responses to correspond to parts that contain either or both of the infringing features.  Power Integrations admits that, as of the date of this pleading, the part numbers listed in Paragraph 30 of the Counterclaims have not been identified by Power Integrations as corresponding to infringing products based on presently known, publicly available information, and Power Integrations' present information and belief is that these part numbers correspond to products that either do not exist, or do not contain either of the infringing features.

31.     Power Integrations denies the allegations of Paragraph 31.

32.     Power Integrations denies the allegations of Paragraph 32.

33.     Admitted.

**ANSWER TO FIFTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the '851 Patent**

34.     Power Integrations realleges its answers as set forth in paragraphs 1-8 above as though fully set forth in this Paragraph.

35.     Power Integrations denies the allegations of Paragraph 35.

36.     Admitted.

**ANSWER TO SIXTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the '876 Patent**

37.     Power Integrations realleges its answers as set forth in paragraphs 1-8 above as though fully set forth in this Paragraph.

38.     Power Integrations denies the allegations of Paragraph 38.

39.     Admitted.

**ANSWER TO SEVENTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of the '270 Patent**

40.     Power Integrations realleges its answers as set forth in paragraphs 1-8 above as though fully set forth in this Paragraph.

41.     Power Integrations denies the allegations of Paragraph 41.

42.     Admitted.

**ANSWER TO PRAYER FOR RELIEF**

Power Integrations denies that Defendants are entitled to any relief whatsoever, either as requested in Defendants' prayer for relief or otherwise.  In addition, Power Integrations denies that Fairchild is entitled to any relief with respect to the '972, '595, or '780 patents because it lacks standing to sue.

**AFFIRMATIVE AND OTHER DEFENSES**

Further responding to Defendants' Counterclaims, Power Integrations asserts the following defenses.  Power Integrations reserves the right to amend its answer with additional defenses as further information is obtained.

**First Affirmative Defense**
**(Non-Infringement)**

43.     Power Integrations does not infringe and has not infringed (literally, under the doctrine of equivalents, contributorily, or by inducement) any valid and enforceable claim of the '972, '595, or '780 patents.

**Second Affirmative Defense**
**(Invalidity)**

44.     The '972, '595, and '780 patents are invalid because each fails to satisfy the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§  102, 103 and 112.

### Third Affirmative Defense
### (Unenforceability-Unclean Hands)

45.     SG is barred by SG's unclean hands from enforcing the '972, '595, and '780 patents against Power Integrations.

### Fourth Affirmative Defense
### (Unavailability of relief – Marking and Notice)

46.     SG has failed to plead and meet the requirements of 35 U.S.C. § 287 on marking and notice, and has otherwise failed to show that it is entitled to any damages prior to the filing date of the complaint.

### Fifth Affirmative Defense
### (Unenforceability-Patent Misuse)

47.     SG's claims against Power Integrations are barred by SG's patent misuse.

### Sixth Affirmative Defense
### (Infringement-Res Judicata and Collateral Estoppel)

48.     Defendants are barred by the doctrine of res judicata and/or collateral estoppel from denying infringement for those parts previously adjudicated to infringe the '851 and '876 patents.

49.     Defendants are also barred by the doctrine of res judicata and/or collateral estoppel from denying infringement of those parts not colorably different from those previously adjudicated to infringe the '851 and '876 patents.

### Seventh Affirmative Defense
### (Validity-Res Judicata and Collateral Estoppel)

50.     Defendants are barred by the doctrine of res judicata and/or collateral estoppel from denying the validity of those claims of the '876 and '851 patents previously adjudicated valid by a jury and for those additional claims for which the legal and factual underpinnings of the validity issue are substantially identical.

### PLAINTIFF POWER INTEGRATIONS' DECLARATORY JUDGMENT
### COUNTERCLAIMS

Plaintiff Power Integrations, Inc. hereby alleges as follows:

## THE PARTIES

51.     Power Integrations, Inc. ("Power Integrations") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San Jose, California, 95138.

52.     Upon information and belief, defendant Fairchild Semiconductor International, Inc. is incorporated under the laws of the state of Delaware, with its headquarters located at 82 Running Hill Road, South Portland, Maine, 04106.

