IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Power Integrations Inc., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 08-309-JJF-LPS |
| Fairchild Semiconductor International Inc., Fairchild Semiconductor Corporation, and System General Corporation, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corp. ("Fairchild") have moved to stay this patent infringement lawsuit. (D.I. 28) Plaintiff, Power Integrations, Inc. ("PI"), opposes a stay. For the reasons set forth below, the Court DENIES Fairchild's motion to stay.

1. PI filed this action on May 23, 2008. (D.I. 1) The complaint alleges that Fairchild infringes three United States Patents: No. 6,107,851, entitled "Offline Converter with Integrated Softstart and Frequency Jitter" ("'851 patent"); No. 6,249,876, entitled "Frequency Jittering Control for Varying the Switching Frequency of a Power Supply" ("'876 patent"); and No. 7,110,270, entitled "Method and Apparatus for Maintaining a Constant Load Current with Line Voltage in a Switch Mode Power Supply" ("'270 patent").

2. On September 3, 2008, PI filed a proposed Rule 16 scheduling order. (D.I. 23)

3. On October 1, 2008, Fairchild filed its motion to stay. (D.I. 28)

4. On October 3, 2008, the Court held a status conference. (D.I. 43) Briefing on

Fairchild's motion to stay was completed on October 27, 2008. (D.I. 46) Subsequently, on December 15 and 17, 2008, the parties submitted letters apprising the Court of the status of pending reexaminations of two of the patents-in-suit. (D.I. 52, 54) Although some initial discovery has been exchanged (*see, e.g.*, D.I. 26, 27, 53), the Court has not entered a scheduling order.

5.  PI asserts that Fairchild has infringed claim 1 of the '876 patent; claims 11, 16-18 of the '851 patent; and claims 6-9 of the '270 patent. (D.I. 28 Ex. 1)[1] In April 2008, prior to PI's filing of the instant suit, the PTO had issued an initial office action rejecting (among others) claim 1 of the '876 patent and claims 11, 16, and 17 of the '851 patent. (D.I. 28 Exs. 4 & 5) At the same time, the PTO had denied an *ex parte* request to reexamine claim 18 of the '851 patent. (D.I. 28 Ex. 5) It was on the basis of these reexaminations that Fairchild sought a stay.

6.  On December 3, 2008, the PTO issued a final rejection of (among others) claim 1 of the '876 patent and claims 11, 16, and 17 of the '851 patent. (D.I. 52 Exs. 1 & 2) On this basis, Fairchild continues to seek to stay the instant litigation. (D.I. 52) PI continues to oppose a stay. (D.I. 54)

7.  As both parties recognize, whether or not to stay litigation pending a reexamination of the patents-in-suit by the PTO is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *see also* D.I. 28 at 3; D.I. 35 at 3-4. The factors courts typically consider in deciding how to exercise this discretion are: whether a stay will simplify the issues and trial of the case, whether discovery is complete and a trial date

---

[1] PI has recently stated that it is also asserting claim 21 of the '876 patent, which is not the subject of reexam. (D.I. 54) PI had earlier identified claim 1 as the only claim of the '876 patent it was asserting. (D.I. 35 at 3) If PI is asserting additional claims that are not presently the subject of reexam, this is all the more reason to deny a stay.

has been set, and whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See St. Clair Intellectual Property Consultants v. Sony Corp.*, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003).

These factors do not neatly apply to the circumstances presented here, largely because of the lengthy and extensive history of litigation between PI and Fairchild. For approximately four years, PI and Fairchild have litigated infringement and validity issues relating to at least some of the same claims of the '876 and the '851 patents at issue here, resulting in jury verdicts and judgments in PI's favor. *See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, C.A. 04-1371-JJF (D. Del.), D.I. 555, 699, 700. In the course of the other litigation, the '876 and '851 patents were found to be valid. Although the PTO presently takes a different view of validity, the jury findings to the contrary make it unclear whether a stay will ultimately simplify the trial of the instant case. While discovery in the instant case is at its earliest stages, in the other case discovery has been completed, and it seems likely that much of that discovery will be useful here (perhaps reducing the need for extensive discovery). Likewise, the lack of a trial date in the instant case is not particularly relevant under the circumstances. Finally, it does not appear that the grant or denial of a stay will unduly prejudice or advantage either party.

8. As already noted, not all of the patent claims asserted by PI have been rejected. Claim 18 of the '851 patent is not the subject of the pending reexamination. The '270 patent is not in reexamination (although Fairchild indicates it intends to seek reexamination). Even the now rejected claims of the '876 and '851 patents will likely be the subject of further proceedings, before some or all of the PTO, the Board of Patent Appeals and Interferences, and the Federal Circuit. No one can predict the outcome or the timing of these proceedings.

9. Weighing all the considerations, the Court concludes that it will exercise its discretion to permit this litigation to proceed. *See Widevine Techs., Inc. v. Verimatrix, Inc.*, 2008 WL 4426484 (E.D. Tex. Sept. 25, 2008) (declining stay pending reexamination sought by defendant-competitor where one of two patents-in-suit asserted by plaintiff was not subject of reexam).

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Stay (D.I. 28) is DENIED. A scheduling conference will be held promptly in accordance with a separately-issued order.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

December 19, 2008

_____
Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE