IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 08-309-JJF-LPS |
| | : |
| FAIRCHILD SEMICONDUCTOR | : |
| INTERNATIONAL, INC., ET AL., | : |
| | : |
| Defendants. | : |

## SCHEDULING ORDER

This 29th day of January, 2009, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on January 22, 2009, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery ), and is incorporated herein by reference.

2. Joinder of Other Parties and Amendment of Pleadings.

All motions to join other parties shall be filed on or before February 13, 2009. All

motions to amend or supplement the pleadings shall be filed on or before August 21, 2009.

3. <u>Discovery</u>.

The parties shall use their best good faith efforts to reduce the burden and expense of discovery by minimizing or eliminating the need to repeat discovery that was undertaken in prior and/or pending litigation between or among the parties. This good faith obligation requires that the parties cooperate and not needlessly require the production of identical documents that have already been produced nor require the deposition of witnesses who have already been deposed without a good faith basis to believe such witness has additional relevant information to provide.

a. <u>Limitation on Hours for Deposition Discovery</u>.

Each side is limited to a total of one hundred fifty (150) hours of taking testimony by deposition upon oral examination, excluding expert depositions.

b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

Depositions of witnesses located in California shall be taken in California. The parties further agree that they shall meet and confer regarding the location of other depositions.

c. <u>Discovery Cut Off</u>.

The written discovery cutoff shall be October 26, 2009. All fact discovery in this case shall be initiated so that it will be completed on or before November 27, 2009. All expert

discovery in this case shall be initiated so that it will be completed on or before March 31, 2010. The parties shall be permitted a maximum of sixty five (65) interrogatories, including contention interrogatories, for each side.

The Court encourages the parties to serve and respond to contention interrogatories early in the case. Accordingly, on or before April 20, 2009 the parties will respond to contention interrogatories regarding infringement contentions, and will no longer contend that it is premature to respond to such contention interrogatories. On or before May 20, 2009 the parties will respond to contention interrogatories regarding invalidity contentions, and will no longer contend that it is premature to respond to such contention interrogatories. These deadlines regarding contention interrogatories are not final.

The parties shall be permitted a maximum of one hundred (100) requests for admission by each side. Except as otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d. <u>Disclosure of Expert Testimony</u>.

For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 31, 2010. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before February 28, 2010. All expert discovery, including expert depositions, be completed by March 31, 2010.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition,

    e. To the extent any objection to expert testimony is made pursuant to the

3

principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    f. <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

    4. <u>E-discovery and Electronic Document Retention</u>.

    a. The parties recognize that the burden of suspending normal policies regarding electronic backup systems for disaster recovery outweighs the potential relevance of documents that might only be captured by some interim backup on an unknown date. Therefore, the parties agree that they can continue to utilize their standard disaster recovery systems, and specifically agree that each party may continue to recycle backup tapes per their standard disaster

recovery systems protocol; provided however, that each party shall retain throughout the litigation one set of backup tapes from its disaster recovery systems, as follows: Power Integrations shall retain one set of backup tapes from a standard backup performed during the month of May 2008; Defendants shall retain one set of backup tapes from a standard backup performed during the month of September 2008.

b. Electronic File Searching.

The parties agree that each party may use reasonable keyword searching to identify electronic documents reasonably likely to have discoverable information regarding the subject matter of this lawsuit.

Power Integrations believes that the volume of updated production in this case should be manageable without protracted electronic discovery work given the parties' experience with these patents and the technology at issue from their earlier cases.

Defendants expect that there will be voluminous electronic discovery related to the claims, counterclaims, and defenses and propose that the parties meet and confer to seek to agree upon a mutually agreeable date on which to exchange keywords.

c. Form of Production of Electronic Documents.

The parties anticipate producing most documents in an electronic format such as TIFF files-specifically a form that preserves the page breaks between documents and otherwise allows to documents to be identified. If the parties produce documents as TIFF files, they will also provide load files. The parties further agree that the electronically produced files do not need to be OCR'd prior to production. The parties also anticipate producing certain documents in their native format and will meet and confer regarding such production as necessary and

appropriate.

5. <u>Protective Order</u>. A protective order has been entered in this case. Nothing in this Scheduling Order is intended to alter the terms of any protective order entered in any previous and/or pending litigation between or among the parties.

6. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

7. <u>ADR Process</u>. This matter has been referred to Magistrate Judge Thynge to explore the possibility of alternative dispute resolution.

8. <u>Interim Status Report</u>. On July 15, 2009, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

9. <u>Status Conference</u>. On July 22, 2009, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 9:30 a.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

10. <u>Tutorial Describing the Technology and Matters in Issue</u>.

On August 25, 2009, beginning at 10:00 a.m., the Court will hold a hearing during which the parties will present a tutorial on the technology at issue. The tutorial should not be used to

argue the parties' claims construction contentions. The parties shall arrange for the in-court tutorial to be videotaped, with a copy to be provided to the Court following the hearing, with costs to be shared equally by both sides. To the extent any party has previously provided the Court with a videotape/CD tutorial on some or all of the technology in issue, that party may resubmit such videotape/CD as part or all of its tutorial, provided, however, that such party appears and is prepared to answer any questions during the in-court tutorial.

11. <u>Case Dispositive Motions</u>.

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before April 30, 2010. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

Counsel for a party who files a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure shall, at the time of filing the motion, also file a Statement certifying that no genuine issues of material fact exist with regard to the facts argued in support of the motion. Any party opposing the motion may, within the time provided by Rule 56 and after reviewing the motion, opening brief, appendix and Statement file a Counter-Statement certifying that genuine issues of material fact exist and setting forth the material facts the party contends are disputed. The Counter Statement shall be filed in lieu of an answering brief. The movant shall file a response to the Counter-Statement within five (5) business days of service of the Counter-Statement. The parties shall file no additional papers regarding the Motion for Summary Judgment until the Court decides whether factual disputes exist that would prohibit summary disposition. If the Court decides that there are no factual disputes, an

answering brief and reply brief will be ordered.

12. <u>Service</u>. Fed. R. Civ. Proc. 6(d) applies and provides for three additional days for responding to documents filed electronically, whether or not e-mailed and/or hand-delivered as well. In no event, however, shall this provision alter specific response dates as set forth elsewhere in this Scheduling Order (e.g. ¶¶ 1, 5, 8).

13. <u>Claim Construction Issue Identification</u>.

If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on July 1, 2009 the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on July 15, 2009.

The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

14. <u>Claim Construction</u>.

The parties shall contemporaneously submit initial briefs on claim construction issues on August 5, 2009. The parties' answering/responsive briefs shall be contemporaneously submitted on September 2, 2009.

8

No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(a)(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

15. Hearing on Claim Construction.

Beginning at 10:00 a.m. on September 23, 2009, the Court will hear evidence and argument on claim construction.

16. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any nondispositive motion should contain the statement required by Local Rule 7.1.1.

17. Pretrial Conference.

On September 8, 2010, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should file the pretrial order in accordance with Local Rule 16.3 and assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order ten (10) on or before August 27, 2010.

18. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine*

9

request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19. <u>Jury Instructions Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

20. <u>Trial</u>.

This matter is scheduled for a ten (10) day jury trial beginning at 9:30 a.m., on October 4, 2010, with the subsequent trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

                                                                   _____
                                                                   UNITED STATES MAGISTRATE JUDGE