## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC. : | |
| Plaintiff, : | |
| v. : | C.A. No. 08-309-LPS |
| FAIRCHILD SEMICONDUCTOR : INTERNATIONAL, INC., FAIRCHILD : SEMICONDUCTOR CORPORATION, and : SYSTEM GENERAL CORPORATION, : | |
| Defendants. : | |

### MEMORANDUM ORDER

At Wilmington this **30th** day of June, 2014:

Pending before the Court is the motion for permanent injunction filed by Plaintiff, Power Integrations Inc. ("Power"). (D.I. 740) Following a ten-day trial, on April 27, 2012 a jury returned a verdict that included findings that Defendant, Fairchild Semiconductor Inc. ("Fairchild"), directly infringed claims 1 and 21 of the '876 patent and claim 18 of the '851 patent. (D.I. 576) The jury further found that Fairchild induced infringement of the '851 patent and that all of the claims of the Power patents-in-suit were not invalid. (*Id.*) On March 29, 2013, the Court entered judgment upholding all aspects of the jury's verdict except also finding that Fairchild directly infringed the '605 patent as well. (*See* D.I. 733 at 13) On June 16, 2014, the Court heard argument on the pending motion (as well as on Fairchild's motion for a permanent injunction, which the Court denied from the bench (*see* D.I. 790)).

For the reasons stated below, IT IS HEREBY ORDERED that Power's motion (D.I. 740)

1

is GRANTED.

1. In order to obtain a permanent injunction, Power, as the moving party, must demonstrate each of the following four factors:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). Hence, a permanent injunction is not automatically awarded even after entry of a judgment of infringement of a valid patent. *See eBay*, 547 U.S. at 391-92.

2. Power has demonstrated that it has been irreparably harmed by Fairchild's infringement and will continue to be irreparably harmed going forward in the absence of the requested injunction. Power practices the patents-in-suit; sales of embodiments of these patents constitute the core of its business. (D.I. 742 Ex. E (excerpt of DX-1186) at 8 (noting that Power's power supply controller products in TOPSwitch, TinySwitch, and LinkSwitch families have historically comprised more than 95% of Power's business)) Power has never licensed the patents-in-suit to any competitor. (*Id.* Ex. D at 317:17-318:8) Power has been repeatedly praised and recognized as an innovator in its market. (*Id.* Ex. G)

Fairchild competes with Power, including for "design-win" contracts, whereby a third-party contracts with a supplier (i.e., Power or Fairchild) to design the supplier's products into the

third-party's products, essentially locking in that third-party's business for the supplier for a period usually lasting years. (*See id.* Ex. F at 47-48)[1] Power will be irreparably harmed by Fairchild competing with Power for these "design-win" contracts using technology that infringes Power's patents-in-suit. Power has already lost sales and seen its prices erode. (D.I. 599 at 1874:3-1876:10; D.I. 595 at 663:1-14)

Fairchild's contention that Power has failed to show a sufficient "causal nexus" between the patented features and the demand for Power's and Fairchild's products is unavailing. Power has adequately shown such a connection, including through trial evidence demonstrating that customers demand that the "jittering" and output power limiting features be included in the products supplied to them. (D.I. 595 at 797:1-10, 798:4-19)

Fairchild's further contention that Power cannot show irreparable harm because there are other suppliers in the market also lacks merit. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1151 (Fed. Cir. 2011) ("It is well-established that the fact that other infringers may be in the marketplace does not negate irreparable harm.") (internal quotation marks omitted). The record before the Court shows that Power and Fairchild view each other as among their most important competitors in the relevant market and have lost business to one another. (D.I. 599 at 1874:3-1876:10; D.I. 595 at 663:1-14) The Court is persuaded that some portion of the harm Power would otherwise suffer due to Fairchild's continuing infringing conduct will be avoided

---

[1] *See also Broadcom Corp. v. Emulex Corp.*, 732 F.3d 1325, 1336 (Fed. Cir. 2013) (noting that "suppliers who prevail in design-win competitions enjoy two benefits beyond merely making sales. First, a design-win effectively locks the OEM [(original equipment manufacturer)] into using the winner's component part and thus temporarily immunizes the winner from competition. Second, winners enjoy an 'incumbency effect' making them more likely to win subsequent design competitions because the OEM's familiarity with the winning supplier creates goodwill.") (internal citations omitted).

3

by entry of a permanent injunction.

3. Power has demonstrated that the harms it will suffer are not reparable by remedies available at law. The damage to Power's reputation as an innovator, price erosion, and the incumbency effects of Fairchild defeating Power for "design-wins" cannot be fully compensated by payment of damages. *See Broadcom*, 732 F.3d at 1337 (noting that "exclusion from a fair opportunity to compete for design wins constitutes irreparable harm").

4. Sales of Fairchild's infringing products account for only a fraction of Fairchild's more than $1.5 billion in annual revenue. (D.I. 742 Ex. B at 1859:18-1860:3, 1456:12-20) Power's revenue, on the other hand, is based largely on devices that practice embodiments of its patents-in-suit. (*See id.* Ex. E at 8) In this context, Power has shown that the harm that Fairchild will suffer as a result of entry of the injunction does not outweigh the harm that Power would suffer in the absence of an injunction.

5. Power has further shown that the public interest favors entry of a permanent injunction. *See Douglas Dynamics, LLC v. Buyers Products Co.*, 717 F.3d 1336, 1346 ("Th[e] detrimental effect [of inhibiting innovation] coupled with the public's general interest in the judicial protection of property rights in inventive technology, outweighs any interest the public has in purchasing cheaper infringing products."). Power has been litigating against Fairchild since at least 2004 and, in the instant case, prevailed with respect to the patents-in-suit after a hard-fought trial and post-trial motions.

6. The parties have submitted competing forms of order. The Court will enter Power's proposed order, with one exception: the Court will only enjoin Fairchild from selling, offering to sell, and importing the products found at trial to infringe and those products "not

colorably different" from them. The parties dispute which products are "not colorably different" and, in the event they continue to have this dispute, Power may need to seek additional relief.

In its proposed order, Fairchild asks that Power be required to post a bond to "protect Fairchild's interests if any injunction is overturned on appeal." However, Fairchild cites no cases to support its position, relying instead of cases involving *preliminary* injunctions, cases in which (unlike here) there was no final adjudication on the merits. Fairchild also contests the notice provision of Power's proposed injunction. That part of Power's proposal is the same as what Judge Farnan entered following a previous trial between these same parties in another, related case. (*Compare* D.I. 740-1 at ¶¶ 5-7, *with* C.A. No. 04-1371 D.I. 780 Ex. I at ¶¶ 2, 4) The Court does not believe it will be unduly burdensome on Fairchild to impose this same provision again.

_____
UNITED STATES DISTRICT JUDGE