# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 08-309-LPS |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL INC., FAIRCHILD SEMICONDUCTOR CORPORATION, and FAIRCHILD (TAIWAN) CORPORATION, | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court in this matter are the request of Defendants Fairchild Semiconductor International Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation (collectively, "Fairchild") for entry of judgment (D.I. 799; *see also* D.I. 800, 801, 802), and Power Integrations, Inc.'s ("PI") Motion for Relief from Verdicts of Infringement and Validity of U.S. Patent No. 7,259,972 ('972 patent) Pursuant to Fed. R. Civ. P. 60(b) (D.I. 805; *see also* D.I. 806, 812, 816). For the reasons stated below, the Court will ENTER FINAL JUDGMENT as proposed by Fairchild and will DENY PI's motion.

1. A vast amount of litigation has been conducted among these parties, in this Court and in other forums. Most pertinently for present purposes, this Court conducted a ten-day jury trial in April 2012. (*See* D.I. 731 at 2) The trial involved allegations of infringement and invalidity of six patents, four belonging to PI and two belonging to Fairchild, with multiple products being accused of infringement on each side. Following extensive briefing, on March 29, 2013 the Court ruled on the parties' 13 post-trial motions. (D.I. 732)

1

2. On November 6, 2014, Fairchild requested that the Court enter final judgment on the verdict, as modified by the Court's rulings on the post-trial motions. (D.I. 799) PI opposed entry of final judgment, on grounds further articulated in its motion to set aside the verdict. (*See, e.g.*, D.I. 801, 805, 806, 816)

3. The Court has today signed and will docket the Order for Entry of Final Judgment under Rule 54(b) proposed by Fairchild. (*See* D.I. 802-1) There is no reason for any further delay. Additional reasons for the Court's decision are set out in the Order itself.

4. The Court will deny PI's motion to set aside the verdict. To the extent it relies on Federal Rules of Civil Procedure 60(b)(2) or 60(b)(3), PI's motion, which was filed in November 2014, is untimely, as it comes more than 30 months after the jury's verdict and more than 19 months after the Court resolved the post-trial motions. *See* Fed. R. Civ. P. 60(c)(1). For purposes of Rule 60(b)(6), PI's motion was not filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

5. In addition, the relief sought by PI is not warranted under Rule 60(b)(2), as PI has not identified "new" evidence that could not have been discovered at the time this case was tried. Here, PI has not pointed to any evidence that existed at the time of the April 2012 trial, instead relying on statements made to the PTO and expert reports filed in *Fairchild Semiconductor Corp. et al v. Power Integrations Inc.*, C.A. No. 12-540-LPS) ("*Fairchild V*"), all occurring after the April 2012 trial. *See Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (stating that newly discovered evidence must be "evidence of facts in existence at the time of trial") (internal citation and quotation marks omitted).

6. The relief sought by PI is also not warranted under Rule 60(b)(3). PI has not

provided clear and convincing evidence of any fraud or misrepresentation. *See Miller v. Dep't of Veterans Affairs*, 2012 WL 560067, at *2 (D. Del. Feb. 16, 2012) ("In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing."). Nor has PI shown that it detrimentally relied on any purported misrepresentation. To the contrary, PI had every opportunity to try (and did try) to dissuade the jury in April 2012 from relying on evidence PI contends has always been unreliable.

7. Nor is the relief sought by PI warranted under Rule 60(b)(6), as there is no "other reason that justifies relief." To the contrary, the appropriate exercise of the Court's discretion, in balancing the need for finality with the need to provide justice, is to enter judgment and begin to bring this long-running action to a conclusion.

8. Fundamentally, the Court is not persuaded by PI's insistence that Fairchild, in a related case and in an ongoing reexamination proceeding, is presenting evidence and argument that is "flatly contradictory" to what Fairchild presented to the jury that returned a verdict on the '972 patent in the instant case. The Court rejects PI's contention that it has demonstrated "exceptional circumstances" justifying the relief it seeks.

9. What PI will be able to argue to the jury at the forthcoming trial in *Fairchild V* – specifically, whether Fairchild is correct that "[t]he factual determinations of validity and infringement in this case thus prevent PI from re-litigating in *Fairchild V* whether the LinkSwitch-II product infringes the '972 patent when in a power supply with a transformer and whether the '972 patent is valid" (D.I. 812 at 19), or whether PI is correct that taking this view would unfairly prevent PI from challenging Fairchild's evidence (*see, e.g.*, D.I. 812 at 19) – will be addressed, if required, in the context of the pretrial and trial proceedings in *Fairchild V*.

10. Fairchild's request that the Court sanction PI for bringing its motion (*see* D.I. 812 at 1, 19-20) is DENIED as this relief is not warranted under the totality of circumstances.

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

A. Fairchild's request to enter final judgment (D.I. 799) is GRANTED.

B. PI's motion to set aside the verdict (D.I. 805) is DENIED.

January 13, 2015
Wilmington, Delaware

UNITED STATES DISTRICT COURT