# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> FAIRCHILD SEMICONDUCTOR INTERNATIONAL INC., FAIRCHILD SEMICONDUCTOR CORPORATION, and FAIRCHILD (TAIWAN) CORPORATION, <br><br> Defendants. | Civil Action No. 08-309-LPS |

## **MEMORANDUM ORDER**

At Wilmington this **22nd** day of **October, 2018**:

Having reviewed the parties' proposed pretrial order (D.I. 968, 969) ("PTO"), IT IS HEREBY ORDERED that:

1      With respect to PTO ¶ 37: the parties shall provide their statement to the Court regarding any remaining issues relating to Arthur Kelley and Jacob Baker no later than **October 24**.

2.     With respect to PTO ¶ 58: if Power Integrations truly "intends to seek damages on worldwide sales" at this late date, and notwithstanding the various representations it has made and the minimal expert analysis it has disclosed, then the parties shall provide the Court with additional assistance, including their views on (a) how the Court could find it appropriate to permit Power Integrations to seek damages on worldwide sales; (b) what, if any, discovery and/or expert report Fairchild should be provided as a consequence; (c) whether both sides can fully and fairly prepare while retaining the November 5 trial date; and (d) whether, if the Court agrees to permit Power Integrations to seek damages on worldwide sales, it should certify its order for

interlocutory appeal and cancel trial. The parties' submissions shall not exceed five (5) pages single-spaced and are due on **October 23 (Power Integrations) and October 24 (Fairchild)**.

3. With respect to Exhibits 16 and 17, and what (if anything) the jury should be told about prior litigation, including reexaminations, the Court's inclination is not to permit the jury to learn anything about any prior litigation or any reexamination. That is, the Court is not inclined to permit Exhibit 16 or 17 to be presented to the jury, nor for the information contained in either exhibit to be presented to the jury in any manner. The parties shall meet and confer and, should either party wish for the Court to further consider its inclination, that party shall, no later than **October 25 at 12:00 p.m.**, submit a supplemental letter brief explaining with particularity how it would be unfairly prejudiced by the Court adhering to its inclination. In any such submission, such party shall provide its position on whether, should the Court agree to permit the jury to learn anything of prior litigation and reexaminations, it should follow a procedure similar to that employed in *GN Netcom, Inc. v. Plantronics, Inc.*, C.A. No. 12-1318 (*see, e.g.*, D.I. 502 at 5-8; D.I. 553 at 253-58), in doing so.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT