# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 08-309-LPS |
| | : | |
| FAIRCHILD SEMICONDUCTOR | : | |
| INTERNATIONAL INC., FAIRCHILD | : | |
| SEMICONDUCTOR CORPORATION, | : | |
| and FAIRCHILD (TAIWAN) CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this **25th** day of **October, 2018:**

Having reviewed the proposed pretrial order submitted by Plaintiff Power Integrations,

Inc. ("PI" or "Plaintiff") and Defendants Fairchild Semiconductor International Inc., Fairchild

Semiconductor Corporation, and Fairchild (Taiwan) Corporation ("Fairchild" or "Defendants")

(D.I. 968, 969) ("PTO"), and subsequent submissions (D.I. 977, 978, 979, 980), IT IS HEREBY

ORDERED that:

     1.     PI's motion *in limine* ("MIL") No. 1, to preclude Fairchild from introducing

evidence or argument regarding patents no longer at issue in this case, is GRANTED. Whether

PI continued to manufacture, market, and sell its products after they were found at one point to

infringe a Fairchild patent is not relevant to whether Fairchild's actions with respect to its

products after they were found to infringe PI's patents qualify as willful infringement. Even were

such evidence to be at all probative of whether Fairchild willfully infringes, the risk of unfair

prejudice to PI and of juror confusion – by introducing the jury to prior litigation between the parties, prior jury infringement findings, and the existence and outcome of appellate proceedings – substantially outweigh any relevance.

Fairchild makes the following assertion: "*If* PI argues that a responsible company should *automatically* cease selling accused products upon receipt of a complaint, during the pendency of the litigation, or after an infringement verdict, PI's parallel conduct is relevant and properly admissible under Rules 402 and 403 to support the assertion that Fairchild's continued sales do not demonstrate a reckless disregard or willfulness." (PTO Ex. 12A Fairchild's Opp. at 1) (emphasis added) If PI does so, Fairchild will have an opportunity to seek appropriate relief. Both sides should understand that the Court's pretrial rulings are subject to reevaluation should a party open the door and materially alter the considerations the Court had before it prior to trial.

2.      PI's MIL No. 2, to preclude Fairchild from relying upon any advice of counsel or theoretical defenses, will be argued at the pretrial conference ("PTC") tomorrow.

3.      PI's MIL No. 3, to preclude Fairchild from relying on PI's license agreements with its Cayman Islands subsidiaries and from introducing evidence that these licenses were part of a tax strategy, will be argued at the PTC.

4.      Fairchild's MIL No. 1, to preclude PI from referring to the existence of, outcomes in, and alleged bad acts specific to other litigations between the parties, will be argued at the PTC.

5.      Fairchild's MIL No. 2, to preclude PI from using the term "infringing product," is GRANTED. The parties agree that the accused products at issue in this case have been found to infringe PI's asserted United States patents if and when they are used or sold in the U.S. (*See,*

2

*e.g.*, PTO Ex. 13B Fairchild's Mot. at 3 ("Defendants agree that the jury should be instructed that products-at-issue infringe *if* they enter the United States."); *id.* Power's Opp. at 1 ("Power agrees that the jury can and must be instructed that infringement only occurs when the products are imported, sold, or used in the United States.")) While the Court does not intend to micromanage counsel's and witnesses' language at trial, the Court concludes that terms such as "relevant products" or "products-at-issue" will eliminate any risk of confusing or inflaming the jury. The jury will be instructed (including during preliminary instructions) as to what is in dispute (and which PI must prove; i.e., "whether, when, and how much product entered the United States, who brought it to the United States, and whether Defendants induced any infringing activity by those parties") (PTO Ex. 13B Fairchild's Mot. at 1) (*see also* Proposed Preliminary Jury Instructions, D.I. 975 at 11-12) and what is not disputed in this trial (that the products-at-issue do infringe if they enter the U.S.).

6.      Fairchild's MIL No. 3, to preclude PI from introducing prior testimony, is DENIED AS MOOT. (*See* D.I. 977 ¶ 3)

The Court has identified other disputes in the PTO and, with respect to them, orders as follows:

1.      The Court sees no need to decide which party's proposed ¶ 3 more appropriately states aspects of the prior history of this litigation. Should either party feel that this dispute requires resolution, that party should raise the issue at the PTC.

2.      The Court ADOPTS Fairchild's proposal for ¶ 12: the list of uncontested facts will not be admitted as an exhibit but either party may, with notice to the other party, read some or all of the uncontested facts to the jury, and will be charged time for doing so.

3.     The Court ADOPTS PI's proposal for ¶ 23.

4.     The Court ADOPTS PI's proposal for ¶ 24.

5.     The Court STRIKES proposed ¶¶ 28-29, as the dispute referenced there has been mooted in connection with Fairchild's MIL No. 3.

6.     The parties shall be prepared to address the dispute in ¶¶ 31-32, regarding whether deposition designations will be read or played by video, at the PTC.

7.     The Court STRIKES proposed ¶ 33. The parties are jointly responsible for providing the Court with the percentage allocations of any deposition testimony presented at trial. The Court will apply those percentages to the amount of time it takes to present the witness' designated testimony.

8.     The Court ADOPTS PI's proposal for ¶ 39: with respect to objections to expert testimony as beyond the scope of prior expert disclosures, the party losing on such an objection will be charged for all time spent (by the parties and the Court) on such objection.

9.     The Court ADOPTS PI's proposal for ¶ 44, which is consistent with the Court's standard procedures.

10.    The Court ADOPTS Fairchild's proposal for ¶ 58.

11.    Among Fairchild's "Other Unresolved Evidentiary Issues," the following items on Fairchild's list will be addressed, if at all, at trial (as Fairchild chose not to use any of its three MILs on them): (a), (b), (c), (e), and (f). The other disputes listed by Fairchild are either moot or may be raised at the PTC tomorrow, if Fairchild wishes to do so.

12.    The parties shall be prepared to discuss at the PTC their "Discovery" disputes. (PTC ¶ 65)

13. The parties shall also be prepared to address at the PTC their request for 13 hours per side for trial. Whatever number of hours the Court allocates, it intends to reserve one (1) hour of that time for closing argument. A party may request to "draw" on some portion of that reserved hour by making a specific request during trial and acknowledging that it is leaving itself relatively little time for closing argument. Subject to whatever overall allocation of time the Court provides, a party may use more than one hour for closing argument. Nor is any party required to use all of the time the Court allocates to it.

14. The parties shall also be prepared to discuss at the PTC their disputes regarding a stipulation relating to the testimony of Kelley and Baker and their positions with respect to admission of what, if any, evidence of prior litigations (including reexaminations) should be permitted at the forthcoming trial.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT