IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POWER INTEGRATIONS, INC. | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 08-309-LPS |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL INC., FAIRCHILD SEMICONDUCTOR CORPORATION, and FAIRCHILD (TAIWAN) CORPORATION, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this **31st** day of **October, 2018:**

Having reviewed the proposed pretrial order submitted by Plaintiff Power Integrations, Inc. ("PI" or "Plaintiff") and Defendants Fairchild Semiconductor International Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation ("Fairchild" or "Defendants") (D.I. 968, 969) ("PTO"), as well as subsequent submissions (D.I. 978, 979, 980), and having heard argument at the pretrial conference ("PTC") (Oct. 26, 2018 Transcript ("Tr.")), IT IS HEREBY ORDERED that:

A. PI's motion *in limine* ("MIL") No. 2, to preclude Fairchild from relying upon any advice of counsel, is GRANTED.[1] This motion concerns two pieces of evidence: Justin Chiang's

---

[1] PI's MIL No. 2 also sought to preclude Fairchild from having its expert testify regarding Fairchild's theoretical defenses, but that portion of the motion was dropped at the PTC (*see* Tr. at 5) as it relates to the parties' proposed stipulations regarding testimony from experts Baker and Kelley. (*See infra* Section C)

1

testimony and Fairchild's letters to customers. The Court will exclude both.

PI argues that Fairchild is improperly using privilege as a sword and a shield as Fairchild intends to introduce Fairchild's reliance on advice of counsel without disclosing that advice during discovery. As an initial matter, the Court is persuaded that Fairchild consistently limited its privilege waiver to privileged information obtained from opinion counsel and claimed privilege on information obtained from trial counsel. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1373 (Fed. Cir. 2007). Yet, that does not resolve PI's sword and shield concern.

PI argues that Fairchild failed to disclose, and therefore lacks, linking evidence that Fairchild relied on advice of counsel and actually believed that PI's patents would be found invalid or that Fairchild's products would be found not to infringe those patents. The Court agrees with PI. Mr. Chiang's testimony regarding his knowledge of the reexaminations and of litigation counsel's defenses must be excluded. General knowledge of the status of such proceedings, and even of the positions being advocated in them, does not equate to actual, subjective belief by Fairchild in the invalidity and/or noninfringement of asserted patent claims. Having reasonable litigation defenses is not a complete defense to willfulness. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). If (as is unclear after the oral argument) Fairchild intends to elicit materially new testimony from Mr. Chiang at trial, this would be improper, as Fairchild had an obligation to disclose evidence of its subjective intent during discovery, including through its designated Rule 30(b)(6) testimony (including from Mr. Chiang, who was designated on the pertinent topics). If nothing materially new is to be expected from Mr. Chiang at trial, then the record will continue to lack the required linking evidence.

The Court will also exclude the customer letters. In the abstract, Fairchild's

communications with its customers are relevant to the issue of whether Fairchild induced those customers to infringe PI's patents. Sometimes, however, even plainly relevant evidence must be excluded, and this is such an instance. As already explained, the record lacks linking evidence that would allow a reasonable factfinder to find that Fairchild subjectively believed in its defenses (and, therefore, subjectively believed what it was telling its customers). As importantly, Fairchild chose during discovery not to disclose its reliance on advice of counsel, so PI had no opportunity to explore the substance of this advice. Consequently, were the jury to be presented with the customer letters – which were drafted by and at the direction of counsel – the jury would have to find either: (i) these communications were directed by counsel, so Fairchild must have been following the advice of counsel, allowing Fairchild to obtain the benefit of reliance on advice of counsel without permitting appropriate discovery into it; or (ii) these communications were authored by a non-lawyer Fairchild executive or employee, who subjectively believed what he or she was communicating, which would give the jury an erroneous impression, given what the Court has already explained about the lack of linking evidence. Either way, the risk of unfair prejudice to PI substantially outweighs the probative value of the evidence at issue in this motion. Therefore – as logic, fairness, and Federal Rule of Evidence 403 require – the Court will exclude the evidence.

  B. Fairchild's MIL No. 1, to preclude PI from referring to the existence of, outcomes in, and alleged bad acts specific to other litigations between the parties, is GRANTED IN PART and DENIED IN PART.

While the upcoming trial in this case is focused on a few discrete issues, the procedural history of this case, as well as the history of litigation between the parties in other cases in this

Court and in other tribunals, is very complicated. Admission of any piece of evidence relating to a different litigation or proceeding risks requiring innumerable additional admissions of more and more evidence (for context, clarity, or fairness) from other litigations and proceedings. Such a result would cause immense confusion for the jury, which needs to remain focused on the few issues it is actually being asked to decide. At the same time, the Court is persuaded that some of the facts established in prior proceedings are relevant to willfulness, intent to induce, and/or damages in this case.

Accordingly, the Court finds it is necessary and appropriate to read into the record before the jury certain facts established in prior litigation and/or other proceedings between the parties, and to preclude the parties from presenting additional evidence related to these facts or to the prior litigations and other proceedings. The parties shall not mention to the jury at any time during trial that the parties have engaged in prior litigation, a reexamination, or any other legal proceeding with one another. The parties are also precluded from mentioning prior court orders, hearings, or trials involving the parties.

