**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| POWER INTEGRATIONS, INC., | |
| Plaintiffs, | |
| v. | C.A. No. 08-309-LPS |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., FAIRCHILD SEMICONDUCTOR CORPORATION, and FAIRCHILD (TAIWAN) CORPORATION, | JURY TRIAL DEMANDED |
| Defendants. | |

**DEFENDANTS' OFFER OF PROOF REGARDING EXCLUSION OF CUSTOMER
LETTERS AND JUSTIN CHIANG TESTIMONY**

*Of Counsel:*

Erik J. Olson
Colette Reiner Mayer
Pieter Sebastian de Ganon
Stephen Liu
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80212-5638
(303) 592-1500

Esther Kim Chang
Thomas J. Pardini
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Dated:  November 8, 2018

John G. Day (No. 2403)
Andrew C. Mayo (No. 5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants Fairchild Semiconductor
International, Inc., Fairchild Semiconductor
Corporation, and Fairchild (Taiwan) Corporation*

The Court's grant of PI's motion *in limine* no. 2 (D.I. 969-2) excluded Fairchild's letters to customers and testimony regarding Fairchild's awareness of the status of reexamination proceedings and litigation defenses as evidence of Fairchild's good-faith belief that the asserted patents were invalid.  (D.I 984 at 2.)  Pursuant to Federal Rule of Evidence 103(a)(2), Fairchild submits this offer of proof to identify the evidence it would have put before the jury if this evidence had been permitted at trial.

The testimonial and documentary evidence regarding the customer letters, if not excluded, would have shown that Fairchild did not induce customers to infringe and that Fairchild's behavior was not willful (D.I. 987), as follows:

- The customer letters were sent by the company's sales team to customers to keep them informed of developments regarding ongoing litigations.

- Fairchild had a reasoned belief that the ongoing reexaminations, which included multiple rejections of identical, substantially identical, and related claims to the claims in this lawsuit, supported Fairchild's belief that the asserted patent claims would ultimately be held invalid either by the Patent Office or through litigation. (*See, e.g.*, Ex.[1] A, PX-200 (FSG01244543).)

- After the Court entered an injunction, Fairchild complied with the terms of the injunction by sending letters to customers of the accused parts and informing them of the injunction, withdrawing indemnity, and explaining that U.S. importation would constitute infringement.  (Ex. B, DX-2206 (FSG02220749).)

- Specifically, after the injunction was entered, Fairchild told customers, "We no longer make, use, sell or offer for sale in the United States, or import into the United States, the products [at issue]."  (*Id.*)

- Fairchild only "continue[d] to sell [the products at issue] outside the U.S., on condition that, and with the understanding that, customers who purchase such

---

[1] All "Ex." references herein are exhibits attached to the Declaration of Thomas J. Pardini in Support of Defendants' Offer of Proof.

pa-1872202

products outside the U.S. will not import them into the U.S., either as individual

products or within customers' finished goods or products." (*Id.*)

As the Court recognized, "Fairchild's communications with its customers are relevant to

the issue of whether Fairchild induced those customers to infringe PI's patents" and "plainly

relevant" to this issue. (D.I. 984 at 3.) In addition, the probative value of the testimony is not

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury.

The Court also excluded evidence from Fairchild's executive, Justin Chiang, regarding

his high level knowledge of the status of the reexamination proceedings of the patents-in-suit and

his high level knowledge of the non-infringement and invalidity defenses Fairchild had against

the asserted patents. (Ex. C, 5/31/18 Chiang Dep. 22:23-24:1, 57:4-11, 69:5-70:14, 73:9-21,

76:4-21, 80:13-81:14, 97:11-22, 116:7-117:25.) As the executive running the business unit

responsible for the sales of the accused products in this case during the relevant time period,

Mr. Chiang's excluded testimony was relevant to the issues of inducement and willfulness. It

would have shown that the top decision-makers at the company, including the General Manager

of the PCIA division for the products at issue in this case, knew that identical or substantially

similar claims of the patents-in-suit had been rejected at the Patent Office and that Mr. Chiang

had been informed by his technical leads that they believed the accused products had a non-

infringing design to the patents-in-suit. As the Court recognized, Mr. Chiang had "general

knowledge of the status of [reexamination] proceedings, and even of the positions being

advocated in them," but excluded on the basis that it did "not equate to actual, subjective belief

by Fairchild." (D.I. 984 at 2.) The knowledge of invalidity and non-infringement defenses by a

key decision-maker within Fairchild—even if the knowledge was at a high level—has substantial

relevance to the issue of whether Fairchild was willful in its continued sales during the course of

the litigation.

2

Respectfully submitted,

*Of Counsel:*

Erik J. Olson
Colette Reiner Mayer
Pieter Sebastian de Ganon
Stephen Liu
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80212-5638
(303) 592-1500

Esther Kim Chang
Thomas J. Pardini
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Dated: November 8, 2018

*/s/ John G. Day*
John G. Day (No. 2403)
Andrew C. Mayo (No. 5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants Fairchild Semiconductor*
*International, Inc., Fairchild Semiconductor*
*Corporation, and Fairchild (Taiwan) Corporation*

3