53.     Upon information and belief, defendant SG is incorporated under the laws of Taiwan, with its headquarters located at 5F, No. 9, Alley 6, Lane 45 Bao Shing Road, Shin Dian, Taipei, Taiwan.  Upon information and belief, SG is a wholly owned subsidiary of Fairchild Semiconductor International, Inc.

## JURISDICTION AND VENUE

54.     This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35 U.S.C. § 271 *et seq*.  An actual, substantial and continuing justiciable controversy exists between Power Integrations and SG with respect to which Power Integrations requires a declaration of its rights by this Court.  At present the controversy relates to the noninfringement and invalidity of U.S. Patent Nos. 7,259,972 ("the '972 patent"), 7,352,595 ("the '595 patent"), and 7,061,780 ("the '780 patent") and SG's right to threaten and/or maintain a suit for infringement on the same.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

55.     This Court has personal jurisdiction over SG because SG has purposely availed itself of the privilege of conducting activities within the State and District.

56.     Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(c) and because SG is subject to personal jurisdiction in this judicial district

## GENERAL ALLEGATIONS

57.     On October 14, 2008, SG filed a complaint for patent infringement against Power Integrations, alleging that Power Integrations infringes the '972, '595, and '780 patents.

58.     SG purports to be the sole owner of the '972, '595, and '780 patents.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 7,259,972**

59.     The allegations of paragraphs 51-58 are incorporated as though fully set forth herein.

60.     Power Integrations has not infringed and does not infringe the '972 patent.

61.     Power Integrations is entitled to a judicial determination and declaration that it does not infringe the '972 patent.

**SECOND COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 7,259,972**

62.     The allegations of paragraphs 51-58 are incorporated as though fully set forth herein.

63.     The claims of the '972 patent are invalid because of a failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including §§ 102, 103, and 112.

64.     Power Integrations is entitled to a judicial determination and declaration that the '972 patent is invalid.

**THIRD COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 7,352,595**

65.     The allegations of paragraphs 51-58 are incorporated as though fully set forth herein.

66.     Power Integrations has not infringed and does not infringe the '595 patent.

67.     Power Integrations is entitled to a judicial determination and declaration that it does not infringe the '595 patent.

## FOURTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 7,352,595

68.     The allegations of paragraphs 51-58 are incorporated as though fully set forth herein.

69.     The claims of the '595 patent are invalid because of a failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including §§ 102, 103, and 112.

70.     Power Integrations is entitled to a judicial determination and declaration that the '595 patent is invalid.

## FIFTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 7,061,780

71.     The allegations of paragraphs 51-58 are incorporated as though fully set forth herein.

72.     Power Integrations has not infringed and does not infringe the '780 patent.

73.     Power Integrations is entitled to a judicial determination and declaration that it does not infringe the '780 patent.

## SIXTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 7,061,780

74.     The allegations of paragraphs 51-58 are incorporated as though fully set forth herein.

75.     The claims of the '780 patent are invalid because of a failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including §§ 102, 103, and 112.

76.     Power Integrations is entitled to a judicial determination and declaration that the
'780 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief with regard to its Answer and
Declaratory Judgment Counterclaims:

(a)     That the Court enter judgment against SG and Fairchild and dismiss with
prejudice any and all of their counterclaims and order that counterclaim-plaintiffs take nothing as
a result of the counterclaims;

(b)     declaratory judgment that Power Integrations does not infringe the '972 patent;

(c)     declaratory judgment that the '972 patent is invalid;

(d)     declaratory judgment that Power Integrations does not infringe the '595 patent;

(e)     declaratory judgment that the '595 patent is invalid;

(f)     declaratory judgment that Power Integrations does not infringe the '780 patent;

(g)     declaratory judgment that the '780 patent is invalid;

(h)     Declaring this an exceptional case under 35 U.S.C. § 285;

(i)     Awarding Power Integrations its costs in this action and its reasonable attorneys'
fees; and

(j)     such other and further relief as this Court finds just and proper.

## JURY DEMAND

Plaintiff Power Integrations requests trial by jury.

Dated:  November 19, 2008

FISH & RICHARDSON P.C.

By:  */s/ William J. Marsden, Jr.*

William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile:  (302) 652-0607
Email:  marsden@fr.com
          kcompton@fr.com

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Howard G. Pollack
Michael R. Headley
Scott Penner
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50619523 (2).doc