Given that the Court is substantially limiting the amount of evidence of prior litigations that may come in, and given that Fairchild cannot provide linking evidence that Fairchild relied on the reexaminations in forming its good faith belief in invalidity and noninfringement of PI's patents, the parties are further precluded from mentioning the reexamination proceedings to the jury.

The Court will include among its established "Facts" certain facts related to the importance of PI's patents to the industry, to Fairchild, and to Fairchild's customers, because those facts (which have been established in prior litigation and cannot now be challenged by

4

Fairchild) are relevant to the value of PI's patents and to Fairchild's intent. The Court will also read established facts related to Fairchild's copying and reverse-engineering of PI's products, as those facts are relevant to PI's claim of willfulness, but the Court will also tell the jury the uncontested fact that it was a different business unit of Fairchild that copied and reverse-engineered products that are not the products at issue in this case. The Court will not tell the jury that Fairchild has previously been found to infringe PI's patents, which would be unfairly prejudicial to Fairchild, especially were the jury to be told that a prior jury, judge, or the Court of Appeals found Fairchild liable. It is already stipulated that the products at issue in this case infringe in the United States; any additional statements from the Court regarding infringement would unfairly tarnish the jury's view of Fairchild and confuse the issues for them.

While the parties are not permitted to admit the underlying evidence that forms the bases of the Facts the Court will read to the jury, the parties' experts are permitted to refer to the Facts if they previously relied on the Facts or underlying evidence in forming their expert opinions. The parties may also make any appropriate argument to the jury based on the Facts.

Thus, the Court will read the following "Facts" into evidence. Either side may also display one or more of these Facts as a demonstrative exhibit. Should either party have any objections to the following Facts or wish to provide any modifications, such objections must be provided to the Court in short letter briefs no later than **November 1 at 12:00 p.m.** and any responses shall be filed no later than **November 2 at 12:00 p.m.**

### FACTS

1. Fairchild recognized the importance of Power Integrations' patents to the industry, describing them as key patents with epoch making technology.

2. The importance of the frequency jitter technology was known in the industry and to Fairchild.

3. Customers in the industry sought the Power Integrations' jitter technology in the products that they purchased prior to September 2007.

4. It has not been determined that customers of Fairchild sought frequency jitter technology in the products at issue in this case.

5. Prior to September 2007, a particular business unit of Fairchild not at issue in this case reverse-engineered Power Integrations' products with the patented jitter technology.

6. Prior to September 2007, a particular business unit of Fairchild not at issue in this case copied the technology in the '876 patent.

7. It has not been determined that Fairchild reverse-engineered or copied any technology or products of Power Integrations with respect to the products at issue in this case.

C. The testimony of PI's technical expert Arthur Kelley and Fairchild's technical expert Jacob Baker will be circumscribed as set forth below:

1. Neither Dr. Kelley nor Dr. Baker will provide testimony regarding Defendants' subjective beliefs, state of mind, good faith, or intent.

2. Neither Dr. Kelley nor Dr. Baker will provide testimony regarding any defense to invalidity or infringement, including whether there was a basis to believe in such a defense, or whether it presented a close question whose answer could not be known in advance of judicial resolution.

3. Neither Dr. Kelley nor Dr. Baker will affirmatively offer testimony on the ultimate questions of inducement or willful infringement – that is, neither expert will opine that Defendants induce or do not induce infringement or that any infringement was or was not willful.

4. Neither Dr. Kelley nor Dr. Baker will testify regarding whether it would be reasonable to conclude that Defendants' actions led to infringing imports or the reasonableness of a conclusion someone else might reach on that issue.

5. Dr. Kelley will not offer testimony that Defendants' change in experts shows that Dr. Wei's opinion is unreasonable. This does not prevent Dr. Kelley from testifying about the technical differences between the opinions of Fairchild's experts.

6. Dr. Kelley will not offer conclusions that Defendants copied.

Additionally, Dr. Kelley will not offer any of the following opinions until Power Integrations' rebuttal case, and then only on subjects for which any Fairchild witness is allowed to and does first offer testimony:

7. Whether any alleged technical defenses were reasonable or credible from a technical perspective.

8. Whether there was a basis, from a technical perspective, for Defendants to believe in a particular defense.

9. Whether any technical defenses present close technical questions or whether the answers to those questions could not be known in advance of a determination by the patent office, jury, or Federal Circuit.

Nothing the Court has stated here prohibits Dr. Kelley from providing technical testimony during Power Integrations' case-in-chief about the similarities and differences between Power Integrations' patents and the infringing products, or between Power Integrations' patents and the prior art, to assist the jury in understanding those technical issues.

Should either party object to the foregoing restrictions on the experts' opinions, they shall present such objections in short letter briefs to be filed no later than **November 1 at 12:00 p.m.** and **November 2 at 12:00 p.m.**

D. Finally, given the Court's understanding of the scope of the parties' disputes, and given the evidentiary limitations included in this Order, and while mindful of the parties' requests for thirteen (13) hours per side for their trial presentations, each side will be allocated **eleven (11) hours for its trial presentation**, including the one (1) hour the Court will tentatively hold in reserve for each party's closing arguments, all subject to the methods for counting time discussed at the PTC. The Court finds that this is a reasonable and sufficient amount of time in which each side may be fully and fairly heard at trial.

                                                                        HